UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 23-cv-01186-RS<br><br>**ORDER APPOINTING LEAD PLAINTIFF** |

## I. INTRODUCTION

For the reasons that follow, Menora Mivtachim Insurance Ltd. and Menora Mivtachim Pensions and Gemel Ltd. (together, "Menora") will be appointed lead plaintiff in this matter, and Pomerantz LLP will be appointed lead counsel.

## II. BACKGROUND

On March 16, 2023, AMI - Government Employees Provident Fund Management Company filed a complaint on behalf of a purported class of similarly situated shareholders against Alphabet, a multinational technology conglomerate holding company (and the parent company of Google and several former Google subsidiaries); as well as individual Defendants Sundar Pichai (Alphabet's CEO), Ruth M. Porat (Alphabet's CFO), and Philipp Schindler (Alphabet's SVP and Chief Business Officer). The Complaint alleges that between February 4, 2020 and January 23, 2023, Alphabet made materially false and misleading statements regarding its business, operations, and compliance policies—specifically, regarding Alphabet's

United States District Court
Northern District of California

misrepresentations and/or failure to disclose that it leveraged its dominance in the field of digital advertising to disadvantage those who used competing products, which was unsustainable anticompetitive conduct that would draw regulatory scrutiny. As a result, when Alphabet disclosed in January 2023 that it was the subject of an antitrust lawsuit brought by the United States Department of Justice and eight states, its stock price fell—by $2.09 and $2.00 (approximately 2%) for its Class A and Class C shares, respectively--damaging investors. On this basis, the Complaint alleged that Alphabet was liable for violations of the Securities Exchange Act.

On May 15, 2023, two putative class members each filed a motion seeking appointment of themselves as lead plaintiff and of their attorneys as lead counsel: Menora (represented by Pomerantz LLP) (Dkt. 22) and Edgar Vaynshteyn (represented by The Rosen Law Firm, P.A.) (Dkt. 19). On May 30, 2023, Vaynshteyn withdrew his motion (Dkt. 27). As a result, only Menora's motion for appointment as lead plaintiff remains.

## III. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §§ 78u-4 *et seq.*, governs the process by which a lead plaintiff is appointed. The PSLRA requires that "the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members" be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(I). The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" that (i) has either filed the complaint or made a motion in response to the published notice; (ii) in the determination of the court, has the largest financial interest in the relief sought; and (iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Ninth Circuit has articulated a three-step process for determining which plaintiff meets these criteria. *See In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002). First, the court must determine whether the first plaintiff to file an action issued a notice publicizing the pendency of the action. *Id.* at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)). Second, the court must decide which plaintiff has the most to gain financially from the lawsuit, and whether that plaintiff satisfies the

1  requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* at 730. The Rule 23 inquiry is
2  primarily concerned with the "typicality" and "adequacy" factors of Rule 23(a). *Id.* Finally, the
3  court must consider other class members' attempts to rebut the presumptive plaintiff's showing
4  that it satisfies Rule 23. *Id*. As long as the plaintiff with the largest financial interest satisfies the
5  typicality and adequacy requirements, and withstands any rebuttal attempt, it must be appointed
6  lead plaintiff. *Id.* at 732.

7  With respect to lead counsel, "[a] court generally should accept the lead plaintiff's choice
8  of counsel unless it appears necessary to appoint different counsel to protect the interests of the
9  class"; this determination involves "consider[ation] of the competency of class counsel as a part of
10 the lead plaintiff's adequacy assessment." *Moradpour v. Velodyne Lidar*, *Inc.*, 2021 WL 2778533,
11 at *2 (N.D. Cal. July 2, 2021).

## IV. DISCUSSION

Two movants—Menora and Vaynshteyn—originally filed for appointment as lead plaintiff. However, movant Vaynshteyn subsequently withdrew his motion, acknowledging that he did not appear to have the largest financial interest within the meaning of the PSLRA. Dkt. 27. In their respective briefing, it appears all movants have calculated financial interest based on the losses suffered. By that metric, Menora suffered a loss of approximately $66,248,484, Dkt. 22 at 3, as compared with $817,017.75 for Vaynshteyn. Dkt. 19 at 5.

In addition to suffering the greatest financial loss, Menora has also made a *prima facie* showing of typicality and adequacy. *See Hessefort v. Super Micro Computer*, *Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999) ("At this stage of the proceedings, nothing more than a preliminary showing [of adequacy and typicality] is required."). Menora's claims are typical of the class in that it alleges that Defendant made misleading statements about its operations, in violation of the Exchange Act. Menora claims it has significant relevant litigation experience from its prior service as a lead or co-lead plaintiff in other PSLRA actions, and has "signed Certifications declaring its commitment to protect the interests of the Class." Dkt. 22 at 10. At this stage, this showing is sufficient to find

United States District Court
Northern District of California

Order Appointing Menora as Lead Plaintiff
Case No. 23-cv-01186-RS

3

that Menora will vigorously prosecute the action on behalf of the class, satisfying the "adequacy" requirement of Rule 23. Because it has the greatest financial interest and preliminarily satisfies the two Rule 23 factors relevant at this stage, Menora is presumptively the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As Menora faces no opposition, this presumption holds.

Generally, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Menora selected Pomerantz LLP, which appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel. *See* Dkt. 22 at 11-12; Dkt. 22-6.

## V. CONCLUSION

For the reasons discussed above, Menora is appointed as lead plaintiff, and its designated attorneys at Pomerantz LLP are appointed as lead counsel.

**IT IS SO ORDERED**.

Dated: June 9, 2023

_____
RICHARD SEEBORG
Chief United States District Judge