BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
JON FOUGNER, State Bar No. 314097
jon.fougner@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Alphabet Inc., Google LLC,
Sundar Pichai, Ruth M. Porat, Philipp Schindler,
and Kent Walker*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALPHABET INC., GOOGLE LLC, SUNDAR PICHAI, RUTH M. PORAT, PHILIPP SCHINDLER, and KENT WALKER, <br><br> Defendants. | Case No.: 3:23-cv-01186-RS <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AMENDED COMPLAINT** <br><br> Date:      December 21, 2023 <br> Time:      1:30 p.m. <br> Location:  Courtroom 3 – 17th Floor <br> Judge:     Richard Seeborg |

Defendants Alphabet Inc. ("Alphabet" or the "Company"), Google LLC, Sundar Pichai, Ruth M. Porat, Philipp Schindler, and Kent Walker (collectively, "Defendants"), respectfully request that the Court consider documents submitted in support of their Motion to Dismiss ("Motion") Plaintiffs' Amended Complaint ("Complaint" or "¶").  The documents submitted are incorporated by reference into the Complaint or are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201.  True and correct copies of the documents described herein are attached to the accompanying Declaration of Elise Lopez ("Lopez Decl.").

**ARGUMENT**

## I.    THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE

Under the incorporation by reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.*  The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." *Id.*  On a motion to dismiss, this Court and others in this district regularly consider documents cited in complaints. *See, e.g.*, *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context"); *see also Jedrzejczyk v. Skillz Inc.*, 2022 U.S. Dist. LEXIS 117803, at *6 (N.D. Cal. July 5, 2022) (Seeborg, J.) (considering documents incorporated by reference).

Defendants request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Complaint:

### 1.  Alphabet's SEC Filings

- Ex. A: Alphabet's Form 10-K for the fiscal year ended December 31, 2019, publicly filed with the SEC on February 4, 2020, cited at ¶¶ 127-128, 168-169.

### 2.  Earnings Call Transcripts

- Ex. B: Alphabet's Q1 2020 Earnings Call Transcript dated April 28, 2020, cited at ¶¶ 129-130, 170-171.

- Ex. C: Alphabet's Q1 2021 Earnings Call Transcript dated April 27, 2021, cited at

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ISO MTD
CASE NO. 3:23-CV-01186-RS

¶¶ 148-149.

- Ex. D: Alphabet's Q2 2021 Earnings Call Transcript dated July 27, 2021, cited at ¶¶ 150-151.

- Ex. E: Alphabet's Q3 2021 Earnings Call Transcript dated October 26, 2021, cited at ¶¶ 152-153.

- Ex. F: Alphabet's Q4 2021 Earnings Call Transcript dated February 1, 2022, cited at ¶¶ 154-155.

- Ex. G: Alphabet's Q2 2022  Earnings Call Transcript dated July 26, 2022, cited at ¶¶ 158-159.

Separately from their incorporation by reference, these categories of documents are also properly subject to judicial notice.  Courts in this Circuit regularly take judicial notice of SEC filings, as they "are matters of public record, not subject to reasonable dispute, and available from sources whose accuracy cannot reasonably be questioned—the SEC's public website." *Hurst v. Enphase Energy, Inc.*, 2021 U.S. Dist. LEXIS 155188, at *8 (N.D. Cal. Aug. 17, 2021) (Freeman, J.); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings "was proper").

Earnings call transcripts are also proper subjects of judicial notice.  The Court may take judicial notice of publicly available transcripts of earnings calls and analyst conferences, because "the[ir] accuracy . . . is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 U.S. Dist. LEXIS 145696, at *5 (N.D. Cal. Aug. 24, 2018); *see also Kipling v. Flex Ltd.*, 2020 U.S. Dist. LEXIS 232631, at *21 (N.D. Cal. Dec. 10, 2020) (judicially noticing "transcripts from earnings calls, investor and analyst conferences, and related presentations").  "Moreover, [] they constitute the subject matter of the claim: [Defendant's] public statements." *Wochos*, 2018 U.S. Dist. LEXIS 145696 at *5–6 (taking judicial notice of an earnings call transcript despite plaintiffs' objections that it was not referenced in complaint).

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201, the Court may also consider documents that are properly the subject of judicial notice, such as those described below. *Mehedi v. View, Inc.*, 2023 U.S. Dist. LEXIS 89106, at *10 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true ***allegations that contradict matters properly subject to judicial notice*' or 'allegations

2

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ISO MTD
CASE NO. 3:23-CV-01186-RS

that are merely conclusory'"); *see also Wong v. Arlo Techs., Inc.*, 2019 U.S. Dist. LEXIS 226546, at *9 (N.D. Cal. Dec. 19, 2019) (same).

### 1. News Articles

Because publications such as newspapers and magazines offer "an indication of what information was in the public realm at the time," they "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). The contents of "publicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and thus such publications are "the proper subjects of judicial notice." *Paypal*, 620 F. Supp. 3d at 895; *see also Ikeda v. Baidu, Inc.*, 2021 U.S. Dist. LEXIS 67829, at *16 (N.D. Cal. Apr. 7, 2021) ("it is proper to take judicial notice of a news article"). Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. H: Natasha Singer, *The Next Privacy Battle in Europe Is Over This New Law*, The New York Times (May 27, 2018), https://www.nytimes.com/2018/05/27/technology/ europe-eprivacy-regulation-battle.html.

- Ex. I: Kif Leswing, *Google says Texas was wrong about its deal with WhatsApp — it's just a backup service*, CNBC (Dec. 17, 2020), https://www.cnbc.com/2020/12/16/ google-says-texas-was-wrong-about-its-deal-with-whatsapp.html.

### 2. Price Data of Publicly Traded Companies

The Court may therefore take judicial notice of Alphabet's historical stock prices and the value of the NASDAQ index "because they are 'subject to accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Kim v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS 87287, at *15 (N.D. Cal. May 23, 2019); *see also Metzler*, 540 F.3d at 1064 n.7 (judicial notice of stock prices "was proper" to show quick recoveries of stock price); *In re Finisar Corp.*, 542 F. Supp. 2d 980, 989 n.4 (N.D. Cal. 2008) (Whyte, J.) (closing prices of defendant's stock may be judicially noticed as they are "crucial to the plaintiff's claims").

Defendants request that the Court take judicial notice of the following document:

- Ex. J: Alphabet's stock price history and the value of the NASDAQ index for the period of November 2020 through April 2023, as reported by NASDAQ.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ISO MTD
CASE NO. 3:23-CV-01186-RS

For the foregoing reasons, Defendants respectfully request that the Court consider the herein-referenced documents in connection with the Motion.

Dated: September 21, 2023                Respectfully submitted,

                                         FRESHFIELDS BRUCKHAUS DERINGER US LLP

                                         By: */s/ Boris Feldman*
                                                 Boris Feldman

                                         *Attorneys for Defendants*

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ISO MTD
CASE NO. 3:23-CV-01186-RS