POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com

*Counsel for Plaintiffs and for the Proposed
Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, SUNDAR PICHAI, RUTH M. PORAT, PHILIPP SCHINDLER, and KENT WALKER<br><br>Defendants. | Case No. 3:23-CV-01186-RS<br><br><br>Date:       December 21, 2023<br>Time:       1:30 p.m.<br>Location:  Courtroom 3 – 17th Floor<br>Judge:      Richard Seeborg |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Lead Plaintiffs Menora Mivtachim Insurance Ltd. ("Menora Insurance") and Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions and Gemel" and, together with Menora Insurance, "Menora") and additional Named Plaintiffs AMI - Government Employees Provident Fund Management Company Ltd., City of Fort Lauderdale Police & Fire Retirement System, and More Mutual Funds Management (2013) Ltd. (collectively, "Plaintiffs") hereby oppose Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss the Amended Complaint (Dkt. 59) (the "Request").

## ARGUMENT

Defendants have moved the Court to judicially notice and consider several exhibits that Defendants rely on in support of their motion to dismiss. The purpose of Defendants' request is to use those materials to dispute the factual content of the Complaint and seek to draw inferences in *Defendants*' favor—which is patently improper at the pleading stage. Defendants' exhibits include, *inter alia*, Alphabet's SEC filings, earning calls transcripts, and news articles.[1] Notably, the news articles are not referenced in the Complaint. Defendants' Request ignores that while a court may take judicial notice of the existence and contents of public records, it may not take judicial notice of disputed facts stated therein or use those records to draw pleading-stage inferences adverse to the Plaintiffs on contested issues. As the Ninth Circuit has cautioned:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results. . . . [T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. **This risk is especially significant in SEC fraud matters, where . . . the defendants possess materials to which the plaintiffs do not yet have access. If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as**

[1] Plaintiffs acknowledge that it is appropriate for this Court to take judicial notice of Alphabet's historical stock prices and of stock price indexes such as NASDAQ. It appears, however, that Defendants' chart of the purported NASDAQ index does not match the NASDAQ prices. Accordingly, Plaintiffs seek judicial notice of the NASDAQ index for the following period: November 2020 to May 2023. *See* Plaintiffs' Request for Judicial Notice in Support of Their Opposition to Defendants' Motion to Dismiss the Amended Complaint.

**uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief**.

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1005 (9th Cir. 2018) (emphasis added) (citations omitted).  This is precisely how Defendants seek to use the material that they request the Court take judicial notice of—to present a factual counternarrative to the Complaint that is clearly inappropriate at the pleading stage.

Here, the two news articles are not referenced at all in the Complaint and, therefore, cannot be incorporated by reference therein. *See In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 763-64 (denying judicial notice of news articles not referenced in the complaint); *Busey v. Wells Fargo Bank NA*, 2019 WL 5425505, at *8 (W.D. Wash. Oct. 23, 2019) (incorporation-by-reference exception does not apply because documents not referenced in complaint). Judicial notice of these articles also is inappropriate when Defendants rely upon them to make highly disputable claims of "fact." For example, Defendants cite Exhibit H to argue that "the American Chamber of Commerce to the European Union characterized" the proposed European ePrivacy Regulation as "overly strict." (Mot. at 12). Defendants improperly inject this extraneous "fact" to argue that "Plaintiffs failed to allege the falsity of opinion statements about privacy." *Id*.

Likewise, Defendants cite Exhibit I to argue the fact-specific issue that "WhatsApp data lose their encryption when backed up to *any* third party app." (Mot. at 13 & n.15). Judicial notice of such obviously disputed issues is highly inappropriate. *See In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *4 n.12 (C.D. Cal. June 7, 2018) (rejecting defendants' request for judicial notice of news articles to show "the market understood" the alleged omissions because "the articles also may lack material facts about the omitted matters"); *Crago v. Charles Schwab & Co., Inc.*, 2017 WL 6550507, at *2 (N.D. Cal. Dec. 5, 2017) (Seeborg, J.) (declining to take judicial notice of trade confirmations and order file records not referenced in the complaint); *City of Royal Oak Ret. Sys.*

2

*v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059-60 (N.D. Cal. 2012) (declining to take judicial notice of analyst reports "not relied upon or referenced in the Amended Complaint"); *Patel v. Seattle Genetics, Inc.*, 2017 WL 4681380, at *3 (W.D. Wash. Oct. 18, 2017) (denying judicial notice of a medical journal article not referenced in the complaint and stating "[c]onsideration of this kind of factual evidence, related to a key fact in dispute, is inappropriate and unnecessary at the Rule 12(b)(6) stage.").

Moreover, while the earnings call transcripts and Alphabet's 2019 Form 10-K filing with the Securities and Exchange Commission were cited in the Complaint, the Court should not indulge Defendants' request to assume their remarks in a particular document were true, where such requests' purpose is to refute the falsity or misleading nature of misstatements from the very same documents that Plaintiffs allege were fraudulent. "'[A]ssuming the truth of all of Defendants' allegedly false or misleading statements' . . . would make it 'impossible ever to successfully plead a fraud claim.'" *Khoja*, 899 F.3d at 1015, quoting *In re ECOtality, Inc., Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014)); *see also In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Although courts generally assume a document's contents to be true on a motion to dismiss when that document is referenced in a complaint, the Court cannot do so when Plaintiffs' complaint alleges that these documents contain false or misleading statements.").

The Ninth Circuit in *Khoja* rejected the type of strategy Defendants employ here. Noting "[r]easonable people could debate what exactly this [investor] conference call disclosed" and "there is a reasonable dispute as to what the [transcript] establishes," the Court held that, "[t]o the extent that the district court judicially noticed the . . . investors' call transcript for the purpose for which [it] was offered, *i.e.*, to determine what the investors knew . . . the district court abused its

discretion." *Khoja*, 899 F.3d at 1000; *see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 775 (N.D. Cal. 2019) ("[F]or a transcript of a conference call, the court . . . may not take judicial notice of a fact mentioned in the transcript, because the substance 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes.'" (second alteration in original)). Simply put, Defendants' self-serving statements, especially those contained in the same documents as the alleged false statements, cannot be presumed to be true. Nor should the Court interpret those statements in Defendants' favor at the pleading stage.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Request. Plaintiffs further request that the Court decline to take judicial notice of disputed facts in any of Defendants' proffered exhibits and reject Defendants' factual interpretations and inferences drawn from those documents. To the extent the Court takes judicial notice and/or incorporates by reference certain exhibits, those exhibits should not be considered for the underlying truth of the matters asserted therein, nor used to create counternarratives, nor to resolve factual disputes in Defendants' favor.

Dated:  November 6, 2023

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
Dolgora Dorzhieva (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
ddorzhieva@pomlaw.com
vshteyn@pomlaw.com

4

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com


Orly Guy
Eitan Lavie
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7080 NW 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Fort Lauderdale Police & Fire Retirement System*

5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
- 3:23-cv-01186-RS