BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Alphabet Inc., Google LLC,*
*Sundar Pichai, Ruth M. Porat, Philipp Schindler,*
*and Kent Walker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>           v.<br><br>ALPHABET INC., GOOGLE LLC, SUNDAR PICHAI, RUTH M. PORAT, PHILIPP SCHINDLER, and KENT WALKER,<br><br>             Defendants. | Case No.: 3:23-cv-01186-RS<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      January 11, 2024<br>Time:     1:30 p.m.<br>Location:  Courtroom 3 – 17th Floor<br>Judge:    Richard Seeborg |

DEFENDANTS' REPLY ISO RJN
CASE NO. 3:23-CV-01186-RS

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ……………………………………………………………………………… 1

ARGUMENT …………………………………………………………………………………… 1

I.    PLAINTIFFS MAY NOT OPPOSE CONSIDERATION OF CHALLENGED STATEMENTS IN THEIR CONTEXT ………………………………………………………………………… 1

II.   NEWS ARTICLES REFLECTING PUBLICLY AVAILABLE INFORMATION ARE JUDICIALLY NOTICEABLE AND MAY BE PROPERLY CONSIDERED ON A MOTION TO DISMISS …………………………………………………………………………………... 2

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page**

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
    403 F. Supp. 3d 765 (N.D. Cal. 2019) …………………………………………………………... 2, 3

*Bos. Ret. Sys. v. Uber Techs., Inc.*,
    2020 U.S. Dist. LEXIS 141724 (N.D. Cal. Aug. 7, 2020) …………………………………….. 4

*Busey v. Wells Fargo Bank NA*,
    2019 U.S. Dist. LEXIS 184413 (W.D. Wash. Oct. 23, 2019) …………………………………... 3

*Carr v. Zosano Pharma Corp.*,
    2021 U.S. Dist. LEXIS 166197 (N.D. Cal. Sept. 1, 2021) ……………………………………... 2

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
    65 F. Supp. 3d 840 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017) …………………… 1

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    880 F. Supp. 2d 1045 (N.D. Cal. 2012) ……………………………………………………… 3

*Crago v. Charles Schwab & Co., Inc.*,
    2017 U.S. Dist. LEXIS 215871 (N.D. Cal. Dec. 5, 2017) ……………………………………… 3

*In re Eventbrite, Inc. Sec. Litig.*,
    2020 U.S. Dist. LEXIS 74651 (N.D. Cal. Apr. 28, 2020) ……………………………………… 1, 4

*In re Google Assistant Priv. Litig.*,
    457 F. Supp. 3d 797 (N.D. Cal. 2020) ………………………………………………………... 2, 3

*Huei-Ting Kang v. PayPal Holdings, Inc.*,
    620 F. Supp. 3d 884 (N.D. Cal. 2022) ……………………………………………………….... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ……………………………………………………………….… 1, 2

*In re Lyft Inc. Sec Litig.*,
    484 F. Supp. 3d 758 (N.D. Cal. 2020) ……………………………………………………….... 3

*Matrixx Initiatives, Inc. v. Siracusano*,
    563 U.S. 27 (2011) …………………………………………………………………………… 2, 3

*McGovney v. Aerohive Networks, Inc.*,
    2019 U.S. Dist. LEXIS 228702 (N.D. Cal. Aug. 7, 2019) ……………………………………… 1

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014) ………………………………………………………………… 2

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015) …………………………………………………………………………… 2

**Page**

*Patel v. Seattle Genetics, Inc.,*
   2017 U.S. Dist. LEXIS 172588 (W.D. Wash. Oct. 18, 2017) …………………………………... 3

*Prodanova v. H.C. Wainwright & Co., LLC,*
   2018 U.S. Dist. LEXIS 225334 (C.D. Cal. Dec. 11, 2018) ………………………………….... 3

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.,*
   551 U.S. 308 (2007) ………………………………………………………………………. 1, 2

*In re Twitter, Inc. Sec. Litig.,*
   506 F. Supp. 3d 867 (N.D. Cal 2020) ……………………………………………………… 2

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
   592 F.3d 954 (9th Cir. 2010) ……………………………………………………………… 3

**Other Authorities**

Fed. R. Evid. 201(b) ……………………………………………………………………….. 2

**INTRODUCTION**

In their Opposition to Defendants' Request for Judicial Notice ("RJN Opp."), Plaintiffs ask the Court to blindly accept conclusory allegations of facts that are unmarried to reality. RJN Opp. at 1. Courts ruling on motions to dismiss regularly recognize that judicial notice and incorporation by reference "have roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). As such, courts "must take into account plausible opposing inferences" and "consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322-23 (2007); *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 848 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017) (finding "publicly available SEC filings… appropriate for judicial notice" where the "[p]laintiff does not dispute their authenticity").

**ARGUMENT**

**I.    PLAINTIFFS MAY NOT OPPOSE CONSIDERATION OF CHALLENGED STATEMENTS IN THEIR CONTEXT**

Plaintiffs do not dispute that Alphabet's 2019 Form 10-K and earnings call transcripts "were cited in the [Amended] Complaint[;]" instead they ask the Court to ignore the context of the challenged statements and accept Plaintiffs' distortion of their meaning. RJN Opp. at 3. Indeed, the necessity of the Court reviewing challenged statements in context is illustrated by the fact that Plaintiffs have abandoned one of the statements they initially challenged, after Defendants' Motion to Dismiss exposed that it could not plausibly have the meaning Plaintiffs attributed to it when reviewed in context. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss at 12 n.11.

Plaintiffs overextend the holding in *Khoja* to argue that Defendants may not use incorporation by reference to "to present their own version of the facts at the pleading stage." RJN Opp. at 1. A court in this district has held that *Khoja* "did not eradicate the rule that alleged false statements 'must be analyzed in context'" and this Court is not prevented "from analyzing an alleged false statement in context." *In re Eventbrite, Inc. Sec. Litig.*, 2020 U.S. Dist. LEXIS 74651, at *24 (N.D. Cal. Apr. 28, 2020). *See also McGovney v. Aerohive Networks, Inc.*, 2019 U.S. Dist. LEXIS 228702, at *21 (N.D. Cal. Aug. 7, 2019) (quoting *Khoja*, 899 F.3d at 1002) ("The incorporation by reference doctrine

DEFENDANTS' REPLY ISO RJN                    1
CASE NO. 3:23-CV-01186-RS

'prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.'"). This is especially true in securities fraud cases, where courts must consider the "total mix" of information available to investors at the time of the alleged fraud to determine whether plaintiffs have satisfied the heightened standard of pleading falsity with particularity. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 196-97 (2015); *Tellabs*, 551 U.S. at 322-23; *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 43-44 (2011).

Plaintiffs' objection to incorporating by reference the earnings call transcripts lacks any support. Their reliance on *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F. Supp. 3d 765, 775 (N.D. Cal. 2019) is misplaced because it concerned judicial notice (*not* incorporation by reference) of documents not cited in the complaint. *See* RJN Opp. at 3-4. "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). Incorporated documents are treated "as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. Therefore, "the Court would be permitted to assume their contents' truth for purposes of a motion to dismiss." *Carr v. Zosano Pharma Corp.*, 2021 U.S. Dist. LEXIS 166197, at *24 n. 9 (N.D. Cal. Sept. 1, 2021).

II. **NEWS ARTICLES REFLECTING PUBLICLY AVAILABLE INFORMATION ARE JUDICIALLY NOTICEABLE AND MAY BE PROPERLY CONSIDERED ON A MOTION TO DISMISS[1]**

Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "fact[s] that [are] not subject to **reasonable** dispute" and "can be accurately and readily determined from sources whose accuracy cannot **reasonably** be questioned." Fed. R. Evid. 201(b) (emphasis added). Contrary to Plaintiffs' assertion that it is improper to consider news articles not cited in the Amended Complaint (RJN Opp. at 2), courts routinely take judicial notice of documents, such as news articles, that "reflect[] publicly available information about the company." *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n. 1 (N.D. Cal 2020); s*ee also In re Google Assistant Priv. Litig.*, 457 F. Supp.

---

[1] Plaintiffs do not dispute that the Court may take judicial notice of Alphabet's historical stock prices and the value of the NASDAQ index. RJN Opp. at 1 n.1.

DEFENDANTS' REPLY ISO RJN
CASE NO. 3:23-CV-01186-RS

2

3d 797, 813 (N.D. Cal. 2020) (taking judicial notice of a news article "to indicate what was in the public realm at the time"); *Prodanova v. H.C. Wainwright & Co., LLC*, 2018 U.S. Dist. LEXIS 225334, at *8 (C.D. Cal. Dec. 11, 2018) (taking judicial notice of news articles because they were "published on public websites … that show[ed] a date of publication"). These types of public statements contribute to the "total mix" of market information and are thus relevant to assessing Plaintiffs' claims. *See Siracusano*, 563 U.S. at 43-44.

Plaintiffs object to the Court taking judicial notice of news articles that provide much-needed context as to "what information was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). But many of Plaintiffs' authorities do not concern contents of "publicly accessible websites and news articles,"[2] contain no discussion as to why the court dismissed the request for judicial notice[3], and are not even securities fraud cases.[4] *Huei-Ting Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 895 (N.D. Cal. 2022).

Plaintiffs inaccurately claim that the purpose of Defendants' request for judicial notice is "to present a factual counternarrative to the [Amended] Complaint." RJN Opp. at 2. In fact, Defendants request judicial notice for the proper purpose of challenging Plaintiffs' *conclusory* (and often patently false) allegations and "provid[ing] a basis for [Defendants'] argument that Plaintiffs sometimes inaccurately characterize the contents of those documents." *PayPal*, 620 F. Supp. 3d at 896 ("[W]here the complaint makes conclusory allegations that are contradicted by documents referred to

---

[2] *See Crago v. Charles Schwab & Co., Inc.*, 2017 U.S. Dist. LEXIS 215871, at *6 n.2 (N.D. Cal. Dec. 5, 2017) (declining to take judicial notice of trade confirmations and order file records); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059-60 (N.D. Cal. 2012) (finding it unnecessary to take judicial notice of analyst reports "[b]ecause the Court need not rely on [them] . . . in ruling on the pending motions to dismiss"); *Patel v. Seattle Genetics, Inc.*, 2017 U.S. Dist. LEXIS 172588, at *9 (W.D. Wash. Oct. 18, 2017) (denying defendnats' request to take judicial notice of a medical journal article).

[3] *See In re Lyft Inc. Sec Litig.*, 484 F. Supp. 3d 758, 763-64 (N.D. Cal. 2020) (providing no analysis as to why news articles were "not… relevant to the Court's analysis"); *Busey v. Wells Fargo Bank NA*, 2019 U.S. Dist. LEXIS 184413, at *22-23 (W.D. Wash. Oct. 23, 2019) (defendants requested the court to consider material outside the pleadings "under the 'incorporation-by-reference' exception").

[4] Plaintiffs challenge the common practice of judicial notice in securities fraud class actions by citing non-securities fraud cases. *See Baird*, 403 F. Supp. 3d at 774 (ERISA case); *Busey*, 2019 U.S. Dist. LEXIS 184413, at *12 (negligence and contracts case).

or incorporated in the complaint, a court may decline to accept such conclusory allegations as true.") (citation omitted).  *See supra* 1 (noting Plaintiffs' abandoned claim); *see also Eventbrite*, 2020 U.S. Dist. LEXIS 74651, at *24 (defendants are not prevented "from using . . . judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations") (emphasis in original); *see also Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 U.S. Dist. LEXIS 141724, at *7-8 (N.D. Cal. Aug. 7, 2020) (taking judicial notice of news articles to show information available to the market).

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Request.

Dated: December 11, 2023                         Respectfully submitted,

FRESHFIELDS BRUCKHAUS DERINGER US LLP

By:  */s/ Boris Feldman*
          Boris Feldman

*Attorneys for Defendants*