BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
ELENA HADJIMICHAEL, State Bar No. 355715
elena.hadjimichael@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Alphabet Inc., Google LLC,*
*Sundar Pichai, Ruth M. Porat, Philipp Schindler,*
*and Kent Walker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, SUNDAR PICHAI, RUTH M. PORAT, PHILIPP SCHINDLER, and KENT WALKER,<br><br>Defendants. | Case No.: 3:23-cv-01186-RFL<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:        Tuesday, Feb. 11, 2025<br>Time:        10:00 AM<br>Location:    Courtroom 15 – 18th Floor<br>Judge:       Rita F. Lin |

DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*Baird v. Samsung Elecs. Am., Inc.*,
2018 U.S. Dist. LEXIS 225931 (C.D. Cal. July 20, 2018) ...........................................2

*D'Angelo v. FCA US, LLC*,
2024 U.S. Dist. LEXIS 70298 (S.D. Cal. Mar. 28, 2024) ........................................ 4

*Fed. Trade Comm'n v. LendingClub Corp.*,
2018 U.S. Dist. LEXIS 24658 (N.D. Cal. Oct. 3, 2018) .......................................... 3

*Good Meat Project v. GOOD Meat, Inc.*,
716 F.Supp.3d 783 (N.D. Cal. 2024) ......................................................... 3

*Huei-Ting Kang v. Paypal Holdings, Inc.*,
620 F. Supp. 3d 884 (N.D. Cal. 2022) ....................................................... 1

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) .............................................................. 1

*Kim v. Advanced Micro Devices, Inc.*,
2019 U.S. Dist. LEXIS 87287 (N.D. Cal. May 23, 2019) .......................................4

*Kim v. Allakos Inc.*,
2022 U.S. Dist. LEXIS 60231 (N.D. Cal. Mar. 31, 2022) .......................................3

*Lamontagne v. Tesla, Inc.*,
2024 U.S. Dist. LEXIS 178030 (N.D. Cal. Sept. 30, 2024) ....................................2

*Lexos Med. IP, LLC v. eBay Inc.*,
2024 U.S. Dist. LEXIS 93800 (N.D. Cal. Mar. 22, 2024) ...................................... 1

*Margolis v. Apple Inc.*,
2024 U.S. Dist. LEXIS 145238 (N.D. Cal. Aug. 6, 2024) ...................................... 1

*Mehedi v. View, Inc.*,
2023 U.S. Dist. LEXIS 89106 (N.D. Cal. May 22, 2023) .......................................3

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049 (9th Cir. 2008) .............................................................5

*Park v. GoPro, Inc.*,
2019 U.S. Dist. LEXIS 42961 (N.D. Cal. Mar. 15, 2019) .......................................2

*Smith v. YETI Coolers, LLC*,
2024 U.S. Dist. LEXIS 194481 (N.D. Cal. Oct. 21, 2024) ...................................... 2

DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

**Page**

*Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.,*
    2024 U.S. Dist. LEXIS 48664 (C.D. Cal. Mar. 18, 2024) …………………………………....3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ……………………………………………………………….....1

*United States v. Ritchie,*
    342 F.3d 903 (9th Cir. 2003) ……………………………………………………….2

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
    592 F.3d 954 (9th Cir. 2010) ……………………………………………….………3

*Whitesides v. E\*TRADE Secs., LLC,*
    2021 U.S. Dist. LEXIS 46082 (N.D. Cal. Mar. 11, 2021) …………………………………1

**Rules**

Fed. R. Evidence 201 ……………………………………………………………….1, 3

DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

Defendants respectfully request that the Court consider documents submitted in support of their Motion to Dismiss ("Motion") Plaintiffs' Second Amended Complaint ("SAC" or "¶"). True and correct copies of the documents described herein are attached as exhibits to the accompanying Declaration of Elise Lopez.

### ARGUMENT

When considering a motion to dismiss a claim under the federal securities laws, courts "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The exhibits referenced below are properly considered in connection with the Motion because they are either (a) incorporated by reference into the Complaint, or (b) are appropriate subjects of judicial notice pursuant to Federal Rule of Evidence 201.

### A. The Court May Consider Documents Incorporated by Reference

Under the incorporation-by-reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* On motions to dismiss, this Court and others in this District regularly consider documents cited in complaints. *See, e.g., Lexos Med. IP, LLC v. eBay Inc.*, 2024 U.S. Dist. LEXIS 93800, at *7 n.3 (N.D. Cal. Mar. 22, 2024) (incorporating by reference document where "[t]he SAC quote[d] and heavily relie[d]" on it and "[t]he parties d[id] not dispute its authenticity or relevance") (Lin, J.); *Huei-Ting Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context").

#### a. Network Bidding Agreement Underlying Allegations

Contracts and other agreements are proper subjects of incorporation by reference. *See Margolis v. Apple Inc.*, 2024 U.S. Dist. LEXIS 145238, at *8–9 (N.D. Cal. Aug. 6, 2024) (incorporating by reference Apple's iOS 15 Software License Agreement); *see also Whitesides v.*

-1-
DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

*E*TRADE Secs., LLC*, 2021 U.S. Dist. LEXIS 46082, at *8 n.3 (N.D. Cal. Mar. 11, 2021) (incorporating by reference a customer agreement); *Baird v. Samsung Elecs. Am., Inc.*, 2018 U.S. Dist. LEXIS 225931, at *10–11 (C.D. Cal. July 20, 2018) (incorporating by reference a purchase agreement and disclaimers contained therein). Accordingly, Defendants request that the Court consider the following agreement because it is referenced in the SAC:

- Ex. B: Network Bidding Agreement executed between Google LLC; Google Ireland Limited; Facebook, Inc.; and Facebook Ireland Limited on September 24, 2018, referenced at ¶¶ 5, 97–109, 170, 183, 186, 191, 194, 207, 210.

**b. Google Website Pages Containing Challenged Statements**

Where a complaint references content or writings on a defendant company's website, the Court may consider that web content incorporated by reference. *See Smith v. YETI Coolers, LLC*, 2024 U.S. Dist. LEXIS 194481, at *8 n.2 (N.D. Cal. Oct. 21, 2024) (incorporating by reference web content where "complaint ma[de] allegations regarding [its] existence and content") (Lin, J.). Such consideration is particularly appropriate in securities cases where the cited content is the source material of the challenged statements at issue. *See Lamontagne v. Tesla, Inc.*, 2024 U.S. Dist. LEXIS 178030, at *8 (N.D. Cal. Sept. 30, 2024) ("Because the FAC alleges misstatements based on Tesla's website . . . they are incorporated by reference"); *accord United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (documents "may be incorporated by reference into a complaint if . . . the document forms the basis of the plaintiff's claim[]"); *Park v. GoPro, Inc.*, 2019 U.S. Dist. LEXIS 42961, at *18–19 (N.D. Cal. Mar. 15, 2019) (incorporating by reference a document that "includes many of the allegedly misleading statements . . . and thereby forms the basis of the AC"). Accordingly, the Court may consider the following materials from Google's website because they are relied upon, quoted, and/or referenced in the SAC:

- Ex. E: Google's webpage titled "How Open Bidding Works," as captured by the Wayback Machine on September 29, 2020, cited at ¶¶ 179, 184.
- Ex. F: Google's webpage titled "How Open Bidding Works," as captured by the

-2-
DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

Wayback Machine on November 25, 2020, cited at ¶¶ 187, 192.[1]

- Ex. G: Google's webpage titled "How Open Bidding Works," as captured by the Wayback Machine on February 1, 2022, cited at ¶¶ 203, 208.

**B. The Court May Take Judicial Notice of Public Information**

Pursuant to Federal Rule of Evidence 201, the Court may also consider documents that are properly the subject of judicial notice where they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Good Meat Project v. GOOD Meat, Inc.*, 716 F.Supp.3d 783, 806 (N.D. Cal. 2024) (Lin, J.); *see also Mehedi v. View, Inc.*, 2023 U.S. Dist. LEXIS 89106, at *10 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court need "not accept as true **allegations that contradict matters properly subject to judicial notice**.").

**a. Press Releases, Academic and News Articles, and Other Public Materials**

Press releases, news publications, academic articles, and other publicly available materials are proper subjects of judicial notice for purposes of determining what information was publicly available at the time. *See Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2024 U.S. Dist. LEXIS 48664, at *4–5 & n.3 (C.D. Cal. Mar. 18, 2024) (taking judicial notice of publicly available press releases to show "that information was disclosed to the market in these press releases"); *see also Kim v. Allakos Inc.*, 2022 U.S. Dist. LEXIS 60231, at *9–10 (N.D. Cal. Mar. 31, 2022) (taking judicial notice of "academic and news articles" in securities class action); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time'"). Judicial notice is appropriate for both real-time internet content as well as historical web content captured through the Wayback Machine. *See Fed. Trade Comm'n v. LendingClub Corp.*, 2018 U.S. Dist. LEXIS 24658, at *12 (N.D. Cal. Oct. 3, 2018) ("Courts in this circuit have noted that the Wayback Machine is [] a

---

[1] The Wayback Machine periodically archives webpages, capturing changes to their form and content over time. Here, the relevant webpage was archived on November 25, 2020, and was not subsequently archived until after February 1, 2021. As between the two archived versions, the language referenced by the SAC did not change. As such, citations in the SAC to the webpage as it appeared on February 1, 2021 should be treated as referring to the November 25, 2020 Wayback Machine webpage.

-3-

DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

source . . . whose accuracy cannot reasonably be questioned[]"); *D'Angelo v. FCA US, LLC*, 2024 U.S. Dist. LEXIS 70298, at *12 (S.D. Cal. Mar. 28, 2024) (taking judicial notice of Wayback Machine screenshots "as to their existence on the date the webpages were captured or last accessed"). Accordingly, Defendants request that the Court consider the following publicly available documents, several of which[2] are additionally incorporated by reference into the SAC:

- Ex. A: Djordje Gligorijevic et al., *Bid Shading in the Brave New World of First-Price Auctions*, PROCEEDINGS OF THE 29TH ACM INT'L CONF. ON INFO. AND KNOWLEDGE MGMT. (Oct. 19–23, 2020), https://arxiv.org/abs/2009.01360.

- Ex. C: Sam Cox, *Simplifying programmatic: first price auctions for Google Ad Manager*, GOOGLE (Mar. 6, 2019), https://blog.google/products/admanager/simplifying-programmatic-first-price-auctions-google-ad-manager/.

- Ex. D: Jason Bigler, *Rolling out first price auctions to Google Ad Manager partners*, GOOGLE (Sept. 5, 2019), https://blog.google/products/admanager/rolling-out-first-price-auctions-google-ad-manager-partners/.

- Ex. E: Google's webpage titled "How Open Bidding Works," as captured by the Wayback Machine on September 29, 2020.

- Ex. F: Google's webpage titled "How Open Bidding Works," as captured by the Wayback Machine on November 25, 2020.

- Ex. G: Google's webpage titled "How Open Bidding Works," as captured by the Wayback Machine on February 1, 2022.

- Ex. H: Google's current webpage titled "How Open Bidding Works," available at https://support.google.com/admanager/answer/7128958?hl=en (last visited Nov. 8, 2024).

**b. Price Data of Publicly Traded Companies**

The historical stock price data of publicly traded companies may be judicially noticed, as "they are subject to accurate and ready determination by resort[ing] to sources whose accuracy cannot reasonably be questioned." *Kim v. Advanced Micro Devices, Inc.*, 2019 U.S. Dist. LEXIS

---

[2] Specifically, Exhibits E, F, and G are incorporated by reference. *See supra.*

-4-

DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL

87287, at *15 (N.D. Cal. May 23, 2019); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of stock prices "was proper" to show quick recoveries of stock price). As such, Defendants request that the Court consider the following data:

- Ex. I: Alphabet's stock price history and the value of the NASDAQ index for the period of November 2020 through April 2023, as reported by NASDAQ.

* * *

For the foregoing reasons, Defendants respectfully request that the Court consider the herein-referenced documents in connection with their Motion to Dismiss.

Dated: November 8, 2024                         FRESHFIELDS US LLP

By: */s/ Boris Feldman*
        Boris Feldman

*Attorneys for Defendants Alphabet Inc., Google LLC, Sundar Pichai, Ruth M. Porat, Philipp Schindler, and Kent Walker*

-5-
DEFS' RJN ISO MOTION TO DISMISS SECOND AMENDED COMPL.
CASE NO. 3:23-CV-01186-RFL