POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>                    v.<br><br>ALPHABET INC., GOOGLE LLC, SUNDAR PICHAI, RUTH M. PORAT, PHILIPP SCHINDLER, and KENT WALKER<br><br>                              Defendants. | Case No. 3:23-CV-01186-RFL<br><br><br>Date:        Tuesday, Feb. 11, 2025<br>Time:       10:00 AM<br>Location:  Courtroom 15 – 18th Floor<br>Judge:      Rita F. Lin |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Lead Plaintiffs Menora Mivtachim Insurance Ltd. ("Menora Insurance") and Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions and Gemel" and, together with Menora Insurance, "Menora") and additional Named Plaintiffs AMI - Government Employees Provident Fund Management Company Ltd., City of Fort Lauderdale Police & Fire Retirement System, and More Mutual Funds Management (2013) Ltd. (collectively, "Plaintiffs") hereby oppose Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss the Second Amended Complaint (Dkt. No. 95) (the "Request").

## ARGUMENT

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). There are two exceptions to this rule: (1) "the incorporation-by-reference doctrine" and (2) "judicial notice under Federal Rule of Evidence 201." *Id*. Both exceptions are limited in scope. In *Khoja*, a case like this one involving securities fraud claims, the Ninth Circuit expressed concern about the practice in securities cases, similar to what Defendants seek to accomplish here, of "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage":

> The overuse and improper application of judicial notice and the incorporation-by reference doctrine … can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id*. Defendants ask the Court to consider several exhibits on which they rely in support of their motion to dismiss, including one academic article titled *Bid Shading in the Brave New World of First-Price Auctions*. This article is not referenced in the Second Amended Complaint ("SAC"), rendering the incorporation-by-reference doctrine inapplicable. *See In re Lyft Inc. Sec. Litig.*, 484

F. Supp. 3d 758, 763-64 (N.D. Cal. 2020) (refusing to consider news articles not referenced in the complaint).

Neither is the article subject to judicial notice. "[T]he kind of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2008 WL 346421, at *8 (S.D. Cal. Feb. 6, 2008). Courts routinely deny requests to notice academic articles or similar reports. *See, e.g.*, *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059-60 (N.D. Cal. 2012) (declining to take judicial notice of analyst reports "not relied upon or referenced in the Amended Complaint"); *Patel v. Seattle Genetics, Inc.*, 2017 WL 4681380, at *3 (W.D. Wash. Oct. 18, 2017) (denying judicial notice of a medical journal article not referenced in the complaint, explaining that "[c]onsideration of this kind of factual evidence, related to a key fact in dispute, is inappropriate and unnecessary at the Rule 12(b)(6) stage."). Notably, Defendants impermissibly seek judicial notice of the article to dispute Plaintiffs' allegations in the Second Amended Complaint. Their request should be swiftly denied. *Khoja*, 899 F.3d at 998-99 (a court may not take judicial notice of disputed facts or use those documents to draw pleading-stage inferences adverse to the Plaintiffs on contested issues).

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Request insofar as it references documents that are not mentioned in the Complaint and which do not form the basis of Plaintiffs' claims (as those documents are not "incorporated by reference"). Plaintiffs further request that the Court decline to take judicial notice of disputed facts in any of Defendants' proffered exhibits and reject Defendants' factual interpretations and inferences drawn from those

2

documents. To the extent the Court takes judicial notice and/or incorporates by reference certain exhibits, those exhibits should not be considered for the underlying truth of the matters asserted therein, nor used to create counternarratives. Moreover, those exhibits should not be used to resolve factual disputes in Defendants' favor.

Dated:  December 23, 2024

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice)*
Villi Shteyn (admitted *pro hac vice)*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
vshteyn@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Orly Guy
Eitan Lavie
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**

3

Robert D. Klausner
7080 NW 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Fort Lauderdale Police & Fire Retirement System*

4