BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Alphabet Inc., Google LLC,*
*Sundar Pichai, Ruth M. Porat, Philipp Schindler,*
*and Kent Walker*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, SUNDAR PICHAI, RUTH M. PORAT, PHILIPP SCHINDLER, and KENT WALKER,<br><br>Defendants. | Case No.: 3:23-cv-01186-RFL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date:      Tuesday, March 4, 2025<br>Time:      10:00 AM<br>Location:   Courtroom 15 – 18th Floor<br>Judge:     Rita F. Lin |

DEFS' REPLY ISO RJN
CASE NO. 3:23-CV-01186-RFL

**TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
    880 F. Supp. 2d 1045 (N.D. Cal. 2012).......................................................................................... 1

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
    527 F. Supp. 3d 1151 (N.D. Cal. 2021).......................................................................................... 2

*In re Facebook, Inc. Sec. Litig.*,
    405 F. Supp. 3d 809 (N.D. Cal. 2019)........................................................................................... 3

*Garcia v. J2 Glob., Inc.*,
    2021 U.S. Dist. LEXIS 78853 (C.D. Cal. Mar. 5, 2021)................................................................. 3

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)..........................................................................................................1

*Kim v. Allakos Inc.*,
    2022 U.S. Dist. LEXIS 60231 (N.D. Cal. Mar. 31, 2022)...............................................................1

*Kipling v. Flex Ltd.*,
    2020 U.S. Dist. LEXIS 232631 (N.D. Cal. Dec. 10, 2020).........................................................1, 2

*In re LexinFintech Holdings Ltd. Sec. Litig.*,
    2021 U.S. Dist. LEXIS 226732 (D. Or. Nov. 24, 2021).................................................................. 2

*Loc. Ventures & Invs., LLC v. Open Found.*,
    2019 U.S. Dist. LEXIS 226873 (N.D. Cal. Feb. 26, 2019)............................................................. 3

*Mackey v. Wash. Mut. Bank*,
    2019 U.S. Dist. LEXIS 128004 (C.D. Cal. May 23, 2019)............................................................. 3

*Mehedi v. View, Inc.*,
    2023 U.S. Dist. LEXIS 89106 (N.D. Cal. May 22, 2023)......................................………. 1

*Mullins v. Int'l Bhd. of Teamsters*,
    2024 U.S. Dist. LEXIS 21930 (N.D. Cal. Feb. 7, 2024)................................................................. 3

*Patel v. Seattle Genetics, Inc.*,
    2017 U.S. Dist. LEXIS 172588 (W.D. Wash. Oct. 18, 2017)..........................................................1

*In re Questcor Sec. Litig.*,
    2013 U.S. Dist. LEXIS 142865 (C.D. Cal. Oct. 1, 2013)................................................................2

*In re Splunk Inc. Sec. Litig.*,
    592 F. Supp. 3d 919 (N.D. Cal. 2022)........................................................................................... 3

*In re Tibco Software, Inc. Sec. Litig.*,
    2006 U.S. Dist. LEXIS 75120 (N.D. Cal. Sept. 29, 2006)............................................................. 1

-i-

**ARGUMENT**

**I.    The Court May Take Judicial Notice of Exhibit A, an Article Explaining Bid Shading**

Plaintiffs' sole specific objection is to Defendants' Exhibit A, an academic article providing a technical explanation of bid shading,[1] a bid optimization approach referred to throughout the SAC.[2] RJN Opp. at 2–3. This article is the appropriate subject of judicial notice as it supplies important "accompanying context regarding" Plaintiffs' allegations regarding bid optimization in programmatic advertising auctions. *Kipling v. Flex Ltd.*, 2020 U.S. Dist. LEXIS 232631, at *21–22 (N.D. Cal. Dec. 10, 2020) (granting defendants' request for judicial notice and incorporation by reference). For this reason, courts in this district agree that "academic and news articles . . . are the types of documents that would be subject to judicial notice[.]" *Kim v. Allakos Inc.*, 2022 U.S. Dist. LEXIS 60231, at *9–10 (N.D. Cal. Mar. 31, 2022); *see also In re Tibco Software, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 75120, at *3 n.1 (N.D. Cal. Sept. 29, 2006) (taking judicial notice of a "scholarly article" where its "authenticity [was] not disputed.").

Plaintiffs do not challenge Exhibit A's authenticity or accuracy, but instead argue incorrectly that Defendants rely on the article to "dispute Plaintiffs' allegations." RJN Opp. at 2.[3] Rather, Defendants supply the article because Plaintiffs omit any technical explanation of bid shading from the SAC despite referring to the practice throughout, *see supra* 1 n.2, and the article provides critical context for Plaintiffs' allegations. *Mehedi v. View, Inc.*, 2023 U.S. Dist. LEXIS 89106, at *10 (N.D.

---

[1] Exhibit A is a conference paper titled *Bid Shading in the Brave New World of First-Price Auctions*, published by seven computer scientists and engineers. RJN at 3–4.
[2] The SAC uses the words "lower[ing]" or "reduc[ing]" instead of the industry term of art: "shading." *See, e.g.*, ¶¶ 85, 168, 181.
[3] Plaintiffs' cases are inapposite. They misleadingly cite them as support for denying judicial notice while quoting the portions of the opinions addressing incorporation by reference. Additionally, the courts in both cases granted judicial notice. The court in *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.* only declined to judicially notice where it did "not [need to] rely on the various analyst reports" to dismiss the complaint, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012), while the court in *Patel v. Seattle Genetics, Inc.* granted defendants' request for judicial notice except where materials "related to a *key fact in dispute*," 2017 U.S. Dist. LEXIS 172588, at *9 (W.D. Wash. Oct. 18, 2017).

-1-

DEFS' REPLY ISO RJN
CASE NO. 3:23-CV-01186-RFL

Cal. May 22, 2023) ("[A] complaint . . . must contain sufficient factual matter[.]"); *compare* ¶¶ 38–57 (omitting any explanation of bid shading) *with* MTD at 3 (providing an overview of bid shading).[4]

## II. Defendants' Other Exhibits Properly Show the Existence (or Lack) of Contract Terms and Reveal the Full Context of the Challenged Statements

Plaintiffs do not articulate specific objections with respect to any of Defendants' other exhibits, yet broadly charge Defendants with "exploiting [the incorporation-by-reference doctrine and judicial notice.]" RJN Opp. at 1 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)). Further, without identifying a single offending exhibit or single instance of improper use within the Motion to Dismiss, they urge the Court to "decline to take judicial notice of disputed facts in any of Defendants' proffered exhibits and reject Defendants' factual interpretations and inferences drawn from those documents[.]" RJN Opp. at 2–3. But far from seeking "improperly to defeat what would otherwise constitute adequately stated claims[,]'" *id.* at 1 (quoting *Khoja*, 899 F.3d at 998), the exhibits are merely offered to assist the Court in avoiding "accept[ing] as true allegations that contradict matters properly subject to judicial notice" and "conclusory, unwarranted deductions of fact[.]" *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 527 F. Supp. 3d 1151, 1171 (N.D. Cal. 2021). The exhibits fall into three categories, and are properly incorporated by reference, subject to judicial notice, or both:

**Challenged statement source documents.** *See* Lopez Decl., Exs. E–G. The Court is entitled to "the full unabridged statements cited by Plaintiff[s] and accompanying context regarding [the challenged] statements." *Kipling*, 2020 U.S. Dist. LEXIS 232631, at *21–22; RJN at 1, 3. These are of particular importance in a securities fraud suit, like here, in which the company's disclosures are the crux of the suit. *In re LexinFintech Holdings Ltd. Sec. Litig.*, 2021 U.S. Dist. LEXIS 226732, at *11–12 (D. Or. Nov. 24, 2021) (in securities fraud class actions, "court[s] may consider the full text of the relevant documents to determine whether the plaintiffs have alleged material misrepresentations or omissions").

---

[4] Further, the conference during which the paper was presented, the 29th ACM International Conference on Information and Knowledge Management, took place virtually between October 19th and October 23rd, 2020. Exhibit A is therefore relevant, publicly-available information that was available to the market during the Class Period. ¶ 1 (Plaintiffs' Class Period runs from February 4, 2020 through January 23, 2023); *In re Questcor Sec. Litig.*, 2013 U.S. Dist. LEXIS 142865, at *3 (C.D. Cal. Oct. 1, 2013) (judicially noticing "articles [] from various sources published during and immediately following the Class Period").

-2-

DEFS' REPLY ISO RJN
CASE NO. 3:23-CV-01186-RFL

**2018 Network Bidding Agreement foundational to SAC.** *See* Lopez Decl., Ex. B. Plaintiffs are unable to contest that, as a document core to their allegations, the Agreement is incorporated by reference. RJN at 1–2. Moreover, the Court may take judicial notice of "the existence and terms of [the] [A]greement[,]" which are referenced heavily in the SAC. *Mackey v. Wash. Mut. Bank*, 2019 U.S. Dist. LEXIS 128004, at *6 (C.D. Cal. May 23, 2019). That the Agreement is a publicly-available document, for which "authenticity and accuracy" are undisputed, is another reason it may be judicially noticed. *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022); *In re Facebook, Inc. Sec. Litig.,* 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) ("[I]t is proper for this Court to take judicial notice of . . . publicly available documents."). Plaintiffs here do not contest that Exhibit B is the accurate, authentic Network Bidding Agreement. *Mullins v. Int'l Bhd. of Teamsters*, 2024 U.S. Dist. LEXIS 21930, at *3–4 (N.D. Cal. Feb. 7, 2024) (judicially noticing an agreement where "Plaintiffs d[id] not challenge these documents in any way; there [was], *e.g.*, no claim that the documents [were] not authentic.").

**Blogposts identifying the dates of changes to Google Ad Manager.** *See* Lopez Decl., Exs. C–D. The Court may consider Google's historical blogposts for the purpose of showing that an event occurred or that a condition was present on a certain date. *Garcia v. J2 Glob., Inc.*, 2021 U.S. Dist. LEXIS 78853, at *23 (C.D. Cal. Mar. 5, 2021) ("The existence of these pages in the public realm on the relevant dates is not subject to reasonable dispute[.]"); *Loc. Ventures & Invs., LLC v. Open Found.*, 2019 U.S. Dist. LEXIS 226873, at *18 n.1 (N.D. Cal. Feb. 26, 2019) (taking "judicial notice of the date and contents of [a] blog post[]" published on a "website[] maintained by [a] part[y]"). These blogposts note changes to Google Ad Manager and the dates of those changes. *See* MTD at 4.

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Request for Judicial Notice.

Dated: January 21, 2025

FRESHFIELDS US LLP

By: */s/ Boris Feldman*
      Boris Feldman

*Attorneys for Defendants Alphabet Inc., Google LLC, Sundar Pichai, Ruth M. Porat, Philipp Schindler, and Kent Walker*

-3-

DEFS' REPLY ISO RJN
CASE NO. 3:23-CV-01186-RFL