BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELISE M. LOPEZ, State Bar No. 324199
elise.lopez@freshfields.com
ELENA HADJIMICHAEL, State Bar No. 355715
elena.hadjimichael@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., et al.,<br><br>          Plaintiff,<br><br>    v.<br><br>ALPHABET INC., et al.,<br><br>          Defendants. | Case No.: 3:23-cv-01186-RFL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

# TABLE OF ABBREVIATIONS[1]

| Abbreviation | Meaning |
|---|---|
| AdX | Google's ad exchange |
| Alphabet | Alphabet Inc. |
| Complaint | Plaintiffs' Second Amended Complaint for Violations of the Federal Securities Laws, filed September 24, 2024 (ECF No. 87) |
| Defendants | Alphabet Inc., Google LLC, and Sundar Pichai |
| DFP | DoubleClick for Publishers |
| Dismissed Claims | All claims and allegations except those related to the September 14, 2020 "channels" statement |
| DSP | Demand side platform |
| Facebook | Facebook, Inc., renamed Meta Platforms, Inc. in 2021 |
| GAM | Google Ad Manager, Google's ad server |
| Google | Google LLC |
| Judgment | Court's Judgment in a Civil Case in favor of Defendants Kent Walker, Philipp Schindler, and Ruth M. Porat against Plaintiffs, filed March 24, 2025 (ECF No. 109) |
| MTD Br. | Defendants' Motion to Dismiss Second Amended Complaint, filed November 8, 2024 (ECF No. 93) |
| MTD Order | Court's Order Granting in Part and Denying in Part Motion to Dismiss, filed March 24, 2025 (ECF No. 108) |
| MTD Reply Br. | Defendants' Reply in Support of Motion to Dismiss Second Amended Complaint, filed January 21, 2025 (ECF No. 101) |
| Plaintiffs | Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., AMI - Government Employees Provident Fund Management Company Ltd., City of Fort Lauderdale Police & Fire Retirement System, and More Mutual Funds Management (2013) Ltd. |
| SEC | Securities and Exchange Commission |
| September 14, 2020 "channels" statement | The only surviving statement after the Court's MTD Order: "The channel through which a bid is received does not otherwise affect the determination of the winning bidder" from Google's written testimony to Congress on September 14, 2020 |

---

[1] Except as noted, all capitalized terms used in this answer have the same meaning ascribed to them in the Complaint.

Defendants hereby answer Plaintiffs' Complaint.

On March 24, 2025, the Court issued the MTD Order. In it, the Court dismissed with prejudice all claims and allegations except those related to one sentence from Google's Submission in Response to Subcommittee Questions for the Record Following July 29, 2020 Hearing—the September 14, 2020 "channels" statement—and entered judgment in favor of Defendants Ruth Porat, Philipp Schindler, and Kent Walker. MTD Order at 1–2, 17–18. To the extent allegations in the Complaint pertain to any of the Dismissed Claims, Defendants deny all such allegations and aver that no response is required.

To the extent the allegations in the Complaint are derived from lawsuits brought by the Department of Justice or Attorneys General of several U.S. States, Defendants deny such allegations and note that Google is actively contesting the claims raised in those lawsuits.

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings and subheadings are not included herein. To the extent a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

To the extent not specifically admitted, each and every allegation of the Complaint is denied.

Defendants further answer the numbered paragraphs in the Complaint as follows.

1. Defendants admit in part and deny in part the allegations in Paragraph 1. Defendants admit that in Paragraph 1, Plaintiffs purport to assert various claims under the federal securities laws. Defendants deny that Plaintiffs have adequately stated a claim under any of those laws and deny that Defendants have violated any of those laws. Defendants deny the allegations in Paragraph 1 in all other respects.

2. Defendants admit in part and deny in part the allegations in Paragraph 2. Defendants admit that Alphabet is a publicly traded company that was formed in October 2015; that it is the indirect parent company of Google; that it is incorporated and existing under the laws of the State of Delaware; that it maintains its principal executive offices in Mountain View, California; and that its Class A and Class C shares are listed on the NASDAQ exchange in New York, New York under the symbols "GOOGL" and "GOOG," respectively. Defendants deny the allegations in Paragraph 2 in all

other respects.

3.      Defendants admit in part and deny in part the allegations in Paragraph 3. Defendants admit that Google operates an ad exchange used by advertisers and publishers and that it offers tools that advertisers can use to purchase display advertising inventory. Defendants also admit the existence of a document containing the quoted language, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 3 in all other respects.

4.      The allegations in Paragraph 4 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 4 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 4. Defendants admit the existence of public disclosures that the allegations in Paragraph 4 purport to reference, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to Alphabet and Google's public disclosures for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 4 in all other respects.

5.      The allegations in Paragraph 5 require no response to the extent they concern Mr. Schindler, as judgment was entered in his favor. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 5 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 5. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 5 in all other respects.

6. The allegations in Paragraph 6 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 6.

7. The allegations in sentences 2–5 of Paragraph 7 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. The remaining allegations in Paragraph 7 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the remaining allegations in Paragraph 7.

8. Defendants admit in part and deny in part the allegations in Paragraph 8. Defendants admit the existence of lawsuits brought by the Department of Justice and Attorneys General of several U.S. States, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available dockets of these lawsuits for a complete and accurate statement of the contents of the items on the dockets. Defendants deny the allegations in Paragraph 9 in all other respects.

9. Defendants admit in part and deny in part the allegations in Paragraph 9. Defendants admit the existence of a September 6, 2024 statement of objections issued by the UK Competition and Markets Authority and a June 13, 2023 statement of objections issued by the European Commission, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to these documents for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 9 in all other respects.

10. Defendants admit in part and deny in part the allegations in Paragraph 10. Defendants admit the existence of a September 6, 2024 statement of objections issued by the UK Competition and Markets Authority, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to this document for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 10 in all other respects.

11. Defendants admit in part and deny in part the allegations in Paragraph 11. Defendants

admit the existence of a September 6, 2024 statement of objections issued by the UK Competition and Markets Authority, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to this document for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 11 in all other respects.

12. Defendants admit in part and deny in part the allegations in Paragraph 12. Defendants admit the existence of a September 6, 2024 statement of objections issued by the UK Competition and Markets Authority, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to this document for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 12 in all other respects.

13. The allegations in Paragraph 13 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

14. The allegations in Paragraph 14 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

15. The allegations in Paragraph 15 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 15. Defendants admit that Plaintiffs' Complaint purports to assert various claims under the federal securities laws, but deny that Plaintiffs have adequately stated a claim under those laws and deny that Defendants have violated any of those laws. Defendants deny the allegations in Paragraph 15 in all other respects.

16. The allegations in Paragraph 16 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants do not dispute federal subject matter jurisdiction.

17. The allegations in Paragraph 17 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants do not dispute venue in this action but reserve all rights should events or future investigation render the venue improper.

18. The allegations in Paragraph 18 contain assertions or legal conclusions to which no

response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 18. Defendants do not dispute—for purposes of this action only—the personal jurisdiction of this Court and admit that they are engaged in interstate trade and commerce. Defendants deny the allegations in Paragraph 18 in all other respects.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 as to Lead Plaintiff Menora and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 19 in all other respects.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 as to Named Plaintiff AMI - Government Employees Provident Fund Management Company Ltd. and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 20 in all other respects.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 as to Named Plaintiff City of Fort Lauderdale Police & Fire Retirement System and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 21 in all other respects.

22.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 as to Named Plaintiff More Mutual Funds Management (2013) Ltd. and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 22 in all other respects.

23.    Defendants admit in part and deny in part the allegations in Paragraph 23. Defendants admit that Alphabet is a publicly traded company that is incorporated and existing under the laws of the State of Delaware; that Alphabet maintains its principal executive offices in Mountain View, California; and that Alphabet's Class A and Class C shares are listed on the NASDAQ exchange in New York, New York under the symbols "GOOGL" and "GOOG," respectively. Defendants deny the allegations in Paragraph 23 in all other respects.

24.    Defendants admit that Google is an indirect subsidiary of Alphabet and that Google maintains a Mountain View, California business address.

25.    Defendants admit that Sundar Pichai has served as Google's Chief Executive Officer

since August 2015 and as Alphabet's Chief Executive Officer since December 2019.

26. The allegations in Paragraph 26 require no response, as judgment was entered in favor of Ms. Porat. *See* MTD Order at 17–18; Judgment at 1.

27. The allegations in Paragraph 27 require no response, as judgment was entered in favor of Mr. Schindler. *See* MTD Order at 17–18; Judgment at 1.

28. The allegations in Paragraph 28 require no response, as judgment was entered in favor of Mr. Walker. *See* MTD Order at 17–18; Judgment at 1.

29. The allegations in Paragraph 29 concerning Ms. Porat, Mr. Schindler, and Mr. Walker require no response, as judgment was entered in their favor. *See* MTD Order at 17–18; Judgment at 1. Paragraph 29 also purports to define terms used by Plaintiffs in the Complaint, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 30. Defendants admit that Mr. Pichai participated in the management of Alphabet and Google. Defendants deny the allegations in Paragraph 30 in all other respects.

31. The allegations in Paragraph 31 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 31. Defendants admit that the allegations in Paragraph 31 purport to characterize unspecified statements elsewhere described in the Complaint. Those allegations are therefore vague. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 31 in all other respects.

32. The allegations in Paragraph 32 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 32.

33. The allegations in Paragraph 33 contain assertions or legal conclusions to which no

DEFS' ANSWER TO SAC                                                    -6-
CASE NO. 3:23-CV-01186-RFL

response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 34. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing , but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 34 in all other respects.

35.     The allegations in Paragraph 35 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 36 in all other respects.

37.     The allegations in Paragraph 37 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 37 in all other respects.

38.     Defendants admit in part and deny in part the allegations in Paragraph 38. Defendants admit that online advertising significantly contributes to enabling a free and open internet; that an advertisement displayed on a website that is viewed in a browser can be referred to as a display ad; that a display ad may contain images, text, or multimedia; and that a single display ad shown to a

DEFS' ANSWER TO SAC                           -7-
CASE NO. 3:23-CV-01186-RFL

single user on a single occasion can be referred to as an impression. Defendants deny the allegations in Paragraph 38 in all other respects.

39.    Defendants admit in part and deny in part the allegations in Paragraph 39. Defendants admit that an owner of a website can be referred to as a publisher. Defendants also admit that advertisers can include businesses, agencies of federal and state governments, charitable organizations, political candidates, and public interest groups. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 2 and 4 of Paragraph 39 as to how publishers "usually monetize their content" or use the "stream of revenue" generated by "digital advertising" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 39 in all other respects.

40.    Defendants admit in part and deny in part the allegations in Paragraph 40. Defendants admit that publishers can sell their inventory to advertisers both directly and indirectly, including through advertising marketplaces, and that "direct" sales are those in which a publisher or developer sells its ad inventory directly to advertisers. Defendants further admit that a publisher's inventory is, in part, a function of the number of user visits to the relevant website and that a publisher may not always be able to accurately predict the number of potential ad impressions it can sell directly. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 40 in all other respects.

41.    Defendants admit in part and deny in part the allegations in Paragraph 41. Defendants admit that indirect sales can occur through "ad exchanges" and through "networks" of publishers and advertisers; that in addition to or as an alternative to direct sales, publishers can let ad exchanges auction their inventory in real-time and let networks resell their inventory, among others transaction paths; and that some ad exchanges may retain a percentage of the clearing price of transactions on their ad exchanges that can vary based on a number of factors including publisher and transaction type. Defendants deny the allegations in Paragraph 41 in all other respects.

42.    Defendants admit in part and deny in part the allegations in Paragraph 42. Defendants admit that when a user visits a publisher's website, an ad server may route the publisher's available

impressions to exchanges along with information about the impression, including a user ID, the parameters of the ad slot, and any rules about pricing. Defendants deny the allegations in Paragraph 42 in all other respects.

43.    The allegations in Paragraph 43 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 43. Defendants admit that some publishers' and developers' inventory can be viewed as heterogeneous and that the value of different ad units can differ and will depend on a variety of factors including the audience. Defendants deny the allegations in Paragraph 43 in all other respects.

44.    Defendants admit in part and deny in part the allegations in Paragraph 44. Defendants admit that publishers use a variety of products and services to help sell their display ad inventory; that advertisers use a variety of products and services to help purchase display ad inventory; and that ad servers are among the products that publishers use to help sell their display ad inventory, among other inventory, and that advertisers use to purchase display inventory, among other inventory. Defendants also admit that publisher ad servers perform a number of functions to enable them to select appropriate advertising for each page impression; that publisher ad servers gather and communicate information for each impression; and that publisher ad servers can help track and sell a publisher's ad inventory through both direct and indirect channels to allow the publisher to attempt to maximize its revenue or achieve other goals. Defendants further admit that GAM's ad serving functionality was developed from DFP, an ad server product that Google acquired as part of its 2008 acquisition of DoubleClick. Defendants deny the allegations in Paragraph 44 in all other respects.

45.    Defendants admit in part and deny in part the allegations in Paragraph 45. Defendants admit that advertisers can purchase ad impressions on ad exchanges through ad buying tools, among other means; that ad exchanges can match buyers and sellers of display ads on an impression-by-impression basis in real time, typically through an auction mechanism; that ad exchanges can send bid requests to eligible bidders; and that ad exchanges in general must, at some point, close the auction and choose a winner from the bids received. Defendants deny the allegations in Paragraph 45 in all other respects.

46.　　Defendants admit in part and deny in part the allegations in Paragraph 46. Defendants admit that some ad exchanges retain a percentage of the clearing price of transactions on their ad exchanges. Defendants also admit that AdX has been rebranded to GAM. Defendants deny the allegations in Paragraph 46 in all other respects.

47.　　Defendants admit in part and deny in part the allegations in Paragraph 47. Defendants admit that advertisers of all sizes use DSP; that some DSPs provide tools that allow their users to manage their advertising purchases; and that Google offers an ad buying tool known as Display & Video 360. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 as to what "advertising agencies or large businesses" and "[a]dvertisers" do and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 47 in all other respects.

48.　　Defendants admit in part and deny in part the allegations in Paragraph 48. Defendants admit that ad networks match ad inventory for publishers of different sizes with advertisers; that networks can, but do not always, carry inventory risk by purchasing impressions on their own behalf as opposed to on the direct behalf of a specific advertiser or advertiser representative; and that networks provide varying degrees of price transparency on a per-impression basis. Defendants also admit that Google Ads is one of Google's offerings. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 as to what "smaller advertisers" may "rely on" or "prefer" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 48 in all other respects.

49.　　The allegations in Paragraph 49 and the corresponding image contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny that Paragraph 49 and the corresponding image present a complete and accurate description of the matters described therein and, on that basis, deny those allegations and the corresponding image.

50.　　Defendants admit in part and deny in part the allegations in Paragraph 50. Defendants admit that there could be some costs in replacing one publisher ad server with another for the same webpage. Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 50 as to what "[a] key consideration for publishers" is and what "[p]ublishers want" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 50 in all other respects.

51. Defendants admit in part and deny in part the allegations in Paragraph 51. Defendants admit that Google Ads was launched in 2000 and that, at some point, advertisers could purchase Google Search ads on Google Ads. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 as to what "[b]usinesses quickly learned" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 51 in all other respects.

52. Defendants admit in part and deny in part the allegations in Paragraph 52. Defendants admit that Google developed an ad buying tool. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 52 as to what "advertisers would buy" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 52 in all other respects.

53. Defendants admit in part and deny in part the allegations in Paragraph 53. Defendants admit that Google developed an ad buying tool. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 53 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 53 in all other respects.

54. Defendants admit in part and deny in part the allegations in Paragraph 54. Defendants admit that Google acquired DoubleClick, a company which had an ad server and an ad exchange, in 2008. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 2 of Paragraph 54 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 54 in all other respects.

55. Defendants admit in part and deny in part the allegations in Paragraph 55. Defendants admit that in 2011, Google acquired Admeld Inc., which offered software that helped publishers manage the yield from their display advertising inventory. The allegations in sentences 4–5 of Paragraph 55 are based on an unnamed alleged "confidential witness," who may or may not exist and

whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 4–5 of Paragraph 55 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 55 in all other respects.

56.    Defendants admit in part and deny in part the allegations in Paragraph 56. Defendants admit that Google has rebranded several of its offerings over the years and that in 2018 Google rebranded DFP and AdX to GAM.

57.    The allegations in sentence 2 of Paragraph 57 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 2 of Paragraph 57 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 57 in all other respects.

58.    Defendants admit in part and deny in part the allegations in Paragraph 58. Defendants admit the existence of a document containing the figure set forth in sentence 5 of Paragraph 58, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 as to what "publishers had to" do and what options were available to "the vast majority of webpage publishers" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 58 in all other respects.

59.    The allegations in Paragraph 59 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 59.

60.    Defendants admit in part and deny in part the allegations in Paragraph 60. Defendants admit the existence of a document containing the quoted language, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 60 in all other respects.

61.    The allegations in Paragraph 61 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in

Paragraph 61.

62.     Defendants admit in part and deny in part the allegations in Paragraph 62. Defendants admit the existence of a technique known as "header bidding." Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 as to what "[p]ublishers," "competing ad tech providers," and "market participants" did and, on that basis, denies those allegations. The allegations in sentence 3 of Paragraph 62 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 3 of Paragraph 62 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 62 in all other respects.

63.     Defendants admit in part and deny in part the allegations in Paragraph 63. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 63 in all other respects.

64.     Defendants admit in part and deny in part the allegations in Paragraph 64. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 64 in all other respects.

65.     Defendants admit in part and deny in part the allegations in Paragraph 65. Defendants admit that non-Google exchanges can participate in header bidding. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 as to what "[p]ublishers" did and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 65 in all other respects.

66.     Defendants admit in part and deny in part the allegations in Paragraph 66. Defendants admit that header bidding was and remains popular, including after Exchange Bidding became available, and that the adoption rate of header bidding among publishers ranged from 73.1% to 79.2% between 2018 and 2019. Defendants admit the existence of a document containing the figure set forth in the last sentence of Paragraph 66, to which document Defendants refer the Court for a complete

and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 as to what "many publishers began" and what "[a]dvertisers . . . began" to do and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 66 in all other respects.

67.    Defendants admit in part and deny in part the allegations in Paragraph 67. Defendants admit the existence of a document containing the figure set forth in Paragraph 67, to which document Defendants refer the Court for a complete and accurate statement of their content. Defendants deny the allegations in Paragraph 67 in all other respects.

68.    Defendants admit in part and deny in part the allegations in Paragraph 68. Defendants admit the existence of a document containing the quoted language in Paragraph 68, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 as to what "publishers . . . adopted" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 68 in all other respects.

69.    The allegations in Paragraph 69 contain assertions or legal conclusions to which no response is required. To the extent a response is necessary, Defendants admit in part and deny in part the allegations in Paragraph 69. Defendants admit the existence of documents containing the quoted language in sentences 1–4 of Paragraph 69, to which documents Defendants refer the Court for a complete and accurate statement of their contents. The allegations in sentence 5 of Paragraph 69 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 5 of Paragraph 69 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 69 in all other respects.

70.    Defendants admit in part and deny in part the allegations in Paragraph 70. Defendants admit the existence of a document containing the quoted language in sentences 2 and 5–9 of Paragraph 70, to which document Defendants refer the Court for a complete and accurate statement of its content. The allegations in sentences 3–4 of Paragraph 70 are based on an unnamed alleged

"confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 3–4 of Paragraph 70 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 70 in all other respects.

71.     Defendants admit in part and deny in part the allegations in Paragraph 71. Defendants admit the existence of an internal project called the "Header Bidding Observatory," whose goals included understanding header bidding's evolution and effects. The allegations in sentence 3 of Paragraph 71 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 3 of Paragraph 71 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 71 in all other respects.

72.     Defendants admit in part and deny in part the allegations in Paragraph 72. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 72 in all other respects.

73.     Defendants admit in part and deny in part the allegations in Paragraph 73. Defendants admit that Google developed a feature known as Exchange Bidding to permit non-Google exchanges to bid into auctions in GAM; that Exchange Bidding was later renamed Open Bidding; and that Open Bidding had a project codename "Jedi." Defendants also admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 73 in all other respects.

74.     Defendants admit in part and deny in part the allegations in Paragraph 74. Defendants admit that Google developed a feature known as Exchange Bidding, which was later renamed Open Bidding, to permit non-Google exchanges to bid into auctions in GAM. Defendants deny the allegations in Paragraph 74 in all other respects.

75.     Defendants admit in part and deny in part the allegations in Paragraph 75. Defendants admit the existence of a document containing the quoted language in the last sentence of Paragraph

75, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 75 in all other respects.

76.    Defendants admit in part and deny in part the allegations in Paragraph 76. Defendants admit that Google developed a feature known as Exchange Bidding, which was later renamed Open Bidding, to permit non-Google exchanges to bid into auctions in GAM. Defendants admit the existence of a document containing the quoted language in sentence 6 and the corresponding image of Paragraph 76, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 76 in all other respects.

77.    Defendants admit in part and deny in part the allegations in Paragraph 77. Defendants admit that Google developed a feature known as Exchange Bidding, which was later renamed Open Bidding, to permit non-Google exchanges to bid into auctions in GAM. Defendants also admit the existence of a document containing the quoted language, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 77 in all other respects.

78.    The allegations in Paragraph 78 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 78. Defendants admit that Google developed a feature known as Exchange Bidding, which was later renamed Open Bidding, to permit non-Google exchanges to bid into auctions in GAM. Defendants also admit the existence of a document containing the quoted language, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 78 in all other respects.

79.    Defendants admit in part and deny in part the allegations in Paragraph 79. Defendants admit the existence of a set of automated bidding strategies, referred to as "Smart Bidding," that use Google AI to optimize conversions or conversion value. Defendants also admit that one key benefit of Smart Bidding is that, in bidding, machine learning algorithms help ad buyers make more accurate predictions about how different bid amounts might impact conversions or conversion value. Defendants further admit the existence of a document containing the quoted language in sentences 6–7 of Paragraph 79, to which document Defendants refer the Court for a complete and accurate

statement of its contents. The allegations in sentence 8 of Paragraph 79 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 8 of Paragraph 79 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 79 in all other respects.

80.     The allegations in Paragraph 80 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 80 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 80. Defendants admit the existence of a document containing the quoted language, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 80 in all other respects.

81.     The allegations in Paragraph 81 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 81 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 82 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 82. Defendants admit that "minimum bid to win" data are related to the price an auction participant would have had to bid to win a particular auction and that Google shares such data with bidders that submitted bids to GAM for a given auction at the conclusion of such auction. Defendants deny the allegations in Paragraph 82 in all other respects.

83.     The allegations in Paragraph 83 require no response, as the Court dismissed them with

prejudice. *See* MTD Order at 17–18; Judgment at 1.

84. Defendants admit in part and deny in part the allegations in Paragraph 84. Defendants admit that generally in a first-price auction, the advertiser who bid the highest amount above the publishers' minimum floor price wins and pays the amount it bid. Defendants admit that generally in a second-price auction, the advertiser who bid the highest amount above the publisher's minimum floor price wins and pays the higher of (1) the second-highest bid, or (2) the floor price. Defendants admit that generally in a third-price auction, the buyer would pay the amount of the third-highest bid. Defendants deny the allegations in Paragraph 84 in all other respects.

85. The allegations in Paragraph 85 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

86. The allegations in Paragraph 86 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

87. The allegations in Paragraph 87 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

88. The allegations in Paragraph 88 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

89. The allegations in Paragraph 89 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

90. The allegations in Paragraph 90 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

91. The allegations in Paragraph 91 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

92. The allegations in Paragraph 92 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

93. The allegations in Paragraph 93 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

94. The allegations in Paragraph 94 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

95.    Defendants admit in part and deny in part the allegations in Paragraph 95. Defendants admit that Facebook is one of Google's major competitors across multiple types of products and services and that "FAN" is an acronym used to refer to Facebook's ad network, Facebook Audience Network. Defendants also admit that in March 2017, Facebook published a blog post indicating that mobile web publishers who use header bidding would be able to join its Facebook Audience Network through approved partners or through open-source header bidding solutions and that one of the ways that ad networks can transact with publishers using Google's Ad Manager or AdMob platforms is to submit bids into ad exchanges. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 2–3, 5, and 7–8 of Paragraph 95 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 95 in all other respects.

96.    Defendants admit in part and deny in part the allegations in Paragraph 96. Defendants admit the existence of documents containing the quoted language in sentences 2–3 of Paragraph 96, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 4–6 of Paragraph 96 as to what "Facebook recognized," " internally noted," or "memorialized" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 96 in all other respects.

97.    Defendants admit in part and deny in part the allegations in Paragraph 97. Defendants admit the existence of documents containing the quoted language in Paragraph 97, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 97 in all other respects.

98.    Defendants admit in part and deny in part the allegations in Paragraph 98. Defendants admit the existence of documents containing the quoted language in Paragraph 98, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 98 in all other respects.

99.    Defendants admit in part and deny in part the allegations in Paragraph 99. Defendants admit the existence of documents containing the quoted language in Paragraph 99, to which documents Defendants refer the Court for a complete and accurate statement of their contents.

Defendants also admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 99 in all other respects.

100.    Defendants admit in part and deny in part the allegations in Paragraph 100. Defendants admit that some bidders in Google's auctions have requested that timeouts in Google's auctions be lengthened, while others have requested that they be shortened. Defendants admit that Google ultimately opted to increase the timeout for certain auctions uniformly for all bidders. Defendants also admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 100 in all other respects.

101.    Defendants admit in part and deny in part the allegations in Paragraph 101. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 101 in all other respects.

102.    Defendants admit in part and deny in part the allegations in Paragraph 102. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of

its contents. *See* MTD Order at 2 n.1. Defendants further admit that Google does not charge any buyer, including Facebook Audience Network, for impressions it believes to be resulting from spam. Defendants deny the allegations in Paragraph 102 in all other respects.

103.     Defendants admit in part and deny in part the allegations in Paragraph 103. Defendants admit that Facebook has direct billing and contractual relationships with publishers transacting with Facebook Audience Network through Google's Open Bidding program. Defendants admit that Google typically has commonplace confidentiality provisions in its contracts with and terms of service for ad networks and ad exchanges participating in its Open Bidding program. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 103 in all other respects.

104.     Defendants admit in part and deny in part the allegations in Paragraph 104. Defendants admit that Google retains a revenue share of 5–10% for transactions matched through Open Bidding as consideration for the value provided by Google's service, and that the "baseline" revenue share that AdX charges for auctions of inventory that are generally available to all the buyers on an exchange is 20 percent for Google and 80 percent to the ad space seller. Defendants also admit that, prior to its amendment, the original Network Bidding Agreement contained a volume discount for which Facebook never qualified. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 104 in all other respects.

105.     Defendants admit in part and deny in part the allegations in Paragraph 105. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that

Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 105 in all other respects.

106. Defendants admit in part and deny in part the allegations in Paragraph 106. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook that, among other things, limits the use of Facebook bid response data and is consistent with Google's policies regarding all bidders' data. Defendants deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 106 in all other respects.

107. Defendants admit in part and deny in part the allegations in Paragraph 107. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 107 in all other respects.

108. The allegations in Paragraph 108 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 108. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 108 in all other respects.

109.    The allegations in Paragraph 109 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 109 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 109. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 109 in all other respects.

110.    The allegations in Paragraph 110 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 110. Defendants admit that, before Google's introduction of Unified Pricing Rules, publishers could set different price floors for different buyers. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 2–3 of Paragraph 110 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 110 in all other respects.

111.    The allegations in Paragraph 111 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 2 of Paragraph 111 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 111 in all other respects.

112.    The allegations in Paragraph 112 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 112. Defendants admit the existence of documents containing the quoted language, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or

presented with full context, and deny these descriptions and characterizations. Defendants refer the Court to these documents for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 112 in all other respects.

113.    The allegations in Paragraph 113 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 113. Defendants admit the existence of documents containing the quoted language, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. Defendants refer the Court to these documents for a complete and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 113 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 113 in all other respects.

114.    The allegations in Paragraph 114 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 114. Defendants admit that Google announced some changes to its publisher ad server and ad exchange in March 2019. Defendants admit that, before Google's introduction of Unified Pricing Rules, publishers could set different price floors for different buyers. Defendants deny the allegations in Paragraph 114 in all other respects.

115.    The allegations in Paragraph 115 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 115. Defendants admit that Google's ad exchange changed from a second-price auction to a first-price auction. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 115, and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 115 in all other respects.

116.    The allegations in Paragraph 116 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 116. Defendants admit that Google's ad exchange changed from a second-price auction to a first-price auction. Defendants admit the existence of a document containing the quoted language, to which document Defendants refer the Court for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 116 in all other respects.

117.    The allegations in Paragraph 117 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 117 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 117. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 117 in all other respects.

118.    The allegations in Paragraph 118 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 118 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 118. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 118 in all other respects.

119.    The allegations in Paragraph 119 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court

dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 119 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 119. Defendants admit the existence of documents containing the quoted language, to which documents Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 119 in all other respects.

120.    The allegations in Paragraph 120 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 120 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 121. Defendants admit the existence of a June 13, 2023 statement of objections issued by the European Commission, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to this document for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 121 in all other respects.

122.    The allegations in Paragraph 122 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 122. Defendants admit the existence of a June 14, 2023 blog post published on Google's website, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the blog post for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 122 in all other respects.

123.    The allegations in Paragraph 123 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

124.    The allegations in Paragraph 124 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

125.    The allegations in Paragraph 125 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

126.    The allegations in Paragraph 126 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

127.    The allegations in Paragraph 127 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

128.    The allegations in Paragraph 128 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

129.    The allegations in Paragraph 129 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

130.    The allegations in Paragraph 130 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

131.    The allegations in Paragraph 131 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

132.    The allegations in Paragraph 132 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

133.    The allegations in Paragraph 133 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

134.    The allegations in Paragraph 134 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

135.    The allegations in Paragraph 135 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

136.    The allegations in Paragraph 136 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

137. The allegations in Paragraph 137 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

138. The allegations in Paragraph 138 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

139. The allegations in Paragraph 139 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

140. The allegations in Paragraph 140 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

141. The allegations in Paragraph 141 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

142. The allegations in Paragraph 142 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

143. The allegations in Paragraph 143 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

144. The allegations in Paragraph 144 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

145. The allegations in Paragraph 145 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

146. The allegations in Paragraph 146 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

147. The allegations in Paragraph 147 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

148. The allegations in Paragraph 148 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

149. The allegations in Paragraph 149 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

150. The allegations in Paragraph 150 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

151.    The allegations in Paragraph 151 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

152.    The allegations in Paragraph 152 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

153.    The allegations in Paragraph 153 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

154.    The allegations in Paragraph 154 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

155.    The allegations in Paragraph 155 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

156.    The allegations in Paragraph 156 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

157.    The allegations in Paragraph 157 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

158.    The allegations in Paragraph 158 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

159.    The allegations in Paragraph 159 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

160.    The allegations in Paragraph 160 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 160. Defendants admit that on or around June 3, 2019 the House Judiciary Committee initiated a bipartisan investigation into the state of competition online and held several hearings. The transcripts of those hearings are matters of public record, to which Defendants refer the Court for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 160 in all other respects.

161.    The allegations in Paragraph 161 require no response, as the Court dismissed them

with prejudice. *See* MTD Order at 17–18; Judgment at 1.

162.    The allegations in Paragraph 162 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

163.    The allegations in Paragraph 163 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

164.    The allegations in Paragraph 164 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

165.    Defendants admit in part and deny in part the allegations in Paragraph 165. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 165 in all other respects.

166.    Defendants admit in part and deny in part the allegations in Paragraph 166. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 166 in all other respects.

167.    The allegations in Paragraph 167 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 167.

168.    The allegations in Paragraph 168 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

169.    The allegations in Paragraph 169 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

170.    The allegations in Paragraph 170 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 170. Defendants admit the existence of a Network Bidding Agreement between Google and Facebook, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the Network Bidding Agreement, which the Court held was incorporated by reference in the Complaint, for a complete and accurate statement of its contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 170 in all other respects.

171.    The allegations in Paragraph 171 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

172.    The allegations in Paragraph 172 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

173.    The allegations in Paragraph 173 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

174.    The allegations in Paragraph 174 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

175.    The allegations in Paragraph 175 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

176.    The allegations in Paragraph 176 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

177.    The allegations in Paragraph 177 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

178.    The allegations in Paragraph 178 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

179.    The allegations in Paragraph 179 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed

necessary, Defendants admit in part and deny in part the allegations in Paragraph 179. Defendants admit that the quoted language was published to Google's website on a page entitled "How Open Bidding works" on the dates alleged, but deny that the statements were "made by" Mr. Pichai. Defendants also deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to the historical versions of the webpage, which the Court held were incorporated by reference into the Complaint, for a complete and accurate statement of their contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 179 in all other respects.

180.    The allegations in Paragraph 180 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 180 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 180. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants further admit that the statements on Google's website referenced in Paragraph 180 were similar to those Google made in its written testimony to Congress, but deny that Mr. Pichai was "highly involved in preparing, reviewing, and approving these statements." Defendants deny the allegations in Paragraph 180 in all other respects.

181.    The allegations in Paragraph 181 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

182.    The allegations in Paragraph 182 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

183.    The allegations in Paragraph 183 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

184.    The allegations in Paragraph 184 require no response, as the Court dismissed them

with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 184. Defendants admit that the quoted language was published to Google's website on a page entitled "How Open Bidding works" on the dates alleged, but deny that the statements were "made by" Mr. Pichai. Defendants also deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to the historical versions of the webpage, which the Court held were incorporated by reference into the Complaint, for a complete and accurate statement of their contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 184 in all other respects.

185. The allegations in Paragraph 185 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 185 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 185. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants further admit that the statements on Google's website referenced in Paragraph 185 were similar to those Google made in its written testimony to Congress, but deny that Mr. Pichai was "highly involved in preparing, reviewing, and approving these statements." Defendants deny the allegations in Paragraph 185 in all other respects.

186. The allegations in Paragraph 186 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

187. The allegations in Paragraph 187 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 187. Defendants admit that the quoted language was published to Google's website on a page entitled "How Open

Bidding works" on the dates alleged, but deny that the statements were "made by" Mr. Pichai. Defendants also deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to the historical versions of the webpage, which the Court held were incorporated by reference into the Complaint, for a complete and accurate statement of their contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 187 in all other respects.

188.    The allegations in Paragraph 188 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 188 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 188. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants further admit that the statements on Google's website referenced in Paragraph 188 were similar to those Google made in its written testimony to Congress, but deny that Mr. Pichai was "highly involved in preparing, reviewing, and approving these statements." Defendants deny the allegations in Paragraph 188 in all other respects.

189.    The allegations in Paragraph 189 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

190.    The allegations in Paragraph 190 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

191.    The allegations in Paragraph 191 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

192.    The allegations in Paragraph 192 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 192. Defendants

admit that the quoted language was published to Google's website on a page entitled "How Open Bidding works" on the dates alleged, but deny that the statements were "made by" Mr. Pichai." Defendants also deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to the historical versions of the webpage, which the Court held were incorporated by reference into the Complaint, for a complete and accurate statement of their contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 192 in all other respects.

193.    The allegations in Paragraph 193 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 193 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 193. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants further admit that the statements on Google's website referenced in Paragraph 193 were similar to those Google made in its written testimony to Congress, but deny that Mr. Pichai was "highly involved in preparing, reviewing, and approving these statements." Defendants deny the allegations in Paragraph 193 in all other respects.

194.    The allegations in Paragraph 194 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

195.    The allegations in Paragraph 195 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

196.    The allegations in Paragraph 196 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

197.    The allegations in Paragraph 197 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

198. The allegations in Paragraph 198 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

199. The allegations in Paragraph 199 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

200. The allegations in Paragraph 200 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

201. The allegations in Paragraph 201 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

202. The allegations in Paragraph 202 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

203. The allegations in Paragraph 203 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 203. Defendants admit that the quoted language was published to Google's website on a page entitled "How Open Bidding works" on the dates alleged, but deny that the statements were "made by" Mr. Pichai. Defendants also deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to the historical versions of the webpage, which the Court held were incorporated by reference into the Complaint, for a complete and accurate statement of their contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 203 in all other respects.

204. The allegations in Paragraph 204 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 204 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 204. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record

DEFS' ANSWER TO SAC                                    -36-
CASE NO. 3:23-CV-01186-RFL

and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants further admit that the statements on Google's website referenced in Paragraph 204 were similar to those Google made in its written testimony to Congress, but deny that Mr. Pichai was "highly involved in preparing, reviewing, and approving these statements." Defendants deny the allegations in Paragraph 204 in all other respects.

205.    The allegations in Paragraph 205 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

206.    The allegations in Paragraph 206 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

207.    The allegations in Paragraph 207 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

208.    The allegations in Paragraph 208 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 208. Defendants admit that the quoted language was published to Google's website on a page entitled "How Open Bidding works" on the dates alleged, but deny that the statements were "made by" Mr. Pichai. Defendants also deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny those descriptions and characterizations. Defendants refer the Court to the historical versions of the webpage, which the Court held were incorporated by reference into the Complaint, for a complete and accurate statement of their contents. *See* MTD Order at 2 n.1. Defendants deny the allegations in Paragraph 208 in all other respects.

209.    The allegations in Paragraph 209 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 209 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 209. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented

with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants further admit that the statements on Google's website referenced in Paragraph 209 were similar to those Google made in its written testimony to Congress, but deny that Mr. Pichai was "highly involved in preparing, reviewing, and approving these statements." Defendants deny the allegations in Paragraph 209 in all other respects.

210.    The allegations in Paragraph 210 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

211.    The allegations in Paragraph 211 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

212.    The allegations in Paragraph 212 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

213.    The allegations in Paragraph 213 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

214.    The allegations in Paragraph 214 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

215.    The allegations in Paragraph 215 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

216.    The allegations in Paragraph 216 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

217.    The allegations in Paragraph 217 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

218.    The allegations in Paragraph 218 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

219.    The allegations in Paragraph 219 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

220.    The allegations in Paragraph 220 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

221. The allegations in Paragraph 221 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

222. The allegations in Paragraph 222 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

223. The allegations in Paragraph 223 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

224. The allegations in Paragraph 224 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

225. The allegations in Paragraph 225 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

226. The allegations in Paragraph 226 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

227. The allegations in Paragraph 227 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

228. The allegations in Paragraph 228 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

229. The allegations in Paragraph 229 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

230. The allegations in Paragraph 230 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

231. The allegations in Paragraph 231 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

232. The allegations in Paragraph 232 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

233. The allegations in Paragraph 233 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

234. The allegations in Paragraph 234 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

235. The allegations in Paragraph 235 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

236. The allegations in Paragraph 236 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

237. The allegations in Paragraph 237 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

238. The allegations in Paragraph 238 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

239. The allegations in Paragraph 239 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

240. The allegations in Paragraph 240 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

241. The allegations in Paragraph 241 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

242. The allegations in Paragraph 242 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

243. The allegations in Paragraph 243 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

244. The allegations in Paragraph 244 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

245. The allegations in Paragraph 245 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

246. The allegations in Paragraph 246 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

247. The allegations in Paragraph 247 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

248. The allegations in Paragraph 248 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

249. The allegations in Paragraph 249 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

250. The allegations in Paragraph 250 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

251. The allegations in Paragraph 251 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

252. The allegations in Paragraph 252 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

253. The allegations in Paragraph 253 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

254. The allegations in Paragraph 254 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

255. The allegations in Paragraph 255 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

256. The allegations in Paragraph 256 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

257. The allegations in Paragraph 257 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

258. The allegations in Paragraph 258 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

259. The allegations in Paragraph 259 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 259.

260. Defendants admit in part and deny in part the allegations in Paragraph 260. Defendants admit the existence of a lawsuit brought by the Attorneys General of several U.S. States, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. Defendants deny the

allegations in Paragraph 260 in all other respects.

261. The allegations in Paragraph 261 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 261. Defendants admit that the allegations in Paragraph 261 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 261 in all other respects.

262. Defendants admit in part and deny in part the allegations in Paragraph 262. Defendants admit the existence of the Reuters article referenced in Paragraph 262, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the article for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 262 in all other respects.

263. The allegations in Paragraph 263 purport to characterize unspecified "news broke[n]" on September 1, 2021, but identify no specific articles and are therefore vague. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 263 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 263 in all other respects.

264. The allegations in Paragraph 264 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 264. Defendants admit that the allegations in Paragraph 264 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 264 in all other respects.

265. Defendants admit in part and deny in part the allegations in Paragraph 265. Defendants admit the existence of the Bloomberg article referenced in Paragraph 265, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the article for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 265 in all other respects.

266.    Defendants admit in part and deny in part the allegations in Paragraph 266. Defendants admit the existence of a lawsuit brought by the Attorneys General of several U.S. States, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. Defendants deny the allegations in Paragraph 266 in all other respects.

267.    The allegations in Paragraph 267 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 267. Defendants admit that the allegations in Paragraph 267 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 267 in all other respects.

268.    Defendants admit in part and deny in part the allegations in Paragraph 268. Defendants admit the existence of the Barron's article referenced in Paragraph 268, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the article for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 268 in all other respects.

269.    Defendants admit in part and deny in part the allegations in Paragraph 269. Defendants admit the existence of a complaint filed with the European Commission by the European Publishers Council, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the complaint for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 269 in all other respects.

270.    The allegations in Paragraph 270 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 270. Defendants admit that the allegations in Paragraph 270 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents.

Defendants deny the allegations in Paragraph 270 in all other respects.

271.    Defendants admit in part and deny in part the allegations in Paragraph 271. Defendants admit the existence of a lawsuit brought by the Department of Justice, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. Defendants deny the allegations in Paragraph 271 in all other respects.

272.    Defendants admit in part and deny in part the allegations in Paragraph 272. Defendants admit the existence of the BNP Paribas report referenced in Paragraph 272, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the report for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 272 in all other respects.

273.    The allegations in Paragraph 273 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 273. Defendants admit that the allegations in Paragraph 273 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 273 in all other respects.

274.    Defendants admit in part and deny in part the allegations in Paragraph 274. Defendants admit the existence of the Yahoo! Finance and Benzinga Newswire articles referenced in Paragraph 274, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the articles for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 274 in all other respects.

275.    Defendants admit in part and deny in part the allegations in Paragraph 275. Defendants admit the existence of a lawsuit brought by the Department of Justice, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. Defendants deny the allegations in

DEFS' ANSWER TO SAC                              -44-
CASE NO. 3:23-CV-01186-RFL

Paragraph 275 in all other respects.

276.    The allegations in Paragraph 276 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 276. Defendants admit that the allegations in Paragraph 276 purport to describe the prices of Alphabet's shares, which are matters of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 276 in all other respects.

277.    Defendants admit in part and deny in part the allegations in Paragraph 277. Defendants admit the existence of the New York Post article referenced in Paragraph 277, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the article for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 277 in all other respects.

278.    The allegations in Paragraph 278 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 278.

279.    The allegations in Paragraph 279 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 279.

280.    The allegations in Paragraph 280 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 280.

281.    The allegations in Paragraph 281 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 281.

282.    The allegations in Paragraph 282 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282 attributed to unnamed alleged "compliance experts," who may or may not exist and whose identity,

credibility, reliability, and accuracy have not been established and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 282 in all other respects.

283.     The allegations in Paragraph 283 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 283 as to how "[a]ny company . . . will typically" address "investigation inquiries" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 283 in all other respects.

284.     The allegations in Paragraph 284 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 284 as to how "companies under investigation establish . . . protocols" and, on that basis, deny those allegations. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 284 in all other respects.

285.     The allegations in Paragraph 285 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285 as to "industry custom and practice" regarding an unspecified company's "response team" or "witness" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 285 in all other respects.

286.     The allegations in Paragraph 286 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 286.

287.     The allegations in Paragraph 287 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 287.

288.     The allegations in Paragraph 288 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 288.

289. The allegations in Paragraph 289 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 289.

290. The allegations in Paragraph 290 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 290.

291. The allegations in Paragraph 291 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 291.

292. The allegations in Paragraph 292 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 292.

293. The allegations in sentences 1–2 of Paragraph 293 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in sentences 1–2 of Paragraph 293 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in sentences 1–2 of Paragraph 293. The allegations in the last sentence of Paragraph 293 require no response, as the Court dismissed such allegations with prejudice. *See* MTD Order at 17–18; Judgment at 1.

294. The allegations in Paragraph 294 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 294 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 294.

295. The allegations in Paragraph 295 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations

in Paragraph 295 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 295. Defendants admit that on July 29, 2020, Mr. Pichai testified at a hearing before the House Committee on the Judiciary, Subcommittee on Antitrust, Commercial, and Administrative Law, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. Mr. Pichai's testimony is a matter of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 295 in all other respects.

296. The allegations in Paragraph 296 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 296. Defendants admit that, on September 14, 2020, Google submitted written responses to the House Judiciary Committee's Questions for the Record following a July 29, 2020 congressional hearing, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. The Questions for the Record and Google's responses are matters of public record. Defendants refer the Court to these materials for a complete and accurate statement of their contents. Defendants deny the allegations in Paragraph 296 in all other respects.

297. The allegations in Paragraph 297 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

298. The allegations in Paragraph 298 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

299. The allegations in Paragraph 299 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

300. The allegations in Paragraph 300 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court

dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 300 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 300.

301.    The allegations in Paragraph 301 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 301. Defendants admit the existence of investigations by the Department of Justice, Attorneys General of several U.S. States, and the European Commission, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available materials concerning these investigations for a complete and accurate statement of their contents. Defendants also admit the existence of a lawsuit brought by the Department of Justice, but deny that Plaintiffs' selective descriptions and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. The allegations in sentence 2 of Paragraph 301 also purport to characterize other unspecified "legal actions" and are therefore vague. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentence 2 of Paragraph 301 as to unspecified "legal actions" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 301 in all other respects..

302.    The allegations in Paragraph 302 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 302. Defendants admit the existence of the legal actions referenced in Paragraph 302, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available materials concerning these legal actions for a complete and accurate statement of their contents. Defendants deny the

allegations in Paragraph 302 in all other respects.

303. The allegations in Paragraph 303 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 303. Defendants admit the existence of a lawsuit brought by the Attorney General of Texas, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. Defendants deny the allegations in Paragraph 303 in all other respects.

304. The allegations in Paragraph 304 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 304. Defendants admit the existence of a lawsuit brought by the Department of Justice, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context. Defendants refer the Court to the publicly available docket of this lawsuit for a complete and accurate statement of the contents of the items on the docket. Defendants deny the allegations in Paragraph 304 in all other respects.

305. The allegations in Paragraph 305 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 305.

306. The allegations in Paragraph 306 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 306 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 306 in all other respects.

307. The allegations in Paragraph 307 are based on an unnamed alleged "confidential

witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 307 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 307 in all other respects.

308.    The allegations in Paragraph 308 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 308 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 308 in all other respects.

309.    The allegations in sentences 1–2 of Paragraph 309 are based on an unnamed alleged "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in sentences 1–2 of Paragraph 309 and, on that basis, deny those allegations. The allegations in the last sentence of Paragraph 309 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in the last sentence of Paragraph 309. Defendants deny the allegations in Paragraph 309 in all other respects.

310.    The allegations in Paragraph 310 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 310.

311.    The allegations in Paragraph 311 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 311 in all respects.

312.    The allegations in Paragraph 312 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 312. Defendants admit that the allegations in Paragraph 312 purport to characterize unspecified statements elsewhere described in the Complaint. Those allegations are therefore vague. Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations in Paragraph 312 and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 312 in all other respects.

313. The allegations in Paragraph 313 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

314. The allegations in Paragraph 314 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

315. The allegations in Paragraph 315 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 315. Defendants admit the existence of a January 17, 2021 blog post published on Google's website, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. Defendants refer the Court to the blog post for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 315 in all other respects.

316. The allegations in Paragraph 316 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

317. The allegations in Paragraph 317 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

318. The allegations in Paragraph 318 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 318. Defendants admit the existence of a January 21, 2021 blog post published on Google's website, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. Defendants refer the Court to the blog post for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 318 in all other respects.

319.    The allegations in Paragraph 319 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 319. Defendants admit the existence of a September 13, 2022 blog post published on Google's website, but deny that Plaintiffs' selective quotations, descriptions, and characterizations are complete, accurate, or presented with full context, and deny these descriptions and characterizations. Defendants refer the Court to the blog post for a complete and accurate statement of its contents. Defendants deny the allegations in Paragraph 319 in all other respects.

320.    The allegations in Paragraph 320 require no response, as the Court dismissed them with prejudice. *See* MTD Order at 17–18; Judgment at 1.

321.    The allegations in Paragraph 321 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 321.

322.    The allegations in Paragraph 322 require no response, as they were not included among the allegations that survived Defendants' Second Motion to Dismiss, and the Court dismissed all other allegations with prejudice. *See* MTD Order at 2, 17–18. The allegations in Paragraph 322 also require no response because Plaintiffs' Opposition to Defendants' Motion to Dismiss did not address arguments regarding those allegations and therefore abandoned them. *See* MTD Br. at 18; MTD Reply Br. at 2 n.1.

323.    The allegations in Paragraph 323 require no response, as they were not included among the allegations that survived Defendants' Second Motion to Dismiss, and the Court dismissed all other allegations with prejudice. *See* MTD Order at 2, 17–18. The allegations in Paragraph 323 also require no response because Plaintiffs' Opposition to Defendants' Motion to Dismiss did not address arguments regarding those allegations and therefore abandoned them. *See* MTD Br. at 18; MTD Reply Br. at 2 n.1.

324.    The allegations in Paragraph 324 require no response, as they were not included among the allegations that survived Defendants' Second Motion to Dismiss, and the Court dismissed

all other allegations with prejudice. *See* MTD Order at 2, 17–18. The allegations in Paragraph 324 also require no response because Plaintiffs' Opposition to Defendants' Motion to Dismiss did not address arguments regarding those allegations and therefore abandoned them. *See* MTD Br. at 18; MTD Reply Br. at 2 n.1.

325.    The allegations in Paragraph 325 require no response, as they were not included among the allegations that survived Defendants' Second Motion to Dismiss, and the Court dismissed all other allegations with prejudice. *See* MTD Order at 2, 17–18. The allegations in Paragraph 325 also require no response because Plaintiffs' Opposition to Defendants' Motion to Dismiss did not address arguments regarding those allegations and therefore abandoned them. *See* MTD Br. at 18; MTD Reply Br. at 2 n.1.

326.    The allegations in Paragraph 326 require no response, as they were not included among the allegations that survived Defendants' Second Motion to Dismiss, and the Court dismissed all other allegations with prejudice. *See* MTD Order at 2, 17–18. The allegations in Paragraph 326 also require no response because Plaintiffs' Opposition to Defendants' Motion to Dismiss did not address arguments regarding those allegations and therefore abandoned them. *See* MTD Br. at 18; MTD Reply Br. at 2 n.1.

327.    The allegations in Paragraph 327 require no response, as they were not included among the allegations that survived Defendants' Second Motion to Dismiss, and the Court dismissed all other allegations with prejudice. *See* MTD Order at 2, 17–18. The allegations in Paragraph 327 also require no response because Plaintiffs' Opposition to Defendants' Motion to Dismiss did not address arguments regarding those allegations and therefore abandoned them. *See* MTD Br. at 18; MTD Reply Br. at 2 n.1.

328.    The allegations in Paragraph 328 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 328.

329.    The allegations in Paragraph 329 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations

in Paragraph 329 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 329.

330.    The allegations in Paragraph 330 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 330 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 330. Defendants admit that Alphabet's Class A and Class C shares are listed on the NASDAQ exchange, and that Alphabet regularly files public disclosures, including reports filed periodically with the SEC. Defendants also admit that the allegations in Paragraph 330 purport to describe the average trading volume of Alphabet's shares, which is a matter of public record. Defendants refer the Court to such public records for a complete and accurate statement of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 330 as to "numerous securities analysts employed by major brokerage firm(s)" and, on that basis, deny those allegations. Defendants deny the allegations in Paragraph 330 in all other respects.

331.    The allegations in Paragraph 331 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 331 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 331 in all other respects.

332.    The allegations in Paragraph 332 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 332 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 332 in all other respects.

333.    The allegations in Paragraph 333 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 333 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 333.

334.    The allegations in Paragraph 334 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 334 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 334.

335.    The allegations in Paragraph 335 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 335 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 335.

336.    The allegations in Paragraph 336 require no response to the extent they refer to any challenged statement other than "the September 14, 2020 'channels' statement," as the Court dismissed such statements with prejudice. *See* MTD Order at 17–18; Judgment at 1. The allegations in Paragraph 336 also contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 336.

337.    Defendants admit in part and deny in part the allegations in Paragraph 337. Defendants admit that Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who purchased or otherwise acquired Alphabet stock during the purported class period and were damaged thereby, excluding Defendants and certain affiliated parties. Defendants deny that this action may be properly maintained as a class action and deny that any persons who purchased Alphabet stock suffered damages. Defendants deny the allegations in Paragraph 337 in all other respects.

338.    The allegations in Paragraph 338 contain assertions or legal conclusions to which no

response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 338 as to the whether a "joinder of all members" of the purported class would be "impracticable" and, on that basis, deny those allegations. Defendants deny the allegations contained in Paragraph 338 in all other respects.

339.    The allegations in Paragraph 339 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 339 as to the purported typicality of Plaintiffs' claims and, on that basis, deny those allegations. Defendants deny the allegations contained in Paragraph 339 in all other respects.

340.    The allegations in Paragraph 340 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 340 as to the purported adequacy of Plaintiffs or their counsel and, on that basis, deny those allegations. Defendants deny the allegations contained in Paragraph 340 in all other respects.

341.    The allegations in Paragraph 341 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 341 as to the purported commonality of the claims of the putative class and, on that basis, deny those allegations. Defendants deny the allegations contained in Paragraph 341 in all other respects.

342.    The allegations in Paragraph 342 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 342 as to the whether a "class action" would be "superior to all other available methods" of adjudicating this case and, on that basis, deny those allegations. Defendants deny the allegations contained in Paragraph 342 in all other respects.

343.    Defendants repeat their response to every allegation set forth above as if stated herein.

344.    The allegations in Paragraph 344 contain assertions or legal conclusions to which no

response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 344. Defendants admit that in Paragraph 344 Plaintiffs purport to assert a claim under Section 10(b) of the Exchange Act, but deny that Plaintiffs have adequately stated a claim under that law and deny that Defendants have violated that law. Defendants deny the allegations in Paragraph 344 in all other respects.

345. The allegations in Paragraph 345 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 345.

346. The allegations in Paragraph 346 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 346.

347. The allegations in Paragraph 347 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 347.

348. The allegations in Paragraph 348 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 348.

349. The allegations in Paragraph 349 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 349.

350. The allegations in Paragraph 350 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 350.

351. The allegations in Paragraph 351 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 351.

352. Defendants repeat their response to every allegation set forth above as if stated herein.

353. The allegations in Paragraph 353 contain assertions or legal conclusions to which no

response is required. To the extent a response is deemed necessary, Defendants admit in part and deny in part the allegations in Paragraph 353. Defendants admit that in Paragraph 353 Plaintiffs purport to assert a claim under Section 20(a) of the Exchange Act, but deny that Plaintiffs have adequately stated a claim under that law and deny that Defendants have violated that law. Defendants deny the allegations in Paragraph 353 in all other respects.

354.    The allegations in Paragraph 354 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 354.

355.    The allegations in Paragraph 355 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 355.

356.    The allegations in Paragraph 356 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 356.

357.    The allegations in Paragraph 357 contain assertions or legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 357.

<strong><u>AFFIRMATIVE AND ADDITIONAL DEFENSES</u></strong>

Defendants assert the following affirmative defenses, without assuming the burden of proof as to any element of a claim that rests with Plaintiffs. Defendants expressly reserve the right to seek leave to amend or delete any of the following defenses as warranted by discovery or other investigation or as justice may require.

<strong><u>First Affirmative Defense</u></strong>

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because Plaintiffs cannot substantiate that the only remaining challenged statement—the September 14, 2020 "channels" statement—is attributable to Mr. Pichai, the only remaining individual defendant.

**Second Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, to the extent that Plaintiffs cannot substantiate that Mr. Pichai, the only remaining individual defendant, acted with the state of mind required under the Exchange Act, including that Mr. Pichai did not impute the broad meaning Plaintiffs impute to the remaining challenged statement.

**Third Affirmative Defense**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the SEC and, therefore, pursuant to Section 23(a) of the Exchange Act, 15 U.S.C. §78w(a), there is no liability for any act or omission alleged.

**Fourth Affirmative Defense**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then there is no liability for any act or omission alleged because Defendants acted, at all times, in good faith and without any motive and/or opportunity to defraud.

**Fifth Affirmative Defense**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then there is no liability for any act or omission alleged because Defendants acted, at all times, with reasonable care and due diligence and had, after reasonable investigation, reasonable grounds to believe, and did believe, that the alleged misleading statements were true when made and no material fact required to be stated or necessary to make any statement not misleading was omitted.

**Sixth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because Alphabet and Google's management relied in good faith, and was entitled to rely, on advice and information provided by certain of Alphabet and Google's professional advisors, both within and outside of Alphabet and Google, and others on whom Alphabet and Google were entitled to rely, to

be ascertained after discovery.

### Seventh Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, to the extent that Plaintiffs cannot substantiate, through evidence, that the only remaining challenged statement—the September 14, 2020 "channels" statement—was false or misleading due to an omission at the time it was made.

### Eighth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted from the only remaining challenged statement—the September 14, 2020 "channels" statement—and that Defendants had no duty to update information that was truthful and accurate when made.

### Ninth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because, to the extent that the only remaining challenged statement—the September 14, 2020 "channels" statement—was false or misleading due to an omission at the time it was made, such misrepresentation or omission was not material.

### Tenth Affirmative Defense

The claims of Plaintiffs and members of the putative class cannot be maintained because superseding or intervening events caused some or all of the alleged damages.

### Eleventh Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because any increase or decrease in the value of Alphabet securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

### Twelfth Affirmative Defense

The purported misrepresentations or omissions alleged in this action had no impact on the price of Alphabet securities.

### Thirteenth Affirmative Defense

All or a portion of the damages alleged by Plaintiffs and members of the putative class are attributable to causes other than any actions or omissions for which Defendants allegedly are responsible.

### Fourteenth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because the only remaining alleged misstatement was never the subject of a corrective disclosure.

### Fifteenth Affirmative Defense

The claims of Plaintiffs and members of the putative class based on alleged violations of the Exchange Act are barred, in whole or in part, because the alleged corrective disclosures do not match any alleged false or misleading statement or omission and, therefore, no such statement or omission had any impact on the price of Alphabet's securities.

### Sixteenth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

### Seventeenth Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because many of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain for all or part of the relevant time and, as such, were received by, or otherwise available to, Plaintiffs and members of the putative class for all or part of the relevant time reflected in the price of Alphabet's securities.

### Eighteenth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiffs and members of the putative class based on alleged violations of the Exchange Act are barred, in whole or in part, because Plaintiffs and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing Alphabet's securities.

DEFS' ANSWER TO SAC                    -62-
CASE NO. 3:23-CV-01186-RFL

**Nineteenth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk. Plaintiffs and members of the putative class knew the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

**Twentieth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are not properly maintainable as a class action, including because the lawsuit brought by the Department of Justice referenced in the Complaint could not constitute a corrective disclosure.

**Twenty-First Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, to the extent they were dismissed with prejudice by the Court's Order, *see* Order at 17–18; Judgment at 1, or waived due to Plaintiffs' failure to defend them in their opposition to Defendants' motion to dismiss the Complaint.

**Twenty-Second Affirmative Defense**

Mr. Pichai, as an alleged control person under Section 20(a) of the Exchange Act, had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

**Twenty-Third Affirmative Defense**

Mr. Pichai, as an alleged control person under Section 20(a) of the Exchange Act, acted in good faith and did not act recklessly in inducing, either directly or indirectly, any act or omission alleged to constitute a primary violation under Section 10(b) of the Exchange Act and Rule 10b-5, 17 C.F.R. § 240.10b-5.

**Twenty-Fourth Affirmative Defense**

Mr. Pichai, as an alleged control person under Section 20(a) of the Exchange Act, was not a culpable participant, directly or indirectly, in act or omission alleged to constitute a primary violation under Section 10(b) of the Exchange Act and Rule 10b-5, 17 C.F.R. § 240.10b-5.

**Twenty-Fifth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

**Twenty-Sixth Affirmative Defense**

Defendants may be entitled to a right of contribution and/or indemnification from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage, and/or loss, if any, should Plaintiffs receive judgment against Defendants.

**Twenty-Seventh Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class based on alleged violations of the Exchange Act is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

**Twenty-Eighth Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class based on alleged violations of the Exchange Act is limited to the percentage of responsibility by a defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to such alleged damages, pursuant to Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f)(3)(A).

**Twenty-Ninth Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiffs or members of the putative class is subject to offset in the amount of any benefit received by Plaintiffs or members of the putative class through their investments, including but not limited to any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

**Thirtieth Affirmative Defense**

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, to the extent that Plaintiffs and the purported class members held, have disposed of, or could have disposed of their securities at a price in excess of the price at which Plaintiffs and members of the putative class purchased such securities.

### Thirty-First Affirmative Defense

Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

### Thirty-Second Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, consent, laches, and/or unclean hands.

### Thirty-Third Affirmative Defense

Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### Thirty-Fourth Affirmative Defense

Plaintiffs and members of the putative class are not entitled to prejudgment interest.

### Thirty-Fifth Affirmative Defense

Plaintiffs and members of the putative class are not entitled to recover counsel fees, expert fees, or other costs or expenses.

### Thirty-Sixth Affirmative Defense

Recovery in this action is barred, in whole or in part, to the extent recovery is had in another lawsuit, other proceedings, or otherwise.

### Thirty-Seventh Affirmative Defense

Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, to the extent they failed to bring their claims within the two-year statute of limitations set forth under 28 U.S.C. § 1658(b).

### Additional Defenses

Defendants may have additional, as yet unidentified affirmative or additional defenses available against Plaintiffs and/or putative class members and thus reserve the right to assert such defenses in a timely fashion after the facts to support such defenses become known to them.

WHEREFORE, Defendants pray that the Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiffs and the putative class take nothing from Defendants by this Complaint, and that the same be dismissed with prejudice;

3. For such other and further relief as this Court deems just and proper.

Dated: May 1, 2025                                         FRESHFIELDS US LLP

                                                          By: */s/ Boris Feldman*
                                                                    Boris Feldman

                                                          *Attorneys for Defendants Alphabet Inc.,*
                                                          *Google LLC, and Sundar Pichai*

DEFS' ANSWER TO SAC                                    -66-
CASE NO. 3:23-CV-01186-RFL