POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com

*Counsel for Plaintiffs and for the Proposed
Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and SUNDAR PICHAI<br><br>Defendants. | Case No. 3:23-CV-01186-RFL<br><br><br>Date:        July 29, 2025<br>Time:        10:00 AM<br>Location:  Courtroom 15 – 18th Floor<br>Judge:      Rita F. Lin |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL**

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................................1

ARGUMENT.....................................................................................................................................3

    I.      Defendants Do Not Identify a Controlling Question of Law............................................4

          A.    Defendants Do Not Raise a Purely Legal Question as to Scienter .......................5

          B.    Defendants Do Not Raise a Purely Legal Question as to Falsity .........................8

    II.     No Substantial Ground for Difference of Opinion Exists...................................................9

          A.    There Is No Substantial Ground for Difference of Opinion as to Scienter.........10

              i.       The Court Applied *Tellabs* Correctly .......................................................10

              ii.      Courts Apply *Tellabs* Consistently ...........................................................11

          B.    There Is No Substantial Ground for Difference of Opinion as to Falsity...........12

              i.       The Purported Market Understanding Is Not a Basis for Interlocutory Review ...............................................................................................................13

              ii.      Defendants' Policy Arguments Do Not Merit Interlocutory Review .....14

    III.    Immediate Appeal Will Not Materially Advance This Litigation...................................15

    IV.    Defendants Have Not Provided a Basis for the Court to Reconsider Its Decision .........15

CONCLUSION................................................................................................................................15

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL
- 3:23-cv-01186-RFL

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*,
2006 WL 2850017 (N.D. Cal. Oct. 4, 2006)...............................................................................7

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
2018 WL 2761855 (N.D. Cal. June 8, 2018) .......................................................................5, 7, 10

*Batterton v. Dutra Grp.*,
2015 WL 13752889 (C.D. Cal. Feb. 6, 2015)...........................................................................14

*Berson v. Applied Signal Tech., Inc.*,
527 F.3d 982 (9th Cir. 2008) .........................................................................................3, 8, 11

*City of Oakland v. Wells Fargo Bank, N.A.*,
2018 WL 7575537 (N.D. Cal. Sept. 5, 2018) ...........................................................................7

*Colyer v. Acelrx Pharms.*,
2015 WL 7566809 (N.D. Cal. Nov. 25, 2015) .........................................................................12

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .....................................................................................3, 4, 9, 10

*Cunha v. Hansen Nat. Corp.*,
2012 WL 12886194 (C.D. Cal. Oct. 22, 2012).........................................................................4

*Dillon v. Murphy & Hourihane*,
2014 WL 5408416 (N.D. Cal. Oct. 22, 2014)...........................................................................15

*E. Ohman J:or Fonder AB v. NVIDIA Corp.*,
81 F.4th 918 (9th Cir. 2023) ..................................................................................................5

*Edenbrook Cap., LLC v. RhythmOne Plc*,
2019 WL 1791419 (N.D. Cal. Apr. 24, 2019) ...........................................................................8

*Espy v. J2 Glob.*,
99 F.4th 527 (9th Cir. 2024) ..................................................................................................11

*Facebook Inc. v. Namecheap Inc.*,
2021 WL 961771 (D. Ariz. Mar. 15, 2021) ..............................................................................15

*Finjan, Inc. v. Check Point Software Techs.*,
2020 WL 1929250 (N.D. Cal. Apr. 21, 2020) ...........................................................................4

*Flores v. Velocity Express, LLC*,
    2015 WL 4463639 (N.D. Cal. July 21, 2015)...............................................................................10

*Garcia v. J2 Glob.*,
    2022 WL 22717936 (C.D. Cal. Aug. 8, 2022)...............................................................................12

*Henley v. Jacobs*,
    2019 WL 8333448 (N.D. Cal. Oct. 25, 2019)...........................................................................2, 4, 15

*Herrera v. Wells Fargo, N.A.*,
    2020 WL 7051097 (C.D. Cal. Oct. 8, 2020)................................................................................10

*Home Depot U.S.A., Inc. v. E.I. DuPont de Nemours & Co.*,
    2019 WL 6171063 (N.D. Cal. Nov. 20, 2019) ....................................................................4, 5, 7, 10

*Howard v. Arconic Inc.*,
    2022 WL 3021549 (W.D. Pa. July 29, 2022) ..............................................................................4

*Hunt v. Bloom Energy Corp.*,
    2022 WL 1122835 (N.D. Cal. Apr. 14, 2022) .............................................................................4

*In re Alphabet, Inc. Sec. Litig.*,
    1 F.4th 687 (9th Cir. 2021) ........................................................................................................8

*In re Apple Inc. Sec. Litig.*,
    678 F. Supp. 3d 1147 (N.D. Cal. 2023) .....................................................................................5

*In re Facebook, Inc. Sec. Litig.*,
    87 F.4th 934 (9th Cir. 2023) ......................................................................................................14

*In re InfoSonics Corp. Sec. Litig.*,
    2008 WL 11338358 (S.D. Cal. Apr. 28, 2008)...........................................................................5

*In re LDK Solar Sec. Litig.*,
    584 F. Supp. 2d 1230 (N.D. Cal. 2008) .....................................................................................4

*In re Plantronics, Inc. Sec. Litig.*,
    2022 WL 17974627 (N.D. Cal. Nov. 7, 2022) .......................................................................3, 15

*In re Resonant Inc. Sec. Litig.*,
    2016 WL 6603953 (C.D. Cal. Sept. 6, 2016) .............................................................................4

*In re Snap Inc. Sec. Litig.*,
    2018 WL 3816764 (C.D. Cal. Aug. 8, 2018)..............................................................................4

*In re Tahoe Res., Inc. Sec. Litig.*,
    2020 WL 1433514 (D. Nev. Mar. 23, 2020) ...........................................................................4, 14

iii

*In re Tenaris S.A. Sec. Litig.*,
   2021 WL 2843204 (E.D.N.Y. July 1, 2021) ........................................................................................1

*In re Wash. Mut., Inc. Sec., Deriv. & ERISA Litig.*,
   694 F. Supp. 2d 1192 (W.D. Wash. 2009) ........................................................................................13

*Institutional Invs. Grp. v. Avaya, Inc.*,
   564 F.3d 242 (3d Cir. 2009) ........................................................................................5

*James v. Price Stern Sloan, Inc.*,
   283 F.3d 1064 (9th Cir. 2002) ........................................................................................3

*Ji v. Naver Corp.*,
   2024 WL 251402 (N.D. Cal. Jan. 23, 2024) ........................................................................1, 2, 7, 12

*Joyce v. Amazon.com*,
   2025 WL 835054 (W.D. Wash. Mar. 17, 2025) ........................................................................................11

*Loritz v. Exide Techs.*,
   2014 WL 4058752 (C.D. Cal. Aug. 7, 2014) ........................................................................................8

*Luo v. Spectrum Pharms.*,
   2024 WL 4443323 (D. Nev. Oct. 7, 2024) ........................................................................................13

*Mehedi v. View, Inc.*,
   2024 WL 3748012 (N.D. Cal. Aug. 8, 2024) ........................................................................................7

*MP Nexlevel of Cal., Inc. v. Cvin, LLC*,
   2016 WL 5815895 (E.D. Cal. Oct. 5, 2016) ........................................................................................5

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms*,
   2024 WL 4353049 (N.D. Cal. Sept. 30, 2024) ........................................................................................11

*Oliner v. Kontrabecki*,
   305 B.R. 510 (N.D. Cal. 2004) ........................................................................................5

*Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix*,
   2024 WL 3447524 (N.D. Cal. July 16, 2024) ........................................................................................13

*SEB Inv. Mgmt. AB v. Align Tech.*,
   485 F. Supp. 3d 1113 (N.D. Cal. 2020) ........................................................................................13

*Smith v. United HealthCare Servs.*,
   2003 WL 22834865 (D. Minn. Nov. 26, 2003) ........................................................................................14

*SolarCity Corp. v. Salt River Project Agric. Improv. & Power Dist.*,
   859 F.3d 720 (9th Cir. 2017) ........................................................................................3

iv

*Somers v. Digital Realty Tr.*,
  2015 WL 4481987 (N.D. Cal. July 22, 2015) ...................................................................................14

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) .................................................................................................... *passim*

*U.S. Rubber Co. v. Wright*,
  359 F.2d 784 (9th Cir. 1966) ...................................................................................................9

*Vasquez v. Libre by Nexus, Inc.*,
  2018 WL 9868570 (N.D. Cal. Nov. 20, 2018) .................................................................................5

*Welgus v. TriNet Grp.*,
  2017 WL 6466264 (N.D. Cal. Dec. 18, 2017) ...............................................................................13

*York Cnty. ex rel. Cnty. of York Ret. Fund v. HP Inc.*,
  2024 WL 4831889 (N.D. Cal. June 3, 2024) ................................................................................14

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ...................................................................................................11

**Statutes**

15 U.S.C. §78j(b) .................................................................................................... *passim*

28 U.S.C. § 1292(b) .................................................................................................... *passim*

**Other Authorities**

Ninth Circuit, 2023 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-
  council/publications/AnnualReport2023.pdf ...............................................................................15

v

**INTRODUCTION**

Defendants' request for interlocutory appeal borders on frivolous. It merits a swift denial. While it "is obvious that defendants disagree with the" Court, they should "focus on meritorious litigation practice with consideration for the Court's resources as well as their own." *In re Tenaris S.A. Sec. Litig.*, 2021 WL 2843204, at *4 (E.D.N.Y. July 1, 2021). The law cannot be clearer that "[i]nterlocutory appeals are intended to resolve pure questions of law, not challenges to the district court's application of settled law to specific alleged facts." *Ji v. Naver Corp.*, 2024 WL 251402, at *2 (N.D. Cal. Jan. 23, 2024). The frivolity of Defendants' argument is laid bare by Defendants' own "issues to be decided":

"(a) **How should courts *apply the scienter pleading requirements*** articulated in *Tellabs* when plaintiffs plead a series of unparticularized allegations?"

"(b) ***When evaluating the falsity*** of a challenged statement, ***may a court read the statement broadly if that interpretation*** is inconsistent with the statement's context?" (ECF No. 118 "Mot." at 1).[1]

The Court ruled, applying well-established law and the plain meaning of Defendants' Congressional testimony to Plaintiffs' allegations, that they adequately alleged that Alphabet misstated that "[t]he channel through which a bid is received [in Google's ad auction platform] does not otherwise affect the determination of the winning bidder." ECF No. 108 ("Order") at 2, 8-10. This was misleading because "Google's ad auctions in fact favored bids submitted through Google-owned platforms or the Facebook Advertising Network." *Id.* at 2. The Court further determined, applying clear Supreme Court and Ninth Circuit precedent to Plaintiffs' factual allegations, that they adequately alleged Defendant Pichai "was well-aware of these advantages when he represented otherwise." *Id.* at 2, 10-12. These well-reasoned rulings do not provide any realistic basis to depart from the firm rule against interlocutory review.

This case relates to Alphabet's misrepresentation of its anticompetitive practices in Google's advertising technology ("ad tech") business, a key part of Google's operations that has been subject to intense governmental scrutiny and enforcement actions in many jurisdictions. Order at 5. Defendants' motion for interlocutory review is an ill-fated attempt to turn their disagreement with the Court's uncontroversial decision into the type of extraordinary circumstance needed for certification under 28

---

[1] Emphasis is added and internal quotations marks are omitted herein, unless noted otherwise below.

U.S.C. § 1292(b). They do this by mischaracterizing the Court's rulings, ignoring the fact-intensive nature of the scienter and falsity inquiries, and raising hyperbolic concerns that do not fit the reality of this case. Short on legal support for their position, Defendants ask for special treatment of Alphabet as "one of the largest technology companies in the world." (Mot. at 2). This unwarranted request is consistent with Defendants' prior treatment of Google as above the law, including their unprecedented request for staged discovery that the Court denied because it would "generate needless motions practice." ECF No. 121 at 2; *see also* ECF No. 117 at 13-14.

Defendants do not come close to meeting the extraordinary requirements for interlocutory review under Section 1292(b), each of which is an independent reason to deny their request. ***First***, Defendants do not raise a "controlling question of law" because they do not raise "purely legal" questions. *Henley v. Jacobs*, 2019 WL 8333448, at *2 (N.D. Cal. Oct. 25, 2019). Rather, the issues that Defendants raise are **quintessential "challenges to the district court's application of settled law to specific alleged facts**," which are not subject to interlocutory review. *Ji*, 2024 WL 251402, at *2. This alone firmly shuts the door on Defendants' request. The Supreme Court has made clear that rather than "scrutinize each [scienter] allegation in isolation," the assessment of whether plaintiffs "state with particularity facts giving rise to a strong inference" of scienter is based on "all the allegations holistically." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 326 (2007). The Ninth Circuit has consistently applied this well-established standard. *See infra* at 5-6. This Court did the same when it denied in part Defendants' motion to dismiss, to Defendants' chagrin. Defendants try to contrive a purely legal question out of what is plainly a fact-intensive inquiry by asking "whether holistic review can overcome an absence of particularized facts" or "whether a series of unparticularized allegations can create a strong inference of scienter." Mot. at 1. This circular framing assumes incorrectly that Plaintiffs' allegations are unparticularized, mischaracterizes the Court's careful analysis, and ignores *Tellabs*'s instruction that the assessment of particularity itself must be done on a holistic basis. Defendants then go even farther afield by suggesting that the Court's decision amounts to the imposition of "strict liability." *Id.* This sensationalist description misreads the Court's detailed reasoning and ignores its dismissal of the prior complaint for failing to plead scienter—a ruling that would be impossible under a strict-liability standard.

Similarly, Defendants ignore the well-established—and inherently fact-intensive—standard under

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL - 3:23-cv-01186-RFL

which "a statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 985 (9th Cir. 2008). Defendants state the uncontentious principle that a statement's falsity must be assessed in context, but they mischaracterize the Order as "broadly" interpreting Defendants' statement in a way that is "inconsistent with [its] context." Mot. at 1. Simply reviewing the Order's close reading of Defendants' statement at issue shows that they do not raise a "purely legal" question about the falsity standard, but instead just disagree with the Court's interpretation of their statement.

*Second*, Defendants do not raise "a substantial ground for difference of opinion" with the Court's decision. There is no "split among district courts in this Circuit" or an "absence of specific Ninth Circuit guidance," as Defendants misleadingly contend. Mot. at 1-2. Instead, Defendants mischaracterize the Court's scienter and falsity rulings and point to different district court decisions that, unsurprisingly, reach different results based on different factual scenarios. Moreover, even if "settled law might be applied differently" by different district courts—which is not the case here—that still would "not establish a substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

*Third*, an immediate appeal will not "materially advance the ultimate termination of the litigation" because Defendants raise issues that arise whenever a district court denies a motion to dismiss on dispositive issues. Rather, an appeal will substantially delay this litigation for no good reason.

Defendants' lament really boils down to their disagreement with the Court's decision that is grounded in clear Supreme Court and Ninth Circuit authority. Their intention is clear in their footnoted request for reconsideration that not only fails to meet the high hurdle for such relief, but also plainly violates "Civil Local Rule 7-9(c)'s prohibition on repetition of argument" through its bare reference to the reasons set forth in Defendant's Motion to Dismiss the SAC. *In re Plantronics, Inc. Sec. Litig.*, 2022 WL 17974627, at *8 (N.D. Cal. Nov. 7, 2022).

## ARGUMENT

Motions under Section 1292(b) "must be construed narrowly" because they are a "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). That is because if "non-final decisions were generally appealable, cases could be interrupted and trials postponed indefinitely" by "enterprising appellants." *SolarCity Corp. v. Salt River*

*Project Agric. Improv. & Power Dist.*, 859 F.3d 720, 723 (9th Cir. 2017). Certification for interlocutory appeal should therefore be granted "only when 'exceptional circumstances' justify a departure from the well-established policy of postponing appellate review until after a final judgment." *Home Depot U.S.A., Inc. v. E.I. DuPont de Nemours & Co.*, 2019 WL 6171063, at *1 (N.D. Cal. Nov. 20, 2019).

The "party pursuing the interlocutory appeal bears the burden of" showing three things: (1) there is "a controlling question of law" upon which (2) "there is substantial ground for difference of opinion," and (3) that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Couch*, 611 F.3d at 633. Even if the movant meets all of these requirements, the Court's decision "is entirely discretionary" and the denial of certification is "unreviewable." *Finjan, Inc. v. Check Point Software Techs.*, 2020 WL 1929250, at *3 (N.D. Cal. Apr. 21, 2020).

Courts routinely reject requests to certify questions for interlocutory appeal in securities cases absent "exceptional circumstances" that are glaringly absent here. *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1259-60 (N.D. Cal. 2008); *see also Hunt v. Bloom Energy Corp.*, 2022 WL 1122835, at *2 (N.D. Cal. Apr. 14, 2022) (same); *In re Snap Inc. Sec. Litig.*, 2018 WL 3816764, at *2 (C.D. Cal. Aug. 8, 2018) (holding the "fact that a question of law is merely 'uncertain' is insufficient to justify immediate appellate review"); *In re Resonant Inc. Sec. Litig.*, 2016 WL 6603953, at *3 (C.D. Cal. Sept. 6, 2016) (defendants did not present a "controlling question of law" because their challenge to role of expert ignored "other factual allegations"); *Cunha v. Hansen Nat. Corp.*, 2012 WL 12886194, at *7 (C.D. Cal. Oct. 22, 2012) (holding whether conduct constituted illegitimate channel stuffing not proper for interlocutory appeal). Courts around the country agree. *See, e.g.*, *Howard v. Arconic Inc.*, 2022 WL 3021549, at *3–4 (W.D. Pa. July 29, 2022) (holding application of corporate scienter "doctrine to the asserted facts makes this matter particularly unsuited for interlocutory review"). Where, as here, Defendants "argue that Plaintiff's generalized scienter allegations" did not suffice, disagreement with the "application of undisputed legal standards" is not a basis for interlocutory review. *In re Tahoe Res., Inc. Sec. Litig.*, 2020 WL 1433514, at *5–6 (D. Nev. Mar. 23, 2020).

## I.    Defendants Do Not Identify a Controlling Question of Law

A "controlling question of law in an interlocutory appeal generally is a ***purely legal*** one that can be resolved quickly without delving into a particular case's facts." *Henley*, 2019 WL 8333448, at *2; *see*

*also MP Nexlevel of Cal., Inc. v. Cvin, LLC*, 2016 WL 5815895, at *4 (E.D. Cal. Oct. 5, 2016) (explaining that "numerous courts hold that a 'controlling question of law' must present a 'pure' or 'abstract' legal issue" such that "case– and fact-specific orders are not certifiable" under § 1292(b)). On the other hand, a "mixed question of law and fact or the application of law to a particular set of facts by itself is not appropriate for permissive interlocutory review." *Home Depot*, 2019 WL 6171063, at *2; *see also Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 2761855, at *2 (N.D. Cal. June 8, 2018) (similar); *Vasquez v. Libre by Nexus, Inc.*, 2018 WL 9868570, at *4 (N.D. Cal. Nov. 20, 2018) (holding issue must "lift the question out of the details of the evidence of facts of a particular case"); *Oliner v. Kontrabecki*, 305 B.R. 510, 529 (N.D. Cal. 2004) (holding that "[b]ecause the alleged 'controlling questions of law'" were "heavily fact-based," interlocutory appeal was not appropriate). Defendants' beef is with this Court's application of the law to the facts of the case—an issue clearly unsuitable for interlocutory appeal.

### A. Defendants Do Not Raise a Purely Legal Question as to Scienter

As Defendants acknowledge, the Supreme Court's decision in *Tellabs* governs the scienter analysis. *See* Mot. at 1, 5-6, 9-10. Whether an inference of scienter satisfies the *Tellabs* standard "depends on its particular context." *In re InfoSonics Corp. Sec. Litig.*, 2008 WL 11338358, at *4 (S.D. Cal. Apr. 28, 2008); *see also In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1156 (N.D. Cal. 2023) (noting "scienter is a 'fact-specific' issue which should ordinarily be left to the trier of fact"); *Institutional Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 269, 272 (3d Cir. 2009) (explaining the scienter analysis is particularly difficult and "case specific," ultimately resting "on a practical judgment" based on "the whole factual picture painted by the Complaint"). The Ninth Circuit has reiterated in multiple recent cases that "[e]ven if no single allegation, standing alone, is 'sufficient to give rise to a strong inference of scienter,' a holistic review of all the allegations may 'combine to give rise to a strong inference of scienter.'" *E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 940 (9th Cir. 2023) (quoting *Glazer Cap. Mgmt. L.P. v. Forescout Techs.*, 63 F.4th 747, 766 (9th Cir. 2023)), *cert. dismissed as improv. granted*, 604 U.S. 20 (2024). The analysis in these cases highlights the fact-specific nature of the holistic scienter inquiry.

Dissatisfied with the Court's ruling, Defendants try to invent a purely legal question by characterizing Plaintiffs' allegations as lacking "particularized facts" or as being "unparticularized." Mot. at 3. But this tortured reading still involves the *application of the law* to the facts here: were the factual

allegations sufficiently particularized to meet the well-established scienter standard. Here, the Court found that they were under *Tellabs*. *Tellabs* directs that rather than "scrutinize each allegation in isolation," the assessment of whether plaintiffs "state with particularity facts giving rise to a strong inference" of scienter must be based on "all the allegations holistically." 551 U.S. at 326. This fact-intensive standard applies to Defendants' first two purported legal questions because it covers (1) the particularity of Plaintiffs' individual allegations and (2) whether the overall inference that they create is more compelling than Defendants' alternative. *Tellabs* and Ninth Circuit authority are thus clear that the very issue that Defendants raise—whether Plaintiffs' allegations are sufficiently particular to satisfy the scienter standard—is a fact-intensive inquiry that depends on the allegations as a whole. Even Defendants agree that allegations that are insufficient on their own can "combine to create a strong inference" of scienter. Mot. at 6 (quoting *N.M. State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1095 (9th Cir. 2011)).

The Court followed this standard to the letter when it ruled that "[t]aken together, [Plaintiff's] allegations provide sufficient circumstantial evidence to create a strong inference of scienter as to Pichai and, by extension, Google." Order at 11-12. The Court cogently explained that even if some of Plaintiffs' allegations were not enough on their own, "[t]aken together, these allegations are sufficient to make an inference of scienter that is cogent and at least as compelling as any opposing inference." Order at 11-12. This description applied only to certain of Plaintiffs' allegations, undermining even further Defendants' contention that Plaintiffs' allegations are unparticularized. The Court based its ruling on numerous *particularized* allegations, including specific allegations supporting the conclusion that negotiations between Google and Facebook "involved the top echelon at both companies," that the threat Facebook posed to Google was "existential," as exemplified by Google's own internal documents, that Pichai admitted under oath that he reviews "at a high level [] all the important decisions" Google makes, that he specifically "received at least some briefing about the agreement" at issue, as shown by Google's own internal documents, "the relative seniority of the individuals who signed the agreement," and the fact that "Pichai prepared to testify to Congress about the unified auction." Order at 11-12. Indeed, the Court specifically rejected Defendants' assertion that "Plaintiffs' allegations of Pichai's participation in negotiating the FAN Agreement are too generalized," because "Plaintiffs allege more" than "unspecified allegations of participation in negotiating the agreement." Order at 12.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL - 3:23-cv-01186-RFL

Defendants' characterization of Plaintiffs' allegations as unparticularized, "[a]lthough couched as a purely legal question," reflects that Defendants "simply do not like how this Court applied settled precedent to the facts of this case." *Home Depot*, 2019 WL 6171063, at *2; *see also Arista* 2018 WL 2761855, at *2 (holding "the Court did not reach a purely legal conclusion detached from the record"). What Defendants "ultimately take issue with is how the Court applied controlling Supreme Court and Ninth Circuit . . . standards to the particulars of this case's (alleged) facts." *Ji*, 2024 WL 251402, at *2. This is not a legitimate basis for seeking interlocutory review.

Defendants cite no legal precedent even hinting that they have raised a controlling question of law as to whether the types of allegations that Plaintiffs raise can support a strong inference of scienter. Instead, Defendants (1) contend that "reversal on appeal" as to either element "would require dismissal of the entire action," (2) raise misinformed policy issues about the nature of securities litigation and (3) seek special treatment "given Alphabet's size." Mot. at 4. Defendants cite no legal authority (let alone precedent) supporting the notion that Alphabet's size and supposed "ramifications well beyond the present case" qualify as controlling issues of law. And the cases they cite on the first issue still required that it be "a pure question of law"—hardly the case here. *Mehedi v. View, Inc.*, 2024 WL 3748012, at *1 (N.D. Cal. Aug. 8, 2024); *see also City of Oakland v. Wells Fargo Bank, N.A.*, 2018 WL 7575537, at *1 (N.D. Cal. Sept. 5, 2018) (addressing issue that "the Supreme Court deliberately left unspecified").[2] Defendants' position also does not make sense because even if a reversal on appeal "would require dismissal of the entire case," that argument is directed at the third prong of Section 1292(b), *i.e.*, whether "an interlocutory appeal would materially advance the termination of the litigation," which is an independent requirement that Defendants must separately satisfy to qualify for interlocutory review. *Mehedi*, 2024 WL 3748012, at *2. *See infra* at 15.

Highlighting even further Defendants' stretch of Section 1292(b) beyond its legitimate bounds is their sensationalist mischaracterization of the Court's ruling as "creat[ing] new law effectively converting Section 10(b) to a strict liability claim." Mot. at 1, 3. The absurdity of this straw man is demonstrated by the Court's dismissal of Plaintiffs' prior complaint, where the Court determined that. while it adequately

---

[2] The other case that Defendants cite dealt only with the issue of whether the question was "controlling," without addressing whether it qualified as a "question of law." *Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*, 2006 WL 2850017, at *2 (N.D. Cal. Oct. 4, 2006).

alleged falsity, it failed to meet the "exacting pleading obligation" of scienter. ECF No. 86 at 10-11. The high bar that the Court has applied to Plaintiffs' scienter allegations throughout this action, as well as the particularized allegations that support the Court's subsequent ruling on scienter, underscore the infirmity of Defendants' arguments.

## B. Defendants Do Not Raise a Purely Legal Question as to Falsity

The standard for falsity under Section 10(b) is crystal clear. A "statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Berson*, 527 F.3d at 985; *see also In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 699 (9th Cir. 2021) (applying "the objective standard of a 'reasonable investor'"). Defendants also acknowledge the well-established notion that falsity must be assessed "fairly and in context," and that "context matters in determining the falsity of statements based on highly technical information." Mot. at 11-12 (quoting *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech.*, 856 F.3d 605, 616 (9th Cir. 2017) and *In re Nektar Theraps. Sec. Litig.*, 34 F.4th 828, 837 (9th Cir. 2022)).

Defendants do not identify any controlling question of law in need of resolution related to these well-established principles because none exits. Whether a reasonable investor would be misled by a statement, after accounting for its context, is a quintessentially factual issue that is foreclosed from interlocutory review. *See Berson*, 527 F.3d at 986 (holding that while defendants' position "is a conceivable interpretation" of the statement at issue, "it is hardly the only—or even the most plausible—one"); *Edenbrook Cap., LLC v. RhythmOne Plc*, 2019 WL 1791419, at *7 (N.D. Cal. Apr. 24, 2019) (same, holding defendant's interpretation "does not support a finding that its alleged omission was not misleading as a matter of law at this stage"); *Loritz v. Exide Techs.*, 2014 WL 4058752, at *7 (C.D. Cal. Aug. 7, 2014) (argument "that a reasonable investor would not have be[en] mislead . . . essentially raise[s] factual issues that cannot be resolved" at this stage).

Faced with these authoritative standards, Defendants ask pejoratively whether "the context of the statement [is] controlling or can the district court give it its own interpretation," and whether "falsity may be evaluated outside of the disclosure's textual context." Mot. at 1, 3. This is yet another transparent attempt to manufacture a legal question by mischaracterizing the Court's ruling. The Court held that the Complaint adequately pled a misleading statement, *i.e.*, that "[t]he channel through which a bid is received

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL - 3:23-cv-01186-RFL

does not otherwise affect the determination of the winning bidder." Order at 8-10. Defendants wrongly blame the Court for supposedly having assessed falsity "outside of the disclosure's textual context" (Mot. at 3). But even this warped view fails to raise a purely legal question. In essence, Defendants simply disagree with the Court's contextual interpretation of their statement. The Court specifically considered Defendants' contention that their "statement only relates to what happens *after* bids are submitted to the unified auction and does not address the probability of winning the unified auction"—precisely what Defendants now contend the Court misread. The Court considered that statement in context: it explained that "Plaintiffs have alleged that FAN and DV360, armed with better information and more time than other third-party channels, would have been able to submit winning bids to the unified auction at a far higher rate than would have been possible without their timing and informational advantages. On a bid-by-bid basis, this would plausibly 'affect' the determination of the winning bidder because—without these advantages—FAN or DV360 would often have been outbid by a competitor." Order at 10. In truth, what Defendants call "context" is simply just their preferred—and skewed—interpretation of their statement. [3]

## II.    No Substantial Ground for Difference of Opinion Exists

In the Ninth Circuit, courts find "a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* (holding Section 1292(b) is a "narrow exception to the final judgment rule"); *see also U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (holding § 1292 "was not intended merely to provide review of difficult rulings in hard cases"). This means that if there is simply "a difference in opinion among different district courts" as to how to apply circuit

---

[3] The cases that Defendants cite, largely from other circuits, are not to the contrary because they involved real conflicts regarding purely legal issues. *See* Mot. at 5 (citing *Republic Maximal LLC v. Romulus Cap. Partners II, LLC*, 2024 WL 3169798, at *6-7 (D. Mass. June 25, 2024) (addressing "pure legal principle" related to individual reliance outside the class context that the "First Circuit has not clearly or consistently explained" and about which "[t]he Federal Circuits are also split"); *Smilovits v. First Solar*, 119 F. Supp. 3d 978, 990 (D. Ariz. 2015) (describing conflicting loss causation standards, including an "apparent misreading" of earlier Ninth Circuit precedent); *In re Dynex Cap. Sec. Litig.*, 2006 WL 1517580, at *3 (S.D.N.Y. June 2, 2006) (holding "permissibility of pleading corporate or collective scienter within" the Second Circuit was "uncertain" under circuit precedent)).

precedent, even if different district court decisions "are directly at odds with each other," that "is insufficient to find a substantial grounds for a difference in opinion under *Couch*." *Herrera v. Wells Fargo, N.A.*, 2020 WL 7051097, at *4 (C.D. Cal. Oct. 8, 2020). Similarly, "the mere fact that other courts have taken a different approach does not demonstrate a substantial difference of opinion under the meaning of § 1292(b)." *Arista*, 2018 WL 2761855, at *3.

Moreover, it "is well settled that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633-34. It follows that even if "the Ninth Circuit has not addressed the precise question [a party] seeks to certify, that fact would be insufficient to support an existence of a 'substantial ground for difference of opinion.'" *Arista*, 2018 WL 2761855, at *3; *see also Home Depot*, 2019 WL 6171063, at *3 ("The lack of a case addressing the precise fact pattern presented here does not create a novel issue of law."). It goes without saying that "a party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference" of opinion. *Couch*, 611 F.3d at 633.

Defendants do not identify a substantial ground for difference of opinion with the Court's Order because courts consistently apply the fact-intensive scienter and falsity standards at issue here. Even if other courts might "have taken a different approach"—and they would not have because the Court ruled correctly—that still would "not demonstrate a substantial difference of opinion" as to the fact-intensive issues of scienter and falsity that Defendants raise. *Arista*, 2018 WL 2761855, at *3. As explained further below, Defendants "have not provided a single case that conflicts with the district court's construction or application of" scienter and falsity, or demonstrated that the "circuits are in dispute on the question" at issue. *Couch*, 611 F.3d at 633-34; *see also Flores v. Velocity Express, LLC*, 2015 WL 4463639, at *3 (N.D. Cal. July 21, 2015) (finding no substantial ground for difference of opinion where defendants "have not cited a single case that conflicts with the holding" at issue).

### A. There Is No Substantial Ground for Difference of Opinion as to Scienter

#### i. The Court Applied *Tellabs* Correctly

The Court's scienter ruling carefully assessed each of Plaintiffs' allegations and concluded that "[t]aken together," they "are sufficient to make an inference of scienter that is cogent and at least as

compelling as any opposing inference." Order at 12; *see supra* at 6. The Court based this ruling on *Tellabs*, Ninth Circuit authority, and a decision from this District, specifically distinguishing Defendants' authority as "inapposite." Order at 6, 10-12. Plaintiffs also cited ample authority showing why the types of allegations here support a strong inference of scienter. ECF No. 98 (MTD Opp.) at 12-19. Defendants' suggestion that the "Court's holding runs the risk of transforming Section 10(b) into a strict liability cause of action" (Mot. at 10-11) lacks credulity considering the abundant factual allegations supporting a strong inference of scienter and the Court's discerning approach to the issue. *See supra* at 6.

### ii.   Courts Apply *Tellabs* Consistently

Defendants' contention that district courts disagree about whether a holistic review "can overlook" a purported "lack of particularized individual scienter allegations" (Mot. at 5) misstates the law because the issue of particularity is itself assessed on a holistic basis (*see supra* at 2, 6). Defendants also wildly mischaracterize the cases cited. In each case, including in the one at hand, courts consistently applied *Tellabs* to assess the particularity of the allegations in the unique factual scenarios presented. Defendants try to invent a contrast between the Ninth Circuit's standard in *Berson* and that in *Espy* and *Zucco*. Mot. at 6-7. No such contrast exists, and the *Espy* and *Zucco* courts cited *Berson* **approvingly**, explaining that it involved far more "prominent facts" that supported scienter. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1001 (9th Cir. 2009); *Espy v. J2 Glob.*, 99 F.4th 527, 539-40 (9th Cir. 2024) (distinguishing *Berson*). Similarly, Defendants make much of the role of Congressional testimony in *Joyce v. Amazon.com*, 2025 WL 835054, at *10–11 (W.D. Wash. Mar. 17, 2025). Mot. at 7.[4] But *Joyce* simply came to a different conclusion based on different facts. *See* Order at 11-12 (holding testimony "not enough on its own" but added to the inference of scienter when considered with the rest of the allegations).

Defendants' remaining cases reflect courts consistently applying the well-established scienter standard to unique factual circumstances, which lacked either the specificity of the individual defendants' involvement in the topics at issue or the additional allegations that support scienter here.[5] The same is true

---

[4] *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms*, 2024 WL 4353049, at *18 (N.D. Cal. Sept. 30, 2024), dealt with a "specific issue or data," where certain defendants "specifically addressed" internal "research about Instagram harming children," and more general statements by other defendants did not suffice.

[5] Mot. at 6-9 (citing *Thomas v. Magnachip Semicon. Corp.*, 167 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016)

for Defendants' out-of-circuit cases.[6] "That district courts may reach different conclusions when applying [applicable] standards to unique factual scenarios is unremarkable, and does not necessitate an immediate appeal." *Ji*, 2024 WL 251402, at *2. Defendants' attempt to reframe the issue as "whether unparticularized allegations can create an inference of scienter more compelling than an alternative innocent explanation" (Mot. at 9-10) fares no better because it also incorrectly assumes that Plaintiffs' allegations are unparticularized, and there is no court split on the consistent scienter pleading standard.[7]

### B. There Is No Substantial Ground for Difference of Opinion as to Falsity

As with their scienter argument, Defendants' falsity argument merely reflects their disagreement with the Court's well-reasoned ruling. The Court specifically rejected Defendants' argument that their "statement only relates to what happens *after* bids are submitted to the unified auction and does not address 'the probability of winning the unified auction' or 'the potential variation in any individual buying tool or exchange[].'" Order at 10. Defendants' skewed characterization of the Court's ruling as reflecting a "broad interpretation" of their statement that did not account for "the context in which it was made" (Mot. at 11),

---

(holding admission of management's failure combined with "other suggestions of knowledge or recklessness" support scienter); *Sneed v. AcelRx Pharms.*, 2023 WL 4412164, at *11 (N.D. Cal. July 7, 2023) (awareness of promotional materials not sufficient to show defendants knew materials violated the FDCA); *Inchen Huang v. Higgins*, 2019 WL 1245136, at *15 (N.D. Cal. Mar. 18, 2019) (holding plaintiffs did not overcome competing inference that defendants were unaware of "isolated instances of off-label marketing"); *Welgus v. TriNet Grp.*, 2017 WL 6466264, at *22 (N.D. Cal. Dec. 18, 2017) (there were "absolutely no contemporaneous facts that indicate the Officer Defendants knew of or deliberately disregarded" contrary information); *Bao v. Solarcity Corp.*, 2016 WL 54133, at *5 (N.D. Cal. Jan. 5, 2016) (no allegations that individual defendants "were involved in overhead accounting"); *Garcia v. J2 Glob.*, 2022 WL 22717936, at *6 (C.D. Cal. Aug. 8, 2022) (holding "no specific" information supported scienter)).

[6] Mot. at 8-9 (citing *Maguire Fin., LP v. PowerSecure Int'l*, 876 F.3d 541, 549 (4th Cir. 2017) (rejecting scienter as to "a single possibly ambiguous word" related to an agreement accounting for 4.1% of revenue, where defendant correctly stated company "would continue its [client] relationship" and plaintiff failed "to identify a single fact that shows that Hinton knew . . . the new contract would be less profitable"); *Bd. of Trs. of City of Ft. Lauderdale Gen. Emps.' Ret. Sys. v. Mechel OAO*, 811 F. Supp. 2d 853, 872 (S.D.N.Y. 2011) (complaint lacked allegations about the significance of the activity at issue "to the Company's core business" or other allegations indicating "access to contrary information"), *aff'd sub nom. Frederick v. Mechel OAO*, 475 F. App'x 353, 357 (2d Cir. 2012) ("no indication" that orders at issue constituted a significant part of Mechel's business)).

[7] In *Colyer v. Acelrx Pharms.*, 2015 WL 7566809, at *14 (N.D. Cal. Nov. 25, 2015), the mere fact of changes to a medical device while FDA approval was pending did not suffice because defendants could have submitted the device "in good faith" and made changes for commercial purposes. *See* Mot. at 9-10.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL - 3:23-cv-01186-RFL

ignores that the Court's ruling is in line with abundant authority holding that falsity is assessed at the motion to dismiss stage based on how reasonable investors might understand the statement at issue. *See supra* at 8. Defendants do not explain why "the context in which Alphabet made that statement" precludes a reasonable investor from understanding it according to the Court's interpretation of its plain language describing how a bid's channel "affect[s] the determination of the winning bidder." Order at 10.

Defendants do not cite any authority to the contrary. The cases they describe as "depart[ing] from" a statement's context ***actually accounted for that context*** in assessing how a reasonable investor would interpret the statement. *See In re Wash. Mut., Inc. Sec., Deriv. & ERISA Litig.*, 694 F. Supp. 2d 1192, 1209 (W.D. Wash. 2009) (holding "***[h]aving reviewed the context***, the Court does not find that it undermines Plaintiffs' allegations of falsity"); *Luo v. Spectrum Pharms.*, 2024 WL 4443323, at *7-8 (D. Nev. Oct. 7, 2024) (holding statements "were misleading ***in the context*** of discussing Pozi"). Conversely, the cases that Defendants contend interpreted statements more narrowly within their context, looked ***broadly*** beyond the statement to understand the context and dealt with statements that clearly addressed topics other than those that the plaintiffs alleged. *See* Mot. at 12 (citing *Plumbers & Steamfitters Loc. 60 Pension Tr. v. Meta Platforms*, 2024 WL 4251896, at *20 (N.D. Cal. Sept. 17, 2024) (addressing statement that did not reference topic at issue (Reels) and analyzing within context of statements made "well before Statement 2b was made")); *Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix*, 2024 WL 3447524, at *4-5 (N.D. Cal. July 16, 2024) (interpretation was clear because statements "were made almost entirely before Direct Buy was ever available to prospective" customers and defendants stated the topic at issue related only to existing clients); *SEB Inv. Mgmt. AB v. Align Tech.*, 485 F. Supp. 3d 1113, 1126 (N.D. Cal. 2020) (plaintiff "cherry-pick[ed] portions of . . . statements and ignor[ed] other portions"); *Welgus*, 2017 WL 6466264 at *10 (not addressing statement's meaning, but rather, rejecting factual allegation that defendant "never received monthly data of any kind").

### i.    The Purported Market Understanding Is Not a Basis for Interlocutory Review

Defendants argue that "key market participants" did not understand "the challenged statement to mean anything beyond a description of a step in a unified auction." Mot. at 12-13. This argument is not a basis for interlocutory review for several independent reasons. ***First***, Defendants failed to raise it

previously. *See* ECF No. 93 (MTD) at 10-13; *In re Tahoe Res.*, 2020 WL 1433514, at *4-5 (holding issue that "Defendants did not raise. . . cannot be a basis" for interlocutory appeal). ***Second***, before the alleged corrective disclosure, market participants could not have understood the truth about how a channel affects the winning bidder because Defendants misrepresented that issue. ***Third***, Defendants' argument about how market participants reacted "after [the] alleged corrective disclosure" plainly relates to loss causation, not falsity, which Defendants do not even raise as an issue for interlocutory appeal—nor did they raise it previously. *See* Mot. at 13; ECF No. 93 (MTD) at 19-20. Moreover, "Plaintiffs have adequately alleged loss causation as to the surviving misstatement." Order at 16-17. At most, "discovery and further proceedings are necessary to illuminate the issues surrounding loss causation." *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934, 956 (9th Cir. 2023), *cert. dismissed as improv. granted*, 604 U.S. 4 (2024).

### ii.    Defendants' Policy Arguments Do Not Merit Interlocutory Review

Defendants blame the Court for supposedly "undermin[ing] the PSLRA's legislative aim of promoting . . . disclosure to investors," making the fantastical claim that the Court effected "a change in the federal securities laws." (Mot. at 14-15). The Court, of course, did no such thing.

Rather than raising "broad-reaching" concerns for the "entire industry" (Mot. at 14), Defendants raise run-of-the-mill issues related to the well-established standard for falsity under Section 10(b)—issues that unquestionably fail to warrant appellate review. Defendants are likewise wrong that "the chances of appellate review" are slim because if this were truly the momentous issue subject to divergent opinions that Defendants claim it is, it would have been appealed by plaintiffs upon dismissal in another case. Defendants also fail to cite any authority on point.[8] Instead, they cite a case dealing with a "pure question of law" about forum selection clauses that the Ninth Circuit has not addressed and about which district

---

[8] Defendants also fail to meet the standards set out in their cases, which presented a "novel legal issue" related to the statute of repose that required Ninth Circuit "[g]uidance," *York Cnty. ex rel. Cnty. of York Ret. Fund v. HP Inc.*, 2024 WL 4831889, at *3 (N.D. Cal. June 3, 2024); the purely legal question, subject to "conflict both inside and outside the circuit," of whether "a maritime personal injury action based on unseaworthiness" allows for punitive damages, *Batterton v. Dutra Grp.*, 2015 WL 13752889, at *1-2 (C.D. Cal. Feb. 6, 2015); a "serious split in authority on the pure legal question" related to whistleblower protections under the Dodd-Frank Act, *Somers v. Digital Realty Tr.*, 2015 WL 4481987, at *2 (N.D. Cal. July 22, 2015); and a recent Supreme Court decision that created "confusion and divergent opinions" concerning ERISA claims, *Smith v. United HealthCare Servs.*, 2003 WL 22834865, at *1 (D. Minn. Nov. 26, 2003). *See* Mot. at 6, 9.

courts are split, *Facebook Inc. v. Namecheap Inc.*, 2021 WL 961771, at \*2 (D. Ariz. Mar. 15, 2021), and out-of-circuit cases dealing with issues that are far afield, relating to Medicare and Medicaid reimbursements and FLSA overtime protections. *See* Mot. at 14.

### III.    Immediate Appeal Will Not Materially Advance This Litigation

Defendants' assertion that an interlocutory appeal could "end this case" (Mot. at 15) is not enough to show that it would materially advance this litigation. "If the Court were to accept that argument, essentially all potentially dispositive interlocutory orders would be automatically appealable." *Henley*, 2019 WL 8333448, at \*3. Rather, "an order overturning this Court and dismissing this case . . . is not enough to merit interlocutory review." *Dillon v. Murphy & Hourihane*, 2014 WL 5408416, at \*2 (N.D. Cal. Oct. 22, 2014). Moreover, permitting an interlocutory appeal would significantly delay the litigation because the Ninth Circuit's appellate process has a median time from filing to resolution of 13.7 months.[9] In addition, even in the highly unlikely event that Defendants are successful on appeal, that still may not end this litigation if the Ninth Circuit remands for the Court to apply its decision to the facts of this case.

### IV.    Defendants Have Not Provided a Basis for the Court to Reconsider Its Decision

Defendants' argument for reconsideration—raised in a footnote because it lacks any merit—plainly does not satisfy the high burden required to obtain reconsideration, such as a "manifest failure" by the Court. Civil L.R. 7-9(b)(3). But it reveals the true basis of Defendants' Motion, which is their disagreement with the Court's rulings on falsity and scienter that Defendants already made in their Motion to Dismiss. Mot. at 15 n.3. "Mere disagreement with a court's order does not provide a basis for reconsideration." *Plantronics*, 2022 WL 17974627, at \*3. In fact, Defendants have violated the Local Rules by merely repeating arguments that they already made "in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered" and by failing "to make a motion for leave to file a motion for reconsideration." *Id.*

### CONCLUSION

Defendants' Motion should be swiftly denied for all of the reasons explained above.

---

[9] *See* United States Courts for the Ninth Circuit, 2023 Annual Report at 62, *available at* https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2023.pdf

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL - 3:23-cv-01186-RFL

Dated:  June 17, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Emma Gilmore*

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice)*
Villi Shteyn (admitted *pro hac vice)*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
vshteyn@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Orly Guy
Eitan Lavie
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7080 NW 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Fort Lauderdale Police & Fire Retirement System*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL - 3:23-cv-01186-RFL