UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALPHABET INC., et al.,<br><br>        Defendants. | Case No. 23-cv-01186-RFL<br><br>**ORDER DENYING MOTION TO CERTIFY QUESTIONS FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 118 |

On March 24, 2025, Defendants' motion to dismiss the complaint was granted in part and denied in part. *AMI - Gov't Emps. Provident Fund Mgmt. Co. Ltd. v. Alphabet Inc.*, No. 23-cv-01186-RFL, 2025 WL 899959 (N.D. Cal. Mar. 24, 2025) ("Order"). The Order found that Plaintiffs had adequately alleged a misstatement in Google CEO Sundar Pichai's written testimony to Congress. Defendants now seek to certify questions for interlocutory appeal related to the Order. They raise the following questions:

1. How should courts apply the scienter pleading requirements articulated in *Tellabs* [*Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)] when plaintiffs plead a series of unparticularized allegations? Specifically: (1) whether holistic review can overcome an absence of particularized facts to support scienter, (2) whether a series of unparticularized allegations can create a strong inference of scienter, and (3) if so, whether that creates new law effectively converting Section 10(b) to a strict liability claim.

2. When evaluating the falsity of a challenged statement, may a court read the statement broadly if that interpretation is inconsistent with the statement's context?

(Dkt. No. 118 ("Motion"), at 8.)[1]

Pursuant to 28 U.S.C. § 1292(b), a court may certify an appeal of an interlocutory order

---

[1] All citations to page numbers refer to ECF pagination.

1

when it: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b). An interlocutory appeal is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment," and as such requires "exceptional circumstances" to justify it. *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quotation omitted). Interlocutory review is reserved for questions "of law—not fact." *Id.* "The application of a legal standard to the facts of the case is not by itself appropriate for certification." *Wang v. Zymergen Inc.*, 759 F.Supp.3d 1002, 1011 (N.D. Cal. 2024) (cleaned up).

The Motion does not raise any question of law that meets the requirements for certification for interlocutory appeal. While Defendants argue that they are seeking to clarify applicable legal "standards," their briefing indicates that they seek appellate review of the Order's application of the law to the facts of this case. With respect to scienter, Defendants dispute whether the particularized factual allegations that the Order found supported Plaintiffs' scienter allegations are sufficiently "particularized," or are too "generalized." (Motion at 13.) With respect to falsity, Defendants dispute the Order's contextual interpretation of the meaning of the surviving alleged misstatement. (*Id.* at 18.) These fact-specific questions are not subject to interlocutory appeal. *See ICTSI Oregon, Inc.*, 22 F.4th at 1131–32. The Motion is therefore **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: September 5, 2025

RITA F. LIN
United States District Judge

---

[2] In a footnote, Defendants state that they move for reconsideration "in the alternative," on the same bases stated in their Motion. (Motion at 22 n. 3.) However, Defendants have not sought leave to file a motion for reconsideration, nor have they noticed a motion for reconsideration. *See* Civ. L. R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."); Civ. L. R. 7-2(a). Therefore, the request is denied.