UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No. 3:23-CV-01186-RFL<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Hon. Rita F. Lin |

Pursuant to the Court's Civil Standing Order, the Parties state that they have based this [Proposed] Stipulated Protective Order on the Northern District of California's Model Protective Orders for Standard Litigation and for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets. Deviations from the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets are indicated in the attached redline (Exhibit 1).

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.5,

below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.  <u>DEFINITIONS</u>

    2.1    <u>Action</u>: *AMI - Government Employees Provident Fund Management Company Ltd. v. Alphabet Inc. et al.*, No. 3:23-cv-01186-RFL (N.D. Cal.).

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.4    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel

    2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, (3) has not been an employee of a Party or a Party's competitor within two years of the date of

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

retention; and (4) at the time of retention, has not applied to become, is not interviewing to become, and has not been hired as an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive "Confidential" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     In-House Counsel: attorneys who are employees of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this Action.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium and professional jury or trial consultants) and their employees and subcontractors, who (1) has been retained by a Party or its counsel to provide litigation support services with respect to this Action, (2) is not a current employee of a Party or of a Party's competitor, (3) has not been an employee of a Party or a Party's competitor within 2 years of the date of retention;  and (4) at the time of retention, has not applied to become, is not interviewing to become, and has not been hired as an employee of a Party or of a Party's competitor.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Designating Party may file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

9

for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action, subject to the limitations of Section 12.4 of this Order;

(c) contractors of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts[1] (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) for whom counsel for the Receiving Party will provide the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as to every Expert engaged by the Receiving Party, inclusive of (i) all Experts required to be disclosed under Federal Rule of Procedure 26(a)(2), upon written request of the Designating Party, no later than five days following the first exchange of an expert report in this Action for that Expert as well as (ii) all other Experts, whether disclosed or not, engaged by the Receiving Party in connection with this Action, upon written request of the Designating Party, no later than five days following the first exchange of expert reports in this Action or the retention of the Expert, whichever is later;

(e) the Court and its personnel;

(f) court reporters, videographers, or stenographers and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during the course their deposition, witnesses or deponents called by the Receiving

---

[1] A Receiving Party may also disclose any information or item designated "CONFIDENTIAL" to the support staff of Experts under this section, provided that said support staff shall be bound by the terms of this Protective Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

Party in this Action, and their counsel, to whom disclosure is reasonably necessary.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(i) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j) mediators or arbitrators that the Parties engage or that the Court appoints in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(k) any other person only upon order of the Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees or contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) In-House Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action, subject to the limitations of Section 12.4 of this Order;

(c) Experts[2] (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) for whom counsel for the Receiving Party will provide the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as to every Expert engaged by the Receiving Party, inclusive of (i) all Experts required to be disclosed under Federal Rule of

---

[2] A Receiving Party may also disclose any information or item designated "HIGHLY CONFIDENTIAL" to the support staff of Experts under this section, provided that said support staff shall be bound by the terms of this Protective Order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

Procedure 26(a)(2), upon written request of the Designating Party, no later than five days following the first exchange of an expert report in this Action for that Expert as well as (ii) all other Experts, whether disclosed or not, engaged by the Receiving Party in connection with this Action, upon written request of the Designating Party, no later than five days following the first exchange of expert reports in this Action or the retention of the Expert, whichever is later;

(d) the Court and its personnel;

(e) court reporters, videographers, or stenographers and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during the course their deposition, witnesses or deponents called by the Receiving Party in this Action, and their counsel, to whom disclosure is reasonably necessary.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew  the information.

(h) mediators or arbitrators that the Parties engage or that the Court appoints in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i) any other person only upon order of the Court.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)　　The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)　　In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[4] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 8(a) to seek a protective order.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court[5]. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

---

[5] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

Agreement to Be Bound" (Exhibit A).

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) make all reasonable efforts to promptly stop the unauthorized breach; (2) promptly (within 72 hours of discovering the breach) provide written notice to Designating Party of such breach, including information regarding the size, scope, and impact of the breach; (3) investigate and make reasonable efforts to remediate the effects of the breach; (4) provide Designating Party with assurance reasonably satisfactory to the Designating Party that the breach shall not recur; and (5) reasonably cooperate with the Designating Party and law enforcement in investigating and responding to any such security incident. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

## 11. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or other protection, the Party making the claim may notify any other Party or Non-Party that received the information of the claim and the basis for it. After being notified, a Party or Non-Party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

## 12. MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this Action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

12.4    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each Party receiving Protected Material shall comply with all applicable export control statutes and regulations. See, e.g., 15 C.F.R. § 734, et. seq. To the extent any Protected Material leaves the territorial boundaries of the United States of America, any Receiving Party allowing such Protected Material to leave such boundaries shall designate no more than one individual, for each Lead Plaintiff or additional Named Plaintiff as defined in the Second Amended Complaint (ECF. No. 87), limited to those Plaintiffs, and each named Defendant, to receive such Protected Material, identify such individual by name and title to the other Parties, and certify that it is

reasonably necessary for such individual to receive such Protected Material, and that such individual will comply with all applicable export control statutes and regulations, under the laws of the United States of America. Such individual shall execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

12.5    Filing Protected Material. Without written permission from the Designating Party or an order from this Court secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action or any other action any Protected Material produced pursuant to this Stipulated Protective Order. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.6    Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such Party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

12.7    Data Security. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material, including restrictions regarding the disclosure or use of Protected Material in any large language models or any artificial intelligence services. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage,

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. Pursuant to this agreement to safeguard Protected Material, the Parties agree that the audio/video conferencing software to be used in connection with any deposition in this Action shall be Google Meet.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product, and consultant and expert work product, which refers or is related to any "CONFIDENTIAL" and "HIGHLY

CONFIDENTIAL" information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u>

The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this Action, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this Action. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 5, 2025                         POMERANTZ LLP

By: <u>*/s/ Emma Gilmore*</u>

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
vshteyn@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Orly Guy
Eitan Lavie
Ariel Sharon 4, 34th Floor

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

KLAUSNER KAUFMAN JENSEN
& LEVINSON
Robert D. Klausner
7080 NW 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Fort Lauderdale Police & Fire Retirement System*

Dated: September 5, 2025                FRESHFIELDS US LLP

By: */s/ Boris Feldman*
      Boris Feldman

*Attorneys for Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____, 2025        _____
The Hon. Rita F. Lin
United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

## Attestation Pursuant to Local Rule 5-1(i)(3)

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: September 5, 2025                              */s/ Emma Gilmore*

                                              Emma Gilmore

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read

in its entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of *AMI - Government*

*Employees Provident Fund Management Company Ltd. v. Alphabet Inc. et al.*, No. 3:23-cv-01186-

RFL (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 3:23-CV-01186-RFL

Printed name: _____


Signature: _____