POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and SUNDAR PICHAI<br><br>Defendants. | Case No. 3:23-CV-01186-RFL<br><br>Date:    January 27, 2026<br>Time:    10:00 AM<br>Location: Courtroom 15 – 18th Floor<br>Judge:   Rita F. Lin |

**NOTICE OF MOTION AND
MOTION (UNOPPOSED) TO WITHDRAW NAMED PLAINTIFF
MORE MUTUAL FUNDS (2013) LTD.**

**TABLE OF CONTENTS**

NOTICE OF MOTION ........................................................................................................................ 1

INTRODUCTION .............................................................................................................................. 1

RELEVANT FACTS AND PROCEDURAL HISTORY ................................................................... 1

ARGUMENT: THE COURT SHOULD GRANT MORE
VOLUNTARY DISMISSAL WITHOUT PREJUDICE ..................................................................... 2

CONCLUSION .................................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bumpus v. U.S. Fin. Life Ins. Co.*,
   No. 2:20-CV-00926-DC-AC, 2025 WL 1517811 (E.D. Cal. May 28, 2025) ...................................... 2

*Hamilton v. Firestone Tire & Rubber Co.*,
   679 F.2d 143 (9th Cir. 1982) ............................................................................................................ 2

*Kamal v. Eden Creamery, LLC*,
   88 F.4th 1268 (9th Cir. 2023) ........................................................................................................... 3

*Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*,
   933 F.2d 724 (9th Cir. 1991) ............................................................................................................ 2

*Munro v. Univ. of S. California*,
   No. 2:16-CV-06191-VAP-EX, 2019 WL 4575844 (C.D. Cal. July 2, 2019) ................................ 2, 3

*Roberts v. Electrolux Home Prods., Inc.*,
   No. SACV 12-1644 CAS, 2013 WL 4239050 (C.D. Cal. Aug. 14, 2013) ........................................ 3

*Ryan v. Flowserve Corp.*,
   No. CIV.A.3:03-CV-1769-B, 2007 WL 924019 (N.D. Tex. Mar. 26, 2007) ................................ 3, 4

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
   889 F.2d 919 (9th Cir. 1989) ............................................................................................................ 2

*Westlands Water Dist. v. United States*,
   100 F.3d 94 (9th Cir. 1996) .............................................................................................................. 3

**Statutes**

Private Securities Litigation Reform Act of 1995 .............................................................................. 1, 3

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................................................... 3

Fed. R. Civ. P. 26 ..................................................................................................................................... 2

Fed. R. Civ. P. 41 ................................................................................................................................. 2, 3

## NOTICE OF MOTION

PLEASE TAKE NOTICE that at the time and place noted above, plaintiff More Mutual Funds Management (2013), Ltd. ("More") will and hereby does move to be voluntarily dismissed as a named plaintiff without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). More has conferred with Defendants, who do not oppose this motion.

## INTRODUCTION

Plaintiff More no longer intends to litigate its claims as a named plaintiff and instead intends to return to being an absent member of the putative class. The Court should grant More's unopposed motion for withdrawal because it would prejudice no party.

Defendants do not oppose More's withdrawal and would suffer no prejudice from it. The putative class claims will continue under the direction of the Lead Plaintiffs. The parties are currently briefing a class certification motion (ECF No. 134, the "Class Certification Motion"), in which four other plaintiffs (the "Remaining Plaintiffs") have sought to serve as class representatives. More's withdrawal would have no impact on that motion or Defendants' ability to respond to it. Defendants also may continue to seek and obtain relevant discovery from the Remaining Plaintiffs in More's absence.

Withdrawal also causes no prejudice to the putative class. Under the PSLRA, prior to class certification, litigation is directed by the Lead Plaintiffs, here, Menora Mivtachim Insurance Ltd. ("Menora Insurance") and Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions and Gemel" and, together with Menora Insurance, the "Menora Entities"). The Menora Entities continue to advocate vigorously on behalf of the putative class. The pending Class Certification Motion proposes that the Menora Entities continue that advocacy as class representative, aided by additional plaintiffs AMI-Government Employees Provident Fund Management Company Ltd. and City of Fort Lauderdale Police & Fire Retirement System.

Given the lack of prejudice to any party, More's motion to withdraw should be granted.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On March 16, 2023, plaintiff AMI-Government Employees Provident Fund Management Company Ltd. filed a putative securities class action complaint against defendants Alphabet Inc., Sundar

Pichai, Ruth M. Porat, and Philipp Schindler.  ECF No. 1.  On June 9, 2023, the Court appointed the Menora Entities as Lead Plaintiffs and Pomerantz LLP as lead counsel.  ECF No. 29.

On August 7, 2023, plaintiffs filed the first amended complaint, adding Google and Kent Walker as defendants and adding AMI-Government Employees Provident Fund Management Company Ltd., City of Fort Lauderdale Police & Fire Retirement System, and More as additional named plaintiffs (together with the Menora Entities, "Plaintiffs").  ECF No. 46.  Subsequently, the parties briefed a motion to dismiss the first amended complaint and the Court dismissed that complaint with leave to amend.  ECF Nos. 58, 60, 67, 86.  Plaintiffs then filed a second amended complaint and the parties briefed a second motion to dismiss, which the Court denied in part.  ECF Nos. 93, 98, 101, 108.  After the parties submitted a joint case management statement and Rule 26(f) report (ECF. No. 117), the Court issued a scheduling order on May 15, 2025 (ECF No. 121).

On October 30, 2025, the Remaining Plaintiffs filed the Class Certification Motion, which disclosed that More would seek voluntary dismissal from this action.  ECF No. 134.  More did not seek to be appointed as a class representative.  *Id.*

### ARGUMENT:  THE COURT SHOULD GRANT MORE VOLUNTARY DISMISSAL WITHOUT PREJUDICE

The Court should grant More's voluntary dismissal without prejudice because no party will suffer any prejudice if the dismissal is granted.  Rule 41 governs the voluntary dismissal of claims and "may be invoked to dismiss less than all of the parties." *Lake at L.V. Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991).[1]  Rule 41 permits the withdrawal of one plaintiff among many.  *See, e.g.*, *Munro v. Univ. of S. Cal.*, No. 2:16-CV-06191, 2019 WL 4575844, at *1-2 (C.D. Cal. July 2, 2019); *Bumpus v. U.S. Fin. Life Ins. Co.*, No. 2:20-CV-00926, 2025 WL 1517811, at *2-3 (E.D. Cal. May 28, 2025).  Rule 41(a)(2) commits a plaintiff's request for voluntary dismissal to "the sound discretion of the District Court." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).  The Rule "permit[s] a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  In the context of Rule 41, legal prejudice is "prejudice to some legal interest, some legal

---

[1] Unless otherwise stated, all emphasis is added, and internal citations are omitted.

claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice does not include "[u]ncertainty because a dispute remains unresolved," or "the expense incurred in defending against a lawsuit." *Id.*

Here, Defendants will suffer no legal prejudice as a result of More's withdrawal. More's withdrawal in no way prevents Defendants from continuing to defend against this putative securities class action in the same manner as they do now. The Class Certification Motion will proceed on the same schedule, and More's withdrawal will have no substantive effect on that motion because More did not join the motion or otherwise seek to represent the proposed class. *See, e.g.*, *Munro*, 2019 WL 4575844, at *2 (no prejudice where class certification briefing continues with discovery from other plaintiffs); *Roberts v. Electrolux Home Prods., Inc.*, No. SACV 12-1644, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013) (no prejudice where "there has been no delay in prosecuting this action"). Moreover, none of Defendants' efforts to date will have been wasted if More withdraws: the parties' motion practice to date, including the parties' extensive motion to dismiss briefing, would have proceeded in the same way had More never been an additional named plaintiff.

More's withdrawal as a named plaintiff also will not prejudice the proposed class. Currently, the Menora Entities, the court-appointed Lead Plaintiffs, represent the class claims in this action. *See* ECF No. 29 at 4 (finding "Menora will vigorously prosecute the action on behalf of the class"). Should the Court grant the Class Certification Motion, all of the Remaining Plaintiffs will continue to assist the Menora Entities in pursuing the class's claims. As detailed in the Class Certification Motion, the Remaining Plaintiffs are all adequate representatives under Rule 23(a)(4), and are represented by qualified, experienced, and capable attorneys. *See* Class Certification Motion at 10; *Ryan v. Flowserve Corp.*, No. 3:03-CV-1769, 2007 WL 924019, at *1–2 (N.D. Tex. Mar. 26, 2007) (granting withdrawal of a non-lead plaintiff in a PSLRA action who did not seek class representative status).

As Defendants will suffer no legal prejudice, More's dismissal should be without prejudice. "[T]he district court must determine whether granting a motion for dismissal without prejudice would result in legal prejudice to the defendant and, if not, the motion should be granted." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023). Dismissal without prejudice would permit More to retain its status as an absent class member should the proposed class be certified, which is the

"appropriate and just approach if [More] does not wish to represent the class." *See Ryan*, 2007 WL 924019, at *2. Given that no party will suffer prejudice from More's withdrawal, More's request for voluntarily dismissal without prejudice should be granted.

## CONCLUSION

Plaintiff More should be dismissed from this action without prejudice.

Dated:  December 5, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
vshteyn@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

Orly Guy
Eitan Lavie
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*

**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7080 NW 4th Street

Plantation, FL 33317<br>
Tel: (954) 916-1202<br>
Fax: (954) 916-1232<br>
bob@robertdklausner.com<br>
<br>
*Additional Counsel for Plaintiff City of Fort Lauderdale Police & Fire Retirement System*