UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., et al., | Case No.  23-cv-01186-RFL (SK) |
| Plaintiffs, | **ORDER REGARDING PLAINTIFFS' DISCOVERY REQUESTS** |
| v. | Regarding Docket No. 136 |
| ALPHABET INC., et al., | |
| Defendants. | |

Plaintiffs seek production of documents from Defendants Alphabet, Inc., Alphabet's subsidiary Google LLC, and their corporate officers ("Defendants") and also seek guidance on the relevant time period for documents.  (Dkt. No. 136.)  "In this securities fraud putative class action, Plaintiffs allege that" Defendants "violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5, 17 C.F.R. § 240.10b-5."  (Dkt. No. 108.)  The sole remaining allegation of fraud that remains after the motion to dismiss is that Defendant Sundar Pichai, the CEO of Google, submitted false written testimony to Congress on September 14, 2020, when he stated that "in Google's ad auction platform, the 'channel through which a bid is received does not otherwise affect the determination of the winning bidder.'"  (*Id*.)  The District Judge explained Plaintiffs' theory of falsity:

> Plaintiffs allege that Google's ad auctions in fact favored bids submitted through Google-owned platforms or the Facebook Advertising Network ("FAN"), which had a special agreement with Google. Allegedly, bidders operating through those channels received extra time, additional nonpublic information, and other advantages. Plaintiffs have further adequately alleged that Pichai was sufficiently involved in the negotiation regarding FAN that he was well-aware of these advantages when he represented otherwise in his September 2020 statement.

(*Id*.)

United States District Court
Northern District of California

**A.  Dispute Regarding Limits of Production to Previously Produced Documents**

Defendants argue that they are only required to produce documents that they had previously produced in other litigations and investigations, as ordered by the District Judge (Dkt. No. 121), and Plaintiffs argue that they are entitled to the full scope of discovery without this limitation.  The Undersigned has consulted with the District Judge to determine that the District Judge in the Scheduling Order (Dkt. No. 121) did not intend to limit the scope of production only to documents that Defendant had previously produced and that Plaintiffs are entitled to the full breadth of their discovery rights as permitted under Federal Rule of Civil Procedure 26.  The sole intention of the District Judge was to provide for Defendants to prioritize discovery such that Defendants were required to produce documents that had been previously produced by a date certain.

**B.  Relevant Time Period**

The Relevant Time Period covered by the Requests for Production of Documents in Plaintiffs' First Set is February 1, 2017 (when Google's advantages over bidding participants started and negotiations with Facebook are alleged to have begun) to January 23, 2023 (the end of the Class Period).  Plaintiffs argue that documents after the allegedly false statement was made and before the end of the class period can be relevant to show scienter, and the Undersigned agrees.

**C.  Requests for Production of Documents 25, 27-28**

Plaintiffs seek documents regarding Defendants' potential spoliation of evidence in Requests for Production of Documents 25 and 27-28.  Defendants argue that these documents are not relevant because Plaintiffs have not alleged spoliation.  The motion to compel is GRANTED IN PART AND DENIED IN PART.  Defendants must provide revised written responses and documents responsive to Request for Production of Documents 25 but not Requests for Production of Documents 27 and 28.  If Plaintiffs can later show concerns about spoliation based on their own

/ / /

/ / /

/ / /

United States District Court
Northern District of California

United States District Court
Northern District of California

review, they may renew this motion to compel revised written responses and documents responsive to Requests for Production of Documents 27 and 28.

**IT IS SO ORDERED**.

Dated: December 18, 2025



_____

SALLIE KIM
United States Magistrate Judge