# EXHIBIT 9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Case No. 3:23-cv-01186-RFL

-------------------------------------x

AMI-GOVERNMENT EMPLOYEES PROVIDENT FUND

MANAGEMENT COMPANY LTD., Individually and

on Behalf of All Others Similarly

Situated,

Plaintiffs,

- against -

ALPHABET INC., et al.,

Defendants.

-------------------------------------x

December 10, 2025

10:59 a.m.

VIDEOTAPED DEPOSITION of TAL DAGAN as corporate representative of AMI-GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., held at the offices of FRESHFIELDS US LLP, located at 3 World Trade Center, 175 Greenwich Street, New York, New York 10007, before Anthony Giarro, a Registered Professional Reporter, a Certified Realtime Reporter and a Notary Public of the State of New York.

Page 1

in AMI's investment decisions?

A    No.

Q    Do you know why you were designated as AMI's corporate representative to testify about Topic No. 5?

A    I know how our process in AMI goes.  It's about how to determine the strategy investment.  Because I'm in the investment committee meetings, I know that -- I'm familiar with the goals of the investment and the policy and also the regulated duty in this case, in this matter.

Q    Are you the person most qualified to testify about Topic No. 5?

A    Yes.

Q    Is anyone else from AMI qualified to provide information about Topic No. 5?

A    Yes.

Q    Who would that be?

A    The members of the committee, the chairman, the CEO, the counsel in AMI.

Page 107

Q        And when you say the members of the committee, are you referring to the investment committee?

A        Yes.

Q        What did you do to prepare for your testimony today about Topic No. 5?

A        I didn't do anything.

Q        Did you review any documents?

A        No.

Q        Did you speak with anyone in preparation for your testimony?

A        No.

Q        Do you understand that you've been designated as AMI's corporate representative to testify about Topic No. 6?

A        Yes.

Q        And are you the person most qualified to testify about Topic No. 6?

A        Yes, but not on the specific decision to buy and sell Alphabet securities.

Q        Who would be qualified to

Page 108

testify about that topic?

A        The outsource management, I assume, management companies.

Q        The investment management companies?

A        Yes.

Q        Is there anyone else within AMI that would be qualified to provide information about Topic No. 6?

A        No.

Q        What did you do to prepare for your testimony today on Topic No. 6?

A        Nothing.

Q        Did you review any documents regarding Topic No. 6?

A        No.

Q        Did you speak with anyone about Topic No. 6 in preparation for your testimony?

A        No.

Q        One more.

Do you understand that you've been designated as AMI's corporate representative to testify about Topic No. 7?

Page 109

A       Yes, with the disclaimer I mentioned before.

Q       And which disclaimer are you referring to?

A       I'm not qualified about the investment -- the decision to invest in Alphabet which is also outsourced by the management investment company.

Q       Are you the person most qualified from AMI to testify about non-public information regarding the company, Alphabet, that AMI might know?

A       Yes.

Q       Are you aware of the definition of non-public information under U.S. Law?

MR. LIEBERMAN:  Objection, lacks foundation.  You could answer.

A       Yes, only that regards to this case.

Q       And is anyone else from AMI qualified to provide information about Topic 7?

A       No.

Q       How did you prepare for your

Page 110

Q        Do you understand that you've been designated as AMI's corporate representative to testify about Topic No. 4?

A        Yes.

Q        Are you the person most qualified to provide information about Topic No. 4?

A        Yes, under the disclaimer that I said before.

Q        Is anyone else from AMI qualified to provide information about Topic No. 4?

A        Yes.

Q        And would those be the same people that you've described for Topics 1 through 3?

A        Yes.

Q        Anyone else?

A        No.

Q        How did you prepare for your testimony about Topic No. 4?

A        I didn't.

Q        Did you review any documents in preparation for your testimony about

Page 150

Topic No. 4?

A        No.

Q        Did you speak to anyone in preparation for your testimony about Topic No. 4?

A        No.

Q        Can you tell me when AMI first became aware of Alphabet?

MR. LIEBERMAN:  Objection, vague.

A        Aware of Alphabet, the company Alphabet?  It's part of the management analysis that they making, I believe, yes.

Q        When did AMI first invest in Alphabet?

A        AMI -- when you mean AMI, you mean the committee investment or by the investment management?

Q        When were AMI funds first invested in Alphabet?

A        I don't know.

Q        When AMI first invested in Alphabet, who would have made the decision to make that investment?

Page 151

A        The investment manager.

Q        So sitting here today, you don't know why AMI decided to invest in Alphabet?

A        No.   It's under the management of the investment manager.

Q        With whom has AMI communicated regarding transactions in Alphabet securities?

A        When you mean transaction, selling and buying?  I believe in general, yes, that the investment management, it has the task of selling and marketing -- selling and buying -- selling and buying process.  So it makes it through the custodian.  This is the transaction of the buying and selling process.

Q        And the investment managers you said are IBI and Infinity?

A        Yes.

Q        And who is the custodian?

A        The custodian is Leumi Bank.

Q        So the investment managers indicate to Leumi Bank that they want to

Page 152

make a purchase or sale?

A      Mm-hmm, yes.

Q      And then the bank executes that transaction?

A      The bank is a custodian, also a broker.

Q      Okay.

A      Okay?  But there are also other brokers that AMI's approved to make the trade through them.  So it can be by Leumi Bank; it could be another broker.

Q      What are some of the other brokers that AMI works with?

A      It works with, for example, Oppenheimer, the other investment company, which are by the litigation approval as a broker in Israel.

Q      The regulation approval?

MR. LIEBERMAN:  You said litigation.  Did you mean regulation?

A      Sorry.  Regulation, regulation.

Q      And is the custodial bank authorized to make any decisions regarding AMI's funds?

Page 153

C E R T I F I C A T I O N

I, ANTHONY GIARRO, a Shorthand Reporter and a Notary Public, do hereby certify that the foregoing witness, TAL DAGAN, was duly sworn on the date indicated, and that the foregoing, to the best of my ability, is a true and accurate transcription of my stenographic notes.

I further certify that I am not employed by nor related to any party to this action.

Dated: December 12, 2025

ANTHONY GIARRO

Page 284

Mia Tsui

mia.tsui@freshfields.com

December 12, 2025

RE: AMI - Government Employees Provident Fund v. Alphabet Inc.

12/10/2025, Tal Dagan, (#7771746).

The above-referenced transcript has been

completed by Veritext Legal Solutions and

review of the transcript is being handled as follows:

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Contact Veritext

to schedule a time to review the original transcript at

a Veritext office.

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Locked .PDF

Transcript - The witness should review the transcript and

make any necessary corrections on the errata pages included

below, notating the page and line number of the corrections.

The witness should then sign and date the errata and penalty

of perjury pages and return the completed pages to all

appearing counsel within the period of time determined at

the deposition or provided by the Code of Civil Procedure.

Contact Veritext when the sealed original is required.

__ Waiving the CA Code of Civil Procedure per Stipulation of

Counsel - Original transcript to be released for signature

as determined at the deposition.

__ Signature Waived – Reading & Signature was waived at the

time of the deposition.

Page 285

__ Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Federal Rules.

_x_ Federal R&S Not Requested - Reading & Signature was not requested before the completion of the deposition.

Page 286

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.