# EXHIBIT 10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Case No. 3:23-cv-01186-RFL

-------------------------------------x

AMI-GOVERNMENT EMPLOYEES PROVIDENT FUND

MANAGEMENT COMPANY LTD., Individually and

on Behalf of All Others Similarly

Situated,

                              Plaintiffs,

        - against -

ALPHABET INC., et al.,

                              Defendants.

-------------------------------------x

                        December 9, 2025

                          9:56 a.m.


        VIDEOTAPED DEPOSITION of HADAR

FINKELSTEIN as corporate representative of

MENORA MIVTACHIM PENSIONS AND GEMEL LTD.,

held at the offices of FRESHFIELDS US LLP,

located at 3 World Trade Center, 175

Greenwich Street, New York, New York 10007,

before Anthony Giarro, a Registered

Professional Reporter, a Certified Realtime

Reporter and a Notary Public of the State

of New York.

                                        Page 1

it's part of my responsibility.

Q    I see.  It's part of your scope.

A    Yeah.

Q    Okay.

You mentioned you would consult with the CIO about these decisions.

Is there anyone else you would consult with to decide whether Menora will participate in a lawsuit, let's say a securities lawsuit?

A    I would consult with my counsel.  We mainly work in this field with Pomerantz.  But regularly, I believe I would consult with Lior.

Q    Just generally, what is your role with respect to securities lawsuits in which Menora participates?

MR. LIEBERMAN:  Objection, asked and answered.  But you could answer.

A    So can you clarify?

Q    Sure.

So let's say in terms of the

Page 32

strategy for the lawsuit, what would your contribution be or what would your role be?

A        So basically, the lawsuits are brought to our attention by the external legal counsel, mostly as I mentioned by Pomerantz, and they present a case to us.  They present an estimate of the losses that Menora suffered and also the merits of the case.

And if we see that we think we have also objective circumstances, like in this case, that support our chances to succeed and to recover some of the damages that the members suffered due to the merits of the case, then we highly consider it as -- as an actionable item for us because we have a fiduciary duty towards our members.  We invest in their name.  So if they suffer losses, we need to recover them in their name.  So this is mainly the guidelines.

Q        I see.

You mentioned if you think that there are objective circumstances

Page 33

like in this case, just generally, could you tell me what are those objective circumstances that you might consider when deciding whether to participate in a lawsuit?

A       In this case, for example, I believe -- I wasn't in Menora at the time.  But as far as I understand, the fact that there was a parallel proceeding filed by the DOJ was eventually an objective circumstance to support such decision to file the claim.

Q       And just in the abstract for a securities lawsuit in general, are there other objective factors of that nature that you might consider?

A       I couldn't think of something right now.

Q       Fair enough.  Thank you.

In your role as legal counsel, remind me, whom do you directly report to?

A       Shimon ir-Shai.

Q       What is his official title?

A       He's the head of legal at

Page 34

Q         A bit of a random question.

But why was it Menora Pensions and Menora Insurance, as those two entities, pursued becoming plaintiffs in this lawsuit as opposed to any other Menora entity?

A         These two entities are the one basically assigning their members' fund to be managed by Menora Insurance's investment division.  And they are obliged by law to take care of the interests of their members.  And they are obliged by law to hold some standard of fiduciary towards such funds.  So they are actually the ones that we serve as plaintiff on behalf of because they are the ones who suffered the damages.

Q         And basically, as far as you know, same approach for the previous securities lawsuits.

It would be pensions and insurance who are participating on behalf of the members?

A         Yes.

Q         If you know, it may have

Page 83

been before your time, what fact investigation did Menora do to decide whether to join the lawsuit?

A      So basically, it was before my time because since I'm in Menora, we didn't do any new proceeding yet.  But usually, as I mentioned, Pomerantz would do the investigation.  And then they would come up with the case to present to Menora.

And then we may read a little bit about it, do our own public information and available checks.  We will discuss it internally.  We will also estimate, together with Pomerantz, how successful this case might be, how many resources we will need to invest in such a case, what serves the interest of the members in the best way.  And then we would come up internally with a decision whether to pursue such case or not.

Q      And you mentioned earlier that one of the objective factors in favor of joining this particular lawsuit was that there was the DOJ lawsuit that

Page 84

was sort of happening as well.

Again, it was before your time, but if you know, would your predecessor have reviewed the DOJ lawsuit?

A        I couldn't tell.

Q        Have you reviewed the DOJ lawsuit?

A        Not the lawsuit itself.  But I read a little bit in the financial papers about it.

Q        And for the state AG's lawsuit, a similar thing:  Have you read that complaint?

A        No.

Q        But you have read information about it, perhaps?

A        Generally.

Q        If you know, again, it would have occurred prior to your time --

MS. HADJIMICHAEL:  Could we briefly go off the record?

THE VIDEOGRAPHER:  This will end Media Unit 2, going off the record at 11:37.

Page 85

C E R T I F I C A T I O N

I, ANTHONY GIARRO, a Shorthand Reporter and a Notary Public, do hereby certify that the foregoing witness, HADAR FINKELSTEIN, was duly sworn on the date indicated, and that the foregoing, to the best of my ability, is a true and accurate transcription of my stenographic notes.

I further certify that I am not employed by nor related to any party to this action.

Date: 12/16/25

ANTHONY GIARRO

Page 155

ELENA HADJIMICHAEL, ESQ.

elena.hadjimichael@freshfields.com

December 16, 2025

RE: AMI - Government Employees Provident Fund v.

Alphabet Inc., Et Al

12/9/2025, Hadar Finkelstein, (#7771703).

The above-referenced transcript has been

completed by Veritext Legal Solutions and

review of the transcript is being handled as follows:

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Contact Veritext

to schedule a time to review the original transcript at

a Veritext office.

__ Per CA State Code (CCP 2025.520 (a)-(e)) – Locked .PDF

Transcript - The witness should review the transcript and

make any necessary corrections on the errata pages included

below, notating the page and line number of the corrections.

The witness should then sign and date the errata and penalty

of perjury pages and return the completed pages to all

appearing counsel within the period of time determined at

the deposition or provided by the Code of Civil Procedure.

Contact Veritext when the sealed original is required.

__ Waiving the CA Code of Civil Procedure per Stipulation of

Counsel - Original transcript to be released for signature

as determined at the deposition.

__ Signature Waived – Reading & Signature was waived at the

time of the deposition.

Page 157

__ Federal R&S Requested (FRCP 30(e)(1)(B)) – Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Federal Rules.

_X_ Federal R&S Not Requested - Reading & Signature was not requested before the completion of the deposition.

Page 158

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.