# EXHIBIT 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Case No. 3:23-cv-01186-RFL

---------------------------------------x

AMI-GOVERNMENT EMPLOYEES PROVIDENT FUND

MANAGEMENT COMPANY LTD., Individually and

on Behalf of All Others Similarly

Situated,

                         Plaintiffs,

     - against -

ALPHABET INC., et al.,

                       Defendants.

---------------------------------------x

Updated FINAL - Exhibit 20 marked & Introduced

                December 5, 2025

                   9:42 a.m.

VIDEOTAPED DEPOSITION of LYNN

WENGUER, held at the offices of FRESHFIELDS

US LLP, located at 3 World Trade Center,

175 Greenwich Street, New York, New York

10007, before Anthony Giarro, a Registered

Professional Reporter, a Certified Realtime

Reporter and a Notary Public of the State

of New York.

Page 1

as I would have been the one responsible for the communication.

Q       Did you speak to anyone, apart from your counsel, in preparation for your testimony about Topic No. 9?

A       I did not.

Q       Do you understand that you are designated as the corporate representative to testify about Topic No. 10?

A       Yes.

Q       And are you the person most qualified to provide information about Topic No. 10?

A       Yes.

Q       Is there anyone else from the system qualified to speak about Topic No. 10?

A       No.

Q       How did you prepare for your testimony about Topic No. 10?

A       I did not feel the need to prepare as I am the one that is responsible for the communications through my daily activities and

Page 92

responsibilities to the plan.

Q        Do you know when the system first invested in Alphabet stock?

A        They've been investing -- I don't know the exact date, no.

Q        Do you know approximately when the system first invested in Alphabet stock?

A        No, I do not.

Q        Does the system continue to have funds invested in Alphabet stock?

A        Yes.  I believe so.

Q        Has the system bought any Alphabet stock since this lawsuit was filed?

A        Yes.

Q        Do you know how much?

A        I do not.

Q        And how would you describe the system's investment strategy with respect to Alphabet stock?

         MS. GILMORE:  Objection to form.

A        The board does not invest directly with Alphabet stock.  Any

Page 93

investments made through Alphabet are made through our money investment professionals that the plan has hired.

Q    And how do they make their determinations about which stocks to invest in?

A    You would have to ask the investment professionals.  We don't know what their processes are.

Q    Has the system's investment strategy changed over time?

A    There's been tweaks over the period of time but not majorly.  But every once in a while, they'll add in something if there's a new investment that comes up.  They will tweak it.

Q    They'll tweak the investment strategy?

A    Yes.  They will tweak it.

Q    And can you describe some of those tweaks that have happened over time?

MS. GILMORE:  Objection to form and vague.

A    They've added -- over time,

Page 94

they've added private equity.  Before private equity wasn't a thing, it used to be in the beginning of plans, it was only in bonds.  Then it moved to stocks and bonds.  Then it moved to stocks, bonds and real estate.  So as newer investment vehicles have been coming up, they've been adding those to their investment policy.

Q     Do you know when the system switched from bonds to stocks and bonds?

A     No.

Q     Do you know approximately when that happened?

A     No.  It was before 1982.  That, I can tell you.

(The above-referred-to document was marked as Wenguer Exhibit 2 for identification, as of this date.)

MS. TSUI:  Let's go off the record.

THE VIDEOGRAPHER:  The time is 11:26.  This will end Media Unit No. 2.

Page 95

the most optimum recovery.

Q        And was there anything about your reasoning for joining this case as a plaintiff that deferred from your reasoning to join any other cases as a lead plaintiff?

MS. GILMORE:  Objection to form, vague and outside the scope.

A        I can't answer that.  I'm not sure.

Q        What fact investigation did the system do before deciding to join this lawsuit?

A        We reviewed all the -- what the claim is and what our losses were, our potential losses may be.

Q        And who performed that review?

A        We work with our attorney and our securities litigation, Pomerantz, to help us determine that.

Q        And when you said we reviewed what the claim is, what do you understand the claim to be in this case?

A        I understand that

Page 227

some statements were made by the CEO of Alphabet, what written testimony was presented to Congress about certain digital advertising and bidding on that advertising.  That was given an unfair advantage to Google.

Q       When did the system become aware that that statement had been made?

MS. GILMORE:  Objection to form.  Also, I'm directing you not to divulge anything that's based on attorney-client communications.

A       September of 2020.

Q       And how did you become aware of that statement?

A       Okay.  Let's go back to the other question.

Q       Sure.

When did the system become aware about written testimony presented to Congress?

A       Not until 2020; May June -- May 2023.

Q       That's when you first learned about this litigation?

Page 228

A        Yes.

Q        Prior to May 2023 when the system first became aware of Google's congressional testimony, the system hadn't made any changes to its investment position in Alphabet on the basis of Google's congressional testimony; is that correct?

MS. GILMORE:  Objection to form.

A        The plan doesn't make determination about investments.  So I couldn't tell you if any of that was based on testimony.  We don't direct the investments, individual stock investments.

Q        I think you mentioned a statement was presented to Congress regarding Google's digital advertising and bids on that advertising; is that correct?

A        Yes.

Q        And what is your understanding of what that statement is?

A        It's more technical, way

Page 229

C E R T I F I C A T I O N


I, ANTHONY GIARRO, a Shorthand Reporter and a Notary Public, do hereby certify that the foregoing witness, LYNN WENGUER, was duly sworn on the date indicated, and that the foregoing, to the best of my ability, is a true and accurate transcription of my stenographic notes.

I further certify that I am not employed by nor related to any party to this action.



ANTHONY GIARRO


Page 309

Veritext Legal Solutions
Calendar-CA@veritext.com 866-299-5127

J. MIA TSUI, ESQ.

mia.tsui@freshfields.com

December 6, 2025

RE: AMI - Government Empolyees Provident Fund v. Alphabet Inc.,

12/5/2025, Lynn Wenguer, (#7771639).

The above-referenced transcript has been

completed by Veritext Legal Solutions and

review of the transcript is being handled as follows:

__ Per CA State Code (CCP 2025.520 (a)-(e)) â€" Contact Veritext

to schedule a time to review the original transcript at

a Veritext office.

__ Per CA State Code (CCP 2025.520 (a)-(e)) â€" Locked .PDF

Transcript - The witness should review the transcript and

make any necessary corrections on the errata pages included

below, notating the page and line number of the corrections.

The witness should then sign and date the errata and penalty

of perjury pages and return the completed pages to all

appearing counsel within the period of time determined at

the deposition or provided by the Code of Civil Procedure.

Contact Veritext when the sealed original is required.

__ Waiving the CA Code of Civil Procedure per Stipulation of

Counsel - Original transcript to be released for signature

as determined at the deposition.

__ Signature Waived â€" Reading & Signature was waived at the

time of the deposition.

Page 310

__ Federal R&S Requested (FRCP 30(e)(1)(B)) â€" Locked .PDF Transcript - The witness should review the transcript and make any necessary corrections on the errata pages included below, notating the page and line number of the corrections. The witness should then sign and date the errata and penalty of perjury pages and return the completed pages to all appearing counsel within the period of time determined at the deposition or provided by the Federal Rules.

_x_ Federal R&S Not Requested - Reading & Signature was not requested before the completion of the deposition.

Page 311

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.