# EXHIBIT 32

Technology

# Google Must Face States' Claims in Ad Tech Antitrust Suit

■ Alphabet unit defeats claim it cut illegal deal with Facebook
■ US judge allows states to proceed on monopolization claims

     



Google's Bay View campus in Mountain View, California.  *Photographer: David Paul Morris/Bloomberg*

By Leah Nylen
September 13, 2022 at 5:39 PM PDT
*Updated on September 14, 2022 at 8:55 AM PDT*

 Save         Translate ⌄

🔒 This article is for **subscribers only**.

An antitrust suit by state attorneys general accusing Alphabet Inc.'s Google of monopolizing the technology underlying online advertising can move forward, a New York federal judge ruled.

Judge P. Kevin Castel on Tuesday allowed the bulk of the states' antitrust lawsuit to proceed, while throwing out a key claim that a 2018 advertising

Case 3:23-cv-01186-RFL   Document 145-12   Filed 01/13/26   Page 3 of 5

pact with Facebook violated antitrust law.

Attorneys general for 16 states plus Puerto Rico sued Google in 2020 for monopolizing the advertising technology market. Google sought to dismiss the case, arguing that all of the conduct that the states target is legal.

The states, led by Texas, alleged that Google entered into a secret deal, nicknamed Jedi Blue, to give Meta Platforms Inc. advantages on the exchange it runs to buy and sell online ads. In return, the social media company abandoned plans to adopt a new type of technology that would have undercut Google's online advertising monopoly.

Castel dismissed that claim, saying "there is nothing inexplicable or suspicious" about what led the companies to enter into the agreement.

Google said the judge struck down "large parts" of the Texas attorney general's case, including the "centerpiece" -- the agreement with Meta.

"This has always been a well-publicized, pro-competitive agreement," the company said in a statement. ⌨

Texas Attorney General Ken Paxton called the decision a "major step in the right direction."

"We look forward to a jury hearing how this Big Tech giant abused its monopoly power by harming consumers to reap billions in monopoly profits," Paxton said in a statement.

The states also alleged that Google manipulated the auctions held on its exchange in ways designed to ensure its own products nearly always won.

Castel said the states can move forward with a monopolization claim over nationwide markets for publisher ad servers, ad exchanges and ad-buying tools for small advertisers.

Google said it will continue to fight those claims.

"As we've long said, advertising technology is a fiercely competitive industry -- and our products increase choice for publishers, advertisers

and consumers while enabling small businesses to affordably find new customers," the company said in the statement. "We look forward to setting the record straight."

Other parts of Castel's ruling went against the states' case. He found the states failed to plausibly allege anticompetitive conduct tied to Reserve Price Optimization, a program in Google's exchange that tries to help website publishers increase revenues if the company thinks a buyer would be willing to pay more for ads on their site.

Castel also found the states didn't adequately demonstrate how Google's Accelerated Mobile Pages is anticompetitive. AMP is a project where websites are cached on Google servers so they can more quickly be served to customers on mobile.

Read More: Google Asks Court to Toss Federal Antitrust Claims by States

The states' bid to block Google from using Dynamic Allocation was dismissed by the judge, who concluded the allegations were "historical in nature" because the program ended in 2019 and wasn't likely to be revived.

The case is In re Google Digital Advertising Antitrust Litigation, 21-md-03010, U.S. District Court, Southern District of New York (Manhattan).
— *With assistance from Davey Alba and Robert Burnson*

*(Updates with Texas statement in eighth paragraph)*



⬚ Save

Contact us:
**Provide news feedback or report an error**

Site feedback:
**Take our Survey** ↗

Confidential tip?
**Send a tip to our reporters**

**Before it's here, it's on the Bloomberg Terminal**

# Bloomberg

©2026 Bloomberg L.P. All Rights Reserved.