POMERANTZ LLP
Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com

*Counsel for Plaintiffs and for the Proposed
Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALPHABET INC., GOOGLE LLC, and SUNDAR PICHAI<br><br>Defendants. | Case No. 3:23-CV-01186-RFL<br><br><br><br>Location:  Courtroom 15 – 18th Floor<br>Judge:     Rita F. Lin |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE
MOTION FOR LEAVE TO FILE SUR-REPLY**

**TABLE OF ABBREVIATIONS**

| ABBREVIATION | MEANING |
|---|---|
| Administrative Motion or Admin. Mot. | Defendants' Administrative Motion for Leave to File Sur-Reply, filed April 2, 2026 (Dkt. 149) |
| Civ. Standing Or. | Judge Rita F. Lin's Standing Order for Civil Cases |
| Defendants | Alphabet Inc., Google LLC, and Sundar Pichai |
| Motion or Mot. | Plaintiffs' Notice of Motion and Motion for Class Certification, filed October 30, 2025 (Dkt. 134) |
| Opposition or Opp. | Defendants' Opposition to Plaintiffs' Motion for Class Certification, filed January 13, 2026 (Dkt. 142) |
| Nye Reply | Expert Reply Report of Zachary Nye, Ph.D., filed March 17, 2026 (Dkt. 148-2) |
| Plaintiffs | Menora Mivtachim Insurance Ltd., Menora Mivtachim Pensions and Gemel Ltd., AMI - Government Employees Provident Fund Management Company Ltd., and City of Fort Lauderdale Police & Fire Retirement System |
| Proposed Sur-Reply or Prop. Sur-Rep. | Defendants' Proposed Sur-Reply in Support of Opposition to Plaintiffs' Motion for Class Certification (Dkt. 149-1) |
| Reply | Plaintiffs' Reply Memorandum of Law in Further Support of Their Motion for Class Certification, filed March 17, 2026 (Dkt. 148) |
| SAC | Second Amended Complaint, filed September 24, 2024 (Dkt. 87) |

**INTRODUCTION**

The Court should deny Defendants' Administrative Motion to file a 15-page sur-reply. Motions for leave to file sur-replies are disfavored, Defendants have no such right, and Plaintiffs' Reply raises no new arguments justifying additional briefing. *MacroCharts Rsch. LLC v. Chou*, 2026 WL 192661, at *4 (N.D. Cal. Jan. 26, 2026). Nevertheless, for the sake of judicial efficiency, Plaintiffs have consented to a 6-page sur-reply and a sur-reply expert report, which Defendants refused. They seek **15 pages** for their discretionary briefing, in essence applying the same page limit as is applicable to moving parties' replies, Civ. Standing Or. at 7. Defendants' request for an oversized brief lacks legal support and should be swiftly rejected.

**ARGUMENT**

**I.    PLAINTIFFS' REPLY CONTAINED NO NEW ARGUMENTS OR EVIDENCE**

Defendants argue that a 15-page sur-reply is needed because Plaintiffs' Reply supposedly raises four new arguments and/or evidence not included in their Motion: (1) a new position on the 95% confidence level for statistical significance; (2) new mismatch arguments under *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 594 U.S. 113 (2021); (3) new statistical evidence of price impact for each corrective disclosure and a purportedly new corrective disclosure; and (4) new responses to Defendants' expert, Professor Allen Ferrell. But none of these are new arguments. Instead, Plaintiffs directly and properly responded to Defendants' "price impact" arguments—an issue for which Defendants admittedly bear the burden of proof and which they first raised in their Opposition. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020) (explaining that "the burden to show no price impact…is on defendants" and denying sur-reply request). As such, Defendants are not even entitled to a sur-reply, let alone an oversized one.

*First*, contrary to Defendants' contention, Plaintiffs' position on confidence level for statistical significance has not changed. The Reply merely responds to Defendants' price impact arguments, observing that "a bedrock principle of economics" is that "the absence of statistically significant price **declines does not demonstrate a lack of price impact**." Reply at 4 (emphasis added); *see* Reply at 2 n.3. *Second*, and relatedly, Plaintiffs do not raise new arguments regarding statistical significance and

mismatch for the corrective disclosures, but again simply respond to Defendants' price impact arguments. In their opening brief in support of class certification, Plaintiffs had no obligation to guess whether Defendants would make a "price impact" challenge and, if so, divine their precise arguments. In a securities class action, a "plaintiff moving to certify a class should not be expected—in the opening brief—to anticipate and rebut all possible affirmative defense arguments challenging the merits of the plaintiff's claims." *Turocy v. El Pollo Loco Holdings, Inc.*, 2018 WL 3343493, at *12 (C.D. Cal. July 3, 2018); *see also Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief"); *Brinker v. Axos Bank*, 2025 WL 1507154, at *2 (S.D. Cal. May 27, 2025) ("Ninth Circuit courts have made it clear that reply briefs may address points raised in opposition").

Defendants also argue that Plaintiffs cited new case law to support price impact arguments. But citations to additional authority clearly do not warrant sur-replies. *Synopsis, Inc. v. Siemens Indus. Software Inc.*, 2021 WL 1238309, at *2 n.2 (N.D. Cal. Apr. 2, 2021) (denying request for sur-reply because "new arguments and cases" cited in reply brief were in direct response to the opposition); *accord GEFT Outdoor, L.L.C. v. City of Westfield*, 491 F. Supp. 3d 387, 396 (S.D. Ind. 2020) (citation to new case in reply brief does not constitute "new argument" or "new evidence").

*Third*, Defendants contend that Plaintiffs' expert "propounds a new version of his event study" and adds a sixth corrective disclosure on April 17, 2023 "not raised in Plaintiffs' opening brief." Admin. Mot. at 2. But Dr. Nye's reply expert report is in fact properly bound in scope by its direct response to Professor Ferrell's report—Nye Reply ¶4 ("I now have been retained by Counsel for Plaintiffs in this matter to reply to the Amended Rebuttal Report of Professor Allen Ferrell")—indeed Professor Ferrell is mentioned by name in almost every paragraph. In his reply report, Dr. Nye simply shows how Dr. Ferrell's errors affected the outcome of his skewed analysis. Further, the April 17, 2023 corrective disclosure appears in the operative Second Amended Complaint, *see* SAC ¶¶ 275-276; the Reply simply rebuts the Opposition's incorrect assertion that Plaintiffs did not move for class certification as to this corrective disclosure. Reply at 14.

*Fourth*, and relatedly, Defendants incorrectly argue that Dr. Nye responds to Professor Ferrell with new arguments, attaching a "rebuttal report" that includes a "new event study," but again Dr. Nye does not make new arguments—instead, he responds to Dr. Ferrell's, which is precisely the purpose of a reply. *See supra.* Defendants' proposed sur-reply now includes responses and criticisms *of Dr. Nye*, *see, e.g.*, Prop. Sur-Rep. at 2, 4-5, 7-8, which under Defendants' logic should permit Plaintiffs an additional sur-reply. Such a never-ending string of briefing is frowned upon. *Dzieciolowski v. DMAX Ltd.*, 2016 WL 7650569, at *1 (C.D. Cal. Mar. 16, 2016) ("Surely there is a time, as papers are filed with the threats of surreplies and surreplies to surreplies, and—who knows—still more surreplies, to say 'enough.'").

## II.    DEFENDANTS ARE NOT ENTITLED TO AN OVERSIZED SUR-REPLY

This Court does not grant excessive sur-replies, let alone ones that match the size of a reply brief—which most Defendants do not even deign requesting. *See*, *e.g.*, *S.G. et al. v. Epic Games, Inc.*, No. 3:25-cv-02254, Dkts. 32, 34 (N.D. Cal. 2025) (granting 1.5-page sur-reply); *Yangtze Memory Technologies Company, Ltd. v. Micron Technology, Inc., et al.*, No. 3:23-cv-05792, Dkts. 68, 73 (N.D. Cal. 2024) (granting 3-page sur-reply).

Defendants' own cases demonstrate the impropriety of their demand. *See In re Goldman Sachs Group, Inc. Sec. Litig.*, No. 1:10-cv-03461, Dkt. 158 (S.D.N.Y. Jun. 8, 2015) (granting 5 pages in response to a 10-page request); *Conriquez v. Cushman & Wakefield U.S. Inc.*, No. 3:22-cv-02734, Dkt. 125 (N.D. Cal. Mar. 2, 2026) (granting 10-page sur-reply); *Xu v. FibroGen, Inc. et al.*, No. 3:21-cv-02623, Dkts. 210, 214 (N.D. Cal. Aug. 17, 2023) (granting 7-page sur-reply); *SI v. Bed Bath & Beyond Corp. et al.*, No. 1:22-cv-02541, Dkt. 121 (D.D.C. Jul. 3, 2024) (granting 10-page sur-reply); *Shupe v. Rocket Cos., Inc. et al.*, 1:21-cv-11528, Dkt. 148 (E.D. Mich. Mar. 20, 2024) (granting 10-page sur-reply).

Indeed, courts in this Circuit routinely deny such unwarranted requests. *See, e.g.*, *California Restaurant Association v. City of Berkeley*, No. 4:19-cv-07668, Dkt. 32 (N.D. Cal. Mar. 20, 2020) (denying request for a 10-page sur-reply and granting only 4 pages); *In re Myford Touch Consumer*

*Litig.*, No. 3:13-cv-03072, Dkts. 256, 266 (N.D. Cal. May 18, 2016) (denying request for a 10-page sur-reply and granting only 5 pages); *Stemple v. QC Holdings, Inc.*, No. 3:12-cv-01997, Dkts. 64, 73 (S.D. Cal. June 26, 2014) (denying request for a 7-page sur-reply and granting only 5 pages).

Accordingly, Defendants should not be granted an unfair advantage over Plaintiffs.

*        *        *

Neither Plaintiffs nor Defendants seek to modify the upcoming April 14, 2026 hearing date for Plaintiffs' motion for class certification. And while both Plaintiffs' and Defendants' experts are available to attend that hearing, this is not the "rare" case where a court needs to invite the experts to testify. Nor do Defendants make any attempt to make such an extraordinary showing. Admin. Mot. at 1.

## CONCLUSION

Accordingly, if the Court were inclined to grant Defendants' request to file a sur-reply brief and the proposed sur-reply report of their expert (Dkt. 150-3), at most their brief should be limited to 6 pages in length.

Dated: April 6, 2026

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Emma Gilmore*

Jeremy A. Lieberman (admitted *pro hac vice*)
Emma Gilmore (admitted *pro hac vice)*
Rupita Chakraborty (admitted *pro hac vice*)
Villi Shteyn (admitted *pro hac vice)*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
egilmore@pomlaw.com
rchakraborty@pomlaw.com
vshteyn@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190

PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE
MOTION FOR LEAVE TO FILE SUR-REPLY
- 3:23-cv-01186-RFL

jpafiti@pomlaw.com

Orly Guy
Eitan Lavie
Ariel Sharon 4, 34th Floor
Givatayim, Israel 5320047
Telephone: +972 (0) 3 624 0240
Facsimile: +972 (0) 3 624 0111
oguy@pomlaw.com
eitan@pomlaw.com

*Counsel for Plaintiffs and for the Proposed Class*


**KLAUSNER KAUFMAN JENSEN & LEVINSON**
Robert D. Klausner
7080 NW 4th Street
Plantation, FL 33317
Tel: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com

*Additional Counsel for Plaintiff City of Fort Lauderdale Police & Fire Retirement System*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE
MOTION FOR LEAVE TO FILE SUR-REPLY
- 3:23-cv-01186-RFL