BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
ELENA HADJIMICHAEL, State Bar No. 355715
elena.hadjimichael@freshfields.com
CARL HUDSON, State Bar No. 317201
carl.hudson@freshfields.com
J. MIA TSUI, State Bar No. 344251
mia.tsui@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No.: 3:23-cv-01186-RFL (SK)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**<br><br>Date: September 22, 2026<br>Time: 10:00 AM<br>Location: Courtroom 4 – 17th Floor<br>Judge: The Hon. Rita F. Lin |

## TABLE OF CONTENTS

Page

INTRODUCTION ..... 1
BACKGROUND ..... 2
A. Defendants' Significant Productions ..... 2
B. Plaintiffs' Inattention to Discovery ..... 3
C. Plaintiffs' Mischaracterization of Defendants' Discovery Efforts ..... 4
ARGUMENT ..... 5
I. THE HIGH BAR FOR RULE 56(d) RELIEF ..... 5
II. PLAINTIFFS CANNOT DELAY SUMMARY JUDGMENT WITH IRRELEVANT, DISPROPORTIONATE DISCOVERY ..... 6
A. Plaintiffs Demand Non-Probative Source Code ..... 7
B. Plaintiffs Fail to Notice a Single Fact Deposition ..... 9
C. Plaintiffs Do Not Justify Additional Custodians and Fresh Collections ..... 11
D. Produced Materials from Prior Ad Tech Litigation Do Not Support Rule 56(d) Relief ..... 13
E. Dilatory Meta Subpoena Does Not Warrant Rule 56(d) Relief ..... 14
F. Unspecified Expert Discovery Does Not Warrant Rule 56(d) Relief ..... 15
III. PLAINTIFFS' RULE 56(d) APPLICATION SHOULD BE DENIED OR RESOLVED VIA SUPPLEMENTAL BRIEFING ..... 16
CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Cases** **Page**

*Apple Inc. v. Samsung Elecs. Co.*,
2012 WL 1595784 (N.D. Cal. May 4, 2012)........................................ 10, 12

*Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*,
323 F.3d 767 (9th Cir. 2023)........................................ 6

*Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*,
769 F.2d 561 (9th Cir. 1985)........................................ 12

*Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.*,
118 F. Supp. 2d 1002 (C.D. Cal. 2000)........................................ 9

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)........................................ 6, 7

*CliniComp Int'l, Inc. v. Cerner Corp*,
2022 WL 16985003 (S.D. Cal. Nov. 15, 2022)........................................ 14

*In re Clorox Co. Sec. Litig.*,
238 F. Supp. 2d 1139 (N.D. Cal. 2020)........................................ 6

*Cogdell v. Kale*,
2021 WL 2416904 (D.D.C. June 24, 2021)........................................ 15

*Cohen v. Apple Inc.*,
No. 3:19-cv-05322-WHA, Dkt. 146 (N.D. Cal. Aug. 3, 2020)........................................ 13

*Duffy v. Wolle*,
123 F.3d 1026 (8th Cir.1997)........................................ 5

*Employers Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*,
353 F.3d 1125 (9th Cir. 2004)........................................ 9, 14, 15

*F.D.I.C. v. Faigin*,
2014 WL 2465145 (C.D. Cal. June 2, 2014)........................................ 15

*Garrett v. City & Cnty. of San Francisco*,
818 F.2d 1515 (9th Cir. 1987)........................................ 11

*In re Google Digital Advertising Antitrust Litigation*,
627 F. Supp. 3d 346 (S.D.N.Y. 2022)........................................ 4, 13

*In re Google Digital Advertising Antitrust Litigation*,
No. 1:21-md-03010 (S.D.N.Y.)........................................ 2

*Handloser v. HCL Am., Inc.*,
2020 WL 7405686 (N.D. Cal. Dec. 17, 2020)........................................ 11

*Ibrahim v. U.S. Dep't of Homeland Sec*
912 F.3d 1147 (9th Cir. 2019)........................................ 4

**Cases** **Page**

*In re Imperial Credit Indus., Inc. Sec. Litig.*,
252 F. Supp. 2d 1005 (C.D. Cal. 2003)........................................ 9

*McCormick v. Fund Am. Cos.*,
26 F.3d 869 (9th Cir. 1994)........................................ 16

*In re Meta Pixel Tax Filing Cases*,
No. 3:22-cv-07557-SI (VKD), Dkt. 70 (N.D. Cal. May 18, 2023)........................................ 12

*Mojica v. State Farm General Ins. Co.*,
735 F. Supp. 3d 1247 (S.D. Cal. 2024)........................................ 14, 16

*Nidds v. Schindler Elevator Corp.*,
113 F.3d 912 (9th Cir. 1996)........................................ 6

*In re Oracle Corp. Sec. Litig.*,
627 F.3d 376 (9th Cir. 2010)........................................ 10

*Roberts v. McAfee, Inc.*,
660 F.3d 1156 (9th Cir. 2011)........................................ 5

*Ruiz v. Southwest Answering Service, Inc.*,
2024 WL 5317308 (C.D. Cal. Oct. 16, 2024)........................................ 10

*Sandisk3D IP Holdings Ltd v. Viasat, Inc.*,
2025 WL 823785 (N.D. Cal. Mar. 14, 2025)........................................ 8

*Sec. & Exch. Comm'n v. Stein*,
906 F.3d 823 (9th Cir. 2018)........................................ 9

*SolarCity Corp. v. Doria*,
2017 WL 6344828 (S.D. Cal. Dec. 12, 2017)........................................ 10

*State of Cal. v. Campbell*,
138 F.3d 772 (9th Cir. 1998)........................................ 6, 10

*Stevens v. CoreLogic, Inc.*,
899 F.3d 666 (9th Cir. 2018)........................................ 13

*Sweeney v. Nationwide Mutual Insurance Co.*,
2023 WL 11910649 (S.D.N.Y. Mar. 30, 2020)........................................ 13

*Texas v. Google LLC*,
764 F. Supp. 3d 500 (E.D. Tex. 2025)........................................ 4

*Texas v. Google, LLC*,
No. 4:20-cv-00957 (E.D. Tex.)........................................ 2, 10, 14

*United States et al v. Google LLC*,
No. 1:23-cv-00108 (E.D. Va.)........................................ 2, 13

*United States v. Google LLC*,
778 F. Supp. 3d 797 (E.D. Va. 2025)........................................ 4

**Cases** **Page**

*United States v. Google LLC*,
No. 1:23-cv-00108-LMB-JFA (E.D. Va. Apr. 17, 2025), Dkt. 1410 .......... 13

*University of Texas v. Camenisch*,
451 U.S. 390 (1981) .......... 10

*Whitmire v. Wal-Mart Stores Inc.*,
359 F. Supp. 3d 761 (D. Ariz. 2019) .......... 15

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007) .......... 8

**Other Authorities**

Fed. R. Civ. P. 26 .......... 12

Fed. R. Civ. P. 56(d) .......... *passim*

## TABLE OF ABBREVIATIONS

| Abbreviation | Meaning |
|---|---|
| Action | *AMI - Gov't Emps. Provident Fund Mgmt Co. v. Alphabet Inc.*, No. 3:23-cv-01186 (N.D. Cal. Mar. 16, 2023) |
| Defendants | Alphabet, Inc., Google LLC, and Sundar Pichai |
| DEx. | Exhibit to concurrently filed Declaration of Carl Hudson in Support of Defendants' Opposition to Plaintiffs' Rule 56(d) Motion |
| Hudson Aff. | Affidavit of Carl Hudson in Support of Defendants' Opposition to Plaintiffs' Rule 56(d) Motion |
| MSJ | Defendants' Notice of Motion and Motion for Partial Summary Judgment, filed April 20, 2026 (Dkt. 160) |
| MSJ DEx. | Exhibit to Declaration of Carl Hudson in Support of Defendants' Motion for Summary Judgment, filed on April 20, 2026 (Dkt. 162) |
| MSJ Reply | Concurrently filed Reply in Support of Defendants' Motion for Partial Summary Judgment |
| Mot. | Plaintiffs' Motion for Relief Pursuant to FRCP 56(d) |
| NBA | Network Bidding Agreement |
| PEx. | Exhibit to Declaration of Rupita Chakraborty in Support of Plaintiffs' Motion to Defer or Deny Defendants' Motion for Partial Summary Judgment Pursuant to Rule 56(d), filed on June 26, 2026 (Dkt. 183-2) |
| Opp. PEx. | Exhibit to Declaration of Emma Gilmore in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(a), filed on June 26, 2026 (Dkt. 186) |
| Prior Ad Tech Litigation | *United States v. Google LLC*, No. 23-cv-00108 (E.D. Va. May 11, 2023); *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-03010 (S.D.N.Y. Aug. 31, 2023); and *Texas v. Google, LLC*, No. 20-cv-00957 (E.D. Tex. Dec. 13, 2023). |
| Third RFPs | Plaintiffs' Third Set of Requests for Production (Feb. 11, 2026) |

Herein, emphasis is added unless otherwise noted. Certain quotation marks, alteration marks, citations, and emphases have been omitted.

## INTRODUCTION

After more than a year of discovery, resulting in nearly 1.5 million pages produced by Defendants, the evidence starkly shows that Plaintiffs' case was a figment of their imagination. There was no extra time granted to Facebook, there was no nefarious increase in bid value, and there was no intervention by Google—a thumb on the scale—to favor bids entering the UFPA through any specific channel. In other words, the UFPA worked exactly as Google's responses to Congress said it did.

Plaintiffs know that, if their case remains as pleaded, they face summary judgment and dismissal. So they are, quite naturally, trying to pivot. They do not have another theory yet, so they need more time to search for one. They would like, in the meantime, for this Court to deny or delay Defendants' motion for summary judgment, which, Plaintiffs claim, took them by surprise.

While perhaps not taking them by surprise, the motion certainly found Plaintiffs unprepared. Plaintiffs have had the vast majority of relevant evidence ***since September 5, 2025***. In December 2025, Judge Kim advised the Parties on her views as to various other discovery requests, further to which, Defendants produced additional documents between January–April 2026. As of April 2026, Plaintiffs ***had not even reviewed*** the documents produced in September 2025, eight months earlier. During this entire period, between May 2025 and April 2026, Defendants transparently indicated they would file a partial summary judgment motion. The Court's case management order provided the same. Despite the very clear timeline, Plaintiffs did not seek a single deposition, did not seek any additional discovery before Judge Kim, and, even as late as July 2026, had barely performed what they called a "first-pass review" of the produced documents.

Even after Defendants filed their summary judgment motion in April 2026, Plaintiffs waited ***another two months*** to file a Rule 56(d) motion. When they did, they filed it in tandem with their opposition to the summary judgment motion, suggesting that they were, in fact, perfectly capable of responding to Defendants' motion without additional discovery. That is hardly surprising. While Plaintiffs purport that no fewer than eleven categories of additional discovery are "essential" to their claim, which they desire urgently, they only elevated two of those categories before Judge Kim. Both of those are completely irrelevant to the case as currently pleaded. Both should be denied. Both

represent a last-minute attempt to find something—anything—to anchor a new theory of the case and avoid summary judgment. The remaining nine categories are equally irrelevant and unnecessary.

The Court should decline to reopen discovery to allow Plaintiffs an opportunity to shapeshift their case on the eve of summary judgment. Plaintiffs do not qualify for the exceptional remedies of Rule 56(d), having failed to engage with the evidence for several months and having somehow managed to still be caught unaware of a motion announced 11 months before it was filed. If the Court wishes, Plaintiffs can be permitted to file a supplemental 10-page brief after discovery ordered by Judge Kim is produced (if any), to which Defendants can file a 10-page response. Defendants believe this to be an unnecessary exercise, but it seems to be a remedy better tailored to the predicament in which Plaintiffs have placed themselves through tardiness and lack of diligence.

## BACKGROUND

### A. Defendants' Significant Productions

Substantial discovery has taken place in this Action. Defendants have produced over 1,450,000 pages of documents, between September 5, 2025, DEx. 2, and July 10, 2026. DEx. 9; Hudson Aff. ¶¶ 9–22.

The first of these productions consisted of relevant documents from those produced in antitrust cases against Alphabet and Google.[1] Hudson Aff. ¶ 9. That production was made on September 5, 2025. DEx. 2; Hudson Aff. ¶ 9.

Beyond that universe, however, Defendants also produced Board-level documents and other documents about Google's response to Questions for the Record from Congress ("QFR").[2] DEx. 3; Hudson Aff. ¶ 10. Defendants also produced information related to the reporting lines of Alphabet's CEO, Sundar Pichai. DEx. 13; Hudson Aff. ¶ 14.

---

[1] These cases are: *United States et al v. Google LLC*, No. 1:23-cv-00108 (E.D. Va.); *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (S.D.N.Y.); *Texas v. Google, LLC*, No. 4:20-cv-00957 (E.D. Tex.). These cases are referred to as the "Prior Ad Tech Litigation," consistent with Plaintiffs' definition in their Motion. Mot. at iv.

[2] As relevant here, after Google testified before the House Judiciary Subcommittee on Antitrust, Commercial, and Administrative Law on July 29, 2020, six members of the House of Representatives sent Google 85 QFR regarding Google products. MSJ at 5–6. The response to QFR 6—regarding "the percentage of bids . . . Google win[s] on its own ad exchanges"—contains the only challenged statement remaining in this case. *Id.* at 6.

Without even reviewing these productions, Plaintiffs pursued more discovery before Judge Kim. On December 18, 2025, Judge Kim issued an order (the "Discovery Order"), Dkt. 140, requiring production, in relevant part, of **(1)** documents beyond those produced in the Prior Ad Tech Litigation, **(2)** documents with an expanded Relevant Time Period between 2017-2023. *Id.*

On April 7, 2026, Defendants completed production of these documents, tallying over 585,000 pages. PEx. 5 at 1; DExs. 2–10; Hudson Aff. ¶¶ 13–15.

**B. Plaintiffs' Inattention to Discovery**

Plaintiffs' Motion recites at length meet-and-confer discussions and correspondence between the Parties. Mot. at 4–6. They fail to describe their own lack of diligence in reviewing the discovery they received. Plaintiffs have had the majority of the internal Google documents produced in this Action since October 17, 2025, over 800,000 pages worth. Hudson Aff. ¶ 11.

Since then, Plaintiffs have not noticed a single fact deposition. Hudson Aff. ¶ 29. They have not sought merits expert discovery. Hudson Aff. ¶ 29. Nor does it appear that Plaintiffs even reviewed the documents produced. During the Parties' April 8, 2026 meet-and-confer, Plaintiffs could not represent that they had completed review of the documents produced on September 5, 2025—***over 7 months prior***. PEx. 7 at 3; Hudson Aff. ¶ 4. Months later, on June 9, 2026, Plaintiffs could barely indicate that they had completed what they called a "first-pass review" of those documents. PEx. 9 at 11; Hudson Aff. ¶ 7. Plaintiffs have stated that they have not finished reviewing the remaining documents produced since then because they are "highly technical documents requiring detailed analysis." Mot. at 6. That is no excuse for failing to review documents that, in almost all cases, Plaintiffs have had for several months. Hudson Aff. ¶¶ 10–17.

During that time, Plaintiffs knew that Defendants would move for partial summary judgment. As early as May 12, 2025, Defendants stated they would move for partial summary judgment in a case management statement. Dkt. 117 at 17–18. The Court itself explicitly allowed Defendants to file a partial summary judgment motion in the initial case management order. Dkt. 121 at 2. And again, Defendants informed Plaintiffs of their upcoming motion both in the briefing for class certification, Dkt. 142 at 3, as well as in meet and confers as recent as April 8, 2026. Hudson Aff. ¶ 4. Defendants indeed filed their summary judgment motion on April 20, 2026. Mot. at 2, 18; Hudson Aff. ¶ 6.

Despite these repeated notices, Plaintiffs still profess surprise that Defendants did what they said they would. In a telling sign of Plaintiffs' own lack of preparedness, they waited more than two months to file a 56(d) Motion, concomitant with their Opposition to summary judgment. Dkt. 183.

Despite listing a litany of purported discovery they need in their 56(d) Motion, Plaintiffs are only elevating two topics before Judge Kim—neither relevant to the remaining challenged statement in this case. While irrelevant to the case, the discovery Plaintiffs are seeking before Judge Kim is very relevant to their ongoing attempt to pivot their case to different theories. But 56(d) motions are not opportunities to find interesting new theories to amend one's case.

### C. Plaintiffs' Mischaracterization of Defendants' Discovery Efforts

Defendants and Plaintiffs have met, conferred, and exchanged discovery letters for over six months since Magistrate Judge Kim's Discovery Order. Hudson Aff. ¶ 3. In all cases, Defendants have worked to meet Plaintiffs more than halfway when their demands were reasonable. They have stood on their principled relevance and burden objections when Plaintiffs pushed those boundaries. Two categories of Plaintiffs' irrelevant, speculative discovery requests are representative.

The first category concerns Plaintiffs' requests for several materials from the Prior Ad Tech Litigation whose relevance they claim "cannot be seriously disputed." PEx. 6 at 3. As Defendants have repeatedly explained, this ignores that the Court limited discovery in this case to that "concerning the surviving allegations [i.e., the challenged statement]." Dkt. 121 at 2. Plaintiffs' lawsuit is not a wide-ranging rehash of the Prior Ad Tech Litigation, which only lightly touches on the UFPA or the NBA, if at all. *See In re Google Digital Advertising Antitrust Litigation*, 627 F. Supp. 3d 346, 376–77 (S.D.N.Y. 2022) (dismissing claims related to Facebook); *United States v. Google LLC*, 778 F. Supp. 3d 797 (E.D. Va. 2025) (not discussing the NBA with Facebook); *Texas v. Google LLC*, 764 F. Supp. 3d 500 (E.D. Tex. 2025) (same). These materials have no bearing on the one remaining statement at issue, and nothing in them should delay summary judgment.

The second category concerns Plaintiffs' requests for "fresh collections" and related information concerning custodians and search terms. Here, the Parties benefit from extensive discovery having already occurred in the Prior Ad Tech Litigation, negotiated against perhaps the most capable adversary possible, the United States government. *See Ibrahim v. U.S. Dep't of*

*Homeland Sec.*, 912 F.3d 1147, 1180 (9th Cir. 2019) (referring to the "virtually unlimited resources" of the United States government). Plaintiffs claim that new collections are needed to show the elements of "falsity, scienter, and loss causation," but there is no reason to think the existing discovery is insufficient for this. Mot. at 5, 7, 14. Plaintiffs' failure to review the documents Google has already produced before demanding "fresh collections" also belies that it should delay summary judgment. *Supra* 1–2. Nor is the request relevant or proportional. Plaintiffs specifically proposed to collect, with [redacted] new terms, from 85 new custodians. DEx. 14. These included members of Alphabet's Board of Directors and the founders of Google long departed from the Company, who Plaintiffs do not show to have had *any* oversight of Google's ad tech business. *Id.* Plaintiffs, moreover, have only ever articulated relevance for *ten* of these custodians. PEx. 9 at 2–4. Plaintiffs have not ever made a credible proposal.

Plaintiffs' attitude towards discovery also shined through at the Court's Case Management Conference on June 24, 2026. Counsel for Plaintiffs argued that Defendants were conducting discovery as it was done "in the former Soviet Union."[3] Hudson Aff. ¶ 23. Tellingly, Plaintiffs did not even bring up their 56(d) motion, nor inform the Court of a need for changing the schedule for briefing Defendants' partial summary judgment motion. The Court can resolve the matter and determine that Plaintiffs' speculative discovery requests need not delay resolution of Defendants' summary judgment motion.

## ARGUMENT

### I. THE HIGH BAR FOR RULE 56(d) RELIEF

Rule 56(d) is "not a shield that can be raised to block a motion for summary judgment." *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir.1997) (holding that Rule 56(f)[4] does not condone a fishing expedition and affirming denial of additional discovery before summary judgment). Discovery sought

---

[3] It is likewise unhelpful that Plaintiffs insinuate that they filed their 56(d) Motion in response to Defendants' "litigation strategy" which they describe as "adopt[ing] incredulous positions to delay and stonewall discovery . . . and in the meantime, abuse motion practice to recycle previously rejected arguments, as Defendants did with their baseless motion for interlocutory appeal." Mot. at 12. They cite the Court's order on the motion for interlocutory appeal for this proposition, *id.*, but the Court of course never indicated Defendants' motion was "abus[iv]e" or legally or factually "baseless." Dkt. 130.

[4] Rule 56(d) was formerly designated as Rule 56(f). *See Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 n.8 (9th Cir. 2011) ("Rule 56(f) . . . has since been relocated to Rule 56(d).").

under Rule 56(d) must be strictly necessary to resolving summary judgment. *State of Cal. v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Where the requested discovery concerns a "host of matters unrelated" to relevant issues, or where the facts are already available from prior productions, the request must be denied. *In re Clorox Co. Sec. Litig.,* 238 F. Supp. 2d 1139, 1145–46 (N.D. Cal. 2020) (denying Rule 56(f) relief for discovery irrelevant to surviving claims). Nor is Rule 56(d) relief warranted where the movant had ample opportunity to conduct the requested discovery but failed to do so. *See, e.g.*, *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 921 (9th Cir. 1996) (affirming denial of 56(f) relief).

Plaintiffs cite several cases to support their claim that "summary judgment is premature unless all parties have had a full opportunity to conduct discovery." Mot. at 11. None support that summary judgment should be delayed here. In one case they cite, the Supreme Court reversed the D.C. Circuit for improperly deciding that summary judgment was brought too early, so it is contrary to Plaintiffs' position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327–28 (1986). The others involved requests for 56(d) relief on narrow specific issues, rather than broad fishing expeditions like the one here. *See* Mot. 11. In a last case, which Plaintiffs also cite elsewhere in their motion, Mot. at 2, 12, summary judgment was deemed early when it was sought *20 days after the case was initiated*. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2023). Here, Plaintiffs were on notice for nearly a year that Defendants would seek partial summary judgment. *Supra* 3.

## II. PLAINTIFFS CANNOT DELAY SUMMARY JUDGMENT WITH IRRELEVANT, DISPROPORTIONATE DISCOVERY

Plaintiffs purportedly seek eleven "essential" categories of "outstanding" discovery: (1) source code, (2) additional match rate/win rate data, (3) information regarding proposed custodians from the Prior Ad Tech Litigation, (4) fresh document collections, (5) deposition transcripts and exhibits from the Prior Ad Tech Litigation, (6) unredacted expert reports and exhibits from the Prior Ad Tech Litigation (7) unredacted trial exhibits from the Prior Ad Tech Litigation, (8) hit reports for

Plaintiffs' proposed search terms, (9) additional depositions, (10) discovery in response to Plaintiffs' third-party subpoena to Meta, and (11) expert discovery. Mot. at 1–2, 5–10, 17.[5]

Plaintiffs have elevated only two of these eleven purportedly "essential" categories of discovery to Judge Kim: source code and additional documents concerning match rates and win rates. Hudson Aff. ¶ 28. These two categories, like all the others referenced in Plaintiffs' 56(d) Motion, seek non-probative and disproportionate discovery, and are not essential to deciding summary judgment. *Infra* 7–9. All this confirms that Plaintiffs' 56(d) motion is a tactic to buy time to change their theory, in response to the Motion for Partial Summary Judgment, rather than a pursuit of "essential" discovery.[6]

**A. Plaintiffs Demand Non-Probative Source Code**

Plaintiffs seek access to Google's source code and unspecified documents concerning match and win rates. DEx. 1 at 12–13. Plaintiffs' request for source code is not a basis for Rule 56(d) relief because it is not probative, nor proportionate to the needs of this case.

Plaintiffs seek access to source code repositories and the tools necessary to analyze them for virtually any Google advertising auction. *See* DEx. 1 at RFP 13. The request is not limited to the UFPA, or the subject of the challenged statement itself (whether winning bids submitted through that auction were selected based on the highest net bid). *Id.*; MSJ at 7–8. Instead, it seeks the nearly unlimited source code "for the entire ad tech stack." Hudson Aff. ¶ 5 Plaintiffs have also sought to justify their request for source code by referencing discovery from the Prior Ad Tech Litigation, without support for what source code was examined there, the issues in those cases, or why those issues would also be relevant in this case. *See* PEx. 6 at 3; PEx. 9 at 2; Mot. at 12–13. The same is true for Plaintiffs' requests for documents relating to match and win rate. DEx. 1 at RFPs 10–11.

---

[5] Plaintiffs also decried that they had not received Defendants' privilege log, though apparently, not as support for their 56(d) Motion. Mot. at 9, 16, 22. Regardless, Defendants have since produced the privilege log for any documents withheld as privileged in Defendants' productions. DEx. 9; Hudson Aff. ¶ 19.

[6] Plaintiffs nonsensically argue Defendants are "conceding 'early summary judgment.'" Mot. at 10. That is the whole point of a partial summary judgment motion: "the summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of . . . secur[ing] the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. Here, the cut off for dispositive motions is July 1, 2027. Dkt. 195. So yes, Defendants have moved for early summary judgment to narrow the issues.

Plaintiffs' requests are not limited to any particular ads product or auction, let alone the UFPA, and are for virtually unlimited categories: "Documents" and "log data." *Id.* Additionally, match rates and win rates are simply not relevant to this Action. The Court dismissed Plaintiffs' only allegations about win rates. Dkt. 108 at 8 ("Plaintiffs allege that Facebook was 'guaranteed' a ten percent win rate . . . but the Court does not find this allegation plausibly pled."). Match rates, by turn, measure a platform's ability to use its own information to identify the user to whom an ad would be displayed. Dkt. 162-32 at 33. Neither of these metrics, as Plaintiffs posit without support, are guaranteed auction win percentages. MSJ at 16–17.

Plaintiffs assert that "falsity requires source code review," Mot. at 2, and that source code "will allow Plaintiffs to compare the matching service Google provided to Facebook with that provided to other exchanges and buyers in the UFPA." *Id*. at 13. In truth, the requested source code "would . . . ma[k]e no difference on summary judgment, because the allegedly omitted material would not . . . alter[] the total mix of information available." *Sandisk3D IP Holdings Ltd v. Viasat, Inc.*, 2025 WL 823785 at *2 (N.D. Cal. Mar. 14, 2025) (denying request for source code). Plaintiffs here have not shown that source code, or documents concerning match rates or win rates, would be any more informative than the internal documents already produced describing how the relevant auctions operated. Defendants and Plaintiffs have both extensively cited these documents. *See, e.g.*, MSJ DEx. 4 at 639; MSJ DEx. 27 at 44; MSJ DEx. 28 at 75; Opp. PEx. 7 at 6; Opp. PEx. 12 at 38; Opp. PEx. 20 at 1. This evidence is sufficient to decide summary judgment on falsity.

Just as importantly, Plaintiffs do not assert *anywhere* that source code, or documents related to match rates and win rates, are relevant to the element of *scienter*, a significant focus of the summary judgment briefing. *See* Mot. at 12–14, 17–19 (no reference to scienter in Plaintiffs' arguments regarding source code); MSJ at 19–24. Plaintiffs have thus conceded source code is unnecessary to decide scienter at summary judgment. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief . . . .").

Plaintiffs' reliance on discovery taken in patent, trade secret, and privacy cases is misplaced. Mot. at 13, 16, 18–19. Here, Plaintiffs identify no particular feature or functionality of Google's source code that bears directly on the issues presented by Defendants' motion. Mot. at 16–17.

Instead, they "mere[ly] speculat[e]" that source code review may provide support for their broader theories regarding the NBA and Facebook, which falls far short of requiring Rule 56(d) relief. *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (affirming denial of Rule 56(d) relief); *Cedars Sinai Med. Ctr. v. Mid-W. Nat. Life Ins. Co.*, 118 F. Supp. 2d 1002, 1015 (C.D. Cal. 2000) (denying 56(f) relief where requested discovery was "the object of pure speculation"); Mot. at 16–17.

**B. Plaintiffs Fail to Notice a Single Fact Deposition**

Plaintiffs also argue that fact depositions must occur before the Court decides the Defendants' Motion for Partial Summary Judgment. Mot. at 12. They argue depositions are necessary to further explore their theories regarding Google Ad Manager, Google's agreement with Facebook, and Sundar Pichai's knowledge of the same, among others. Mot. at 19–20. But those subjects have already been the subject of extensive prior testimony and discovery, already produced to Plaintiffs. *E.g.*, Dkt. 172 at 13–14 ("more than 25 deposition transcripts from the underlying antitrust actions" have been produced).

Nor can Plaintiffs' assertion that depositions are essential be reconciled with their own lack of diligence. Defendants began producing documents in September 2025, and Plaintiffs knew by May 12, 2025 that Defendants would move for partial summary judgment. *Supra* 3. Indeed, the Court allowed the motion in its case management order on May 15, 2025. Dkt. 121 at 2. Defendants also expressly informed Plaintiffs in a meet and confer on April 8, 2026, that their summary judgment filing was imminent. Hudson Aff. ¶ 4. Yet Plaintiffs still *have yet to notice a single fact deposition* in this Action. Hudson Aff. ¶ 29.

Courts routinely reject requests to delay summary judgment where plaintiffs failed to pursue depositions "even after [defendant] gave notice . . . of its plan to move for partial summary judgment." *Employers Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004); *see also In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1017 (C.D. Cal. 2003) (denying request where plaintiffs failed to diligently pursue discovery during the discovery period). Here, Plaintiffs' failure to notice a single fact deposition despite months

of discovery and notice of Defendants' forthcoming motion forecloses that those depositions are necessary.[7] Hudson Aff. ¶¶ 14–23, 29.[8]

It is also especially worth noting that ***Plaintiffs have provided no justification to depose Sundar Pichai*** in connection with this Action. Mr. Pichai was already deposed regarding the NBA and Google's ad tech business in *Texas v. Google, LLC*, No. 4:20-cv-00957 (E.D. Tex.). Defendants produced that transcript on June 15, 2026. DEx. 7; Hudson Aff. ¶ 17. Plaintiffs now demand an *additional* deposition of Mr. Pichai, but this is belied by their own arguments. Mot. at 19–20. Plaintiffs describe that they need the deposition to explore Mr. Pichai's awareness of the NBA. Mot. at 19. But Mr. Pichai's prior deposition *already* covered this topic and the NBA is not relevant to how the UFPA selected the winning bid. *See, e.g.*, MSJ at 21.[9]

Plaintiffs also claim they must depose Mr. Pichai regarding "spoliation."[10] Mot. at 20. This 56(d) Motion is an entirely inappropriate place for this request, as it has no bearing on summary judgment, and Judge Kim also denied discovery into this topic in her Discovery Order, finding Plaintiffs had failed to support that assertion. Dkt. 140 at 2–3. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) (affirming summary judgment and rejecting spoliation argument, because "[i]f there were material issues of fact supporting securities fraud, Plaintiffs should have been able to

---

[7] Plaintiffs also suggest that the Court endorsed their request for 25 depositions. *See* Mot. at 12, 16, 19. Although no transcript is available, *see* Dkt. 176, Judge Lin explicitly declined to resolve the issue at that time as not yet ripe. In any event, Plaintiffs' request to expand the deposition limit before noticing a single deposition further underscores the speculative nature of the discovery they claim is "essential." Mot. at 19; *Campbell*, 138 F.3d at 779–80.

[8] Plaintiffs' cited cases do not support delaying partial summary judgment here. Mot. at 19–20. *See SolarCity Corp. v. Doria*, 2017 WL 6344828, at *1 (S.D. Cal. Dec. 12, 2017). (summary judgment 7 months into discovery); *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (preliminary injunction case); *Ruiz v. Southwest Answering Service, Inc.*, 2024 WL 5317308, at *3 (C.D. Cal. Oct. 16, 2024).(firsthand knowledge unavailable but through requested deposition).

[9] Plaintiffs also do not support that Mr. Pichai had "granular" awareness of the NBA, since they only refer to him being given a "heads up" and being kept "in the loop" about the agreement. Mot. at 19–20. Instead this is consistent with Mr. Pichai's prior deposition testimony regarding his "high-level" knowledge. MSJ Reply at 12.

[10] Plaintiffs' spoliation argument is also entirely irrelevant because even on Plaintiffs' own terms, it refers to Google's preservation policies as of "November 18, 2020." Opp. at 20. Plaintiffs did not file this case until March 16, 2023, so Defendants had no obligations to preserve evidence in connection with *Plaintiffs*' claims until over two years later. Dkt. 1. In any event, Plaintiffs have since received all the documents they labeled as "missing," Opp. at 20–21, notwithstanding Defendants's relevance objections. Hudson Aff. ¶ 17.

glean them from the documents actually produced"); Hudson Aff. ¶ 18. Deposing the CEO of a trillion-dollar company on document preservation measures is wasteful and dilatory.

Far more importantly, Plaintiffs do not state that they need the deposition to explore Mr. Pichai's knowledge of topics actually at issue in the Motion for Partial Summary Judgment such as the statement at issue (which in any event, Mr. Pichai did not have). MSJ at 19.[11] No cumulative deposition of Mr. Pichai is needed before deciding summary judgment. *See also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 1595784, at *1 (N.D. Cal. May 4, 2012) (denying motion to compel deposition of Samsung executive).

**C. Plaintiffs Do Not Justify Additional Custodians and Fresh Collections**

Plaintiffs also request additional custodians, fresh collections, and further broad document discovery in this Action. Mot. at 7. Plaintiffs intend to seek additional rounds of document collection on the basis of this information. Mot. at 9. But Plaintiffs' request provides no basis for Rule 56(d) relief because it is irrelevant to the issues presented by Defendants' Motion for Partial Summary Judgment.

Plaintiffs have demanded these burdensome additional document collections while mischaracterizing Defendants' significant discovery efforts. Defendants disclosed the custodians and search terms used in their collections on January 7, 2026. DEx. 12; Hudson Aff.¶ 24. Plaintiffs waited over a month and a half to respond, demanding 85 additional custodians and new search terms on February 24. PEx. 3 at -2–3. Plaintiffs did not provide even brief justifications for a subset of their proposed custodians until June 9, nearly five months later, and then only as to 10 of the 85 custodians requested. PEx. 9 at -1–4; Hudson Aff. ¶ 27. Plaintiffs have provided nothing more than "[c]onclusory assertions that the discovery is relevant, "which do not justify their requests. *Handloser v. HCL Am., Inc.*, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (denying plaintiffs' request for additional discovery).[12] Nor do Plaintiffs' repeated, conclusory assertions that additional discovery is

[11] Plaintiffs also argue that "the Court sustained the allegation of Mr. Pichai's written statement to Congress" in its motion to dismiss order, Mot. at 3, but the evidence has since shown that it was *not* Mr. Pichai's statement. MSJ at 18–19. As set forth in Defendants' concurrently-filed Reply in Support of Motion for Partial Summary Judgment, Plaintiffs have failed to introduce any opposing evidence, to show any issue of material fact on this issue. MSJ Reply at 11–13.

[12] Plaintiffs' reliance on *Garrett* is misplaced. There, the plaintiff sought personnel records for sixteen specifically identified employees, and those records were directly relevant to the plaintiff's ability to

required because this is a "*securities* case," and for the elements of "falsity, scienter, loss causation, and price impact," add anything. Mot. at 14. Defendants did not limit their prior substantial productions to exclude documents that would speak to these issues. *Supra* 2. Indeed, Defendants' motion for partial summary judgment cites substantial evidence on the elements of both falsity and scienter, MSJ at 7–8, 19–22, as plaintiffs also purport to do in their opposition, MSJ Opp. at 2–3, 18–19, 22–23.

Plaintiffs have also misrepresented Judge Kim's Discovery Order as requiring additional collections. Mot. at 4. The Discovery Order does not say this. Instead, it says that this Court "did not intend to limit the scope of production only to documents that Defendants had previously produced." Dkt. 140 at 2.[13] Indeed, Defendants have produced such documents. *Supra* 3. Nothing in the Discovery Order requires Defendants to agree to disproportionate or irrelevant collections.

Plaintiffs' failure to review the documents already produced also undermines their request for additional collections and custodians. Plaintiffs received the vast majority of Defendants' productions by October 17, 2025. DEx. 3 at -1; Hudson Aff. ¶ 10. But as of April 8, 2026, Plaintiffs could not say they had reviewed these materials. PEx. 8 at -1–3; Hudson Aff. ¶ 4. Only on June 9, 2026, over two months later, did Plaintiffs say they completed a first-level review of those documents. PEx. 9 at -11; Hudson Aff. ¶ 7. Having had months to analyze the record, yet failing to do so, Plaintiffs cannot credibly contend summary judgment wait. *See Caravan Mobile Home Sales, Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 769 F.2d 561, 564 (9th Cir. 1985) (denying 56(f) continuance where plaintiffs had been afforded "ample discovery" and therefore "should have been able to discover any relevant evidence").

Plaintiffs also make a related request for "hit reports" for their proposed search terms. Mot. at 8. But Defendants have consistently provided sampling results. PEx. 7 at -1. Courts have recognized that sampling is a more meaningful method of assessing whether search methodologies are

---

prove disparate treatment. *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987). Here, by contrast, Plaintiffs have made an overbroad request for eighty-five custodians, and have only provided a basis for relevance for 10 of them. PEx. 8 at -1–2; PEx. 9 at -1–4.

[13] Plaintiffs also argue that Judge Kim's Discovery Order entitles them to their full discovery rights "under Rule 26," but that is an obvious, non-additive point. Mot. at 4. All parties' discovery rights, in all federal litigation, are defined by Rule 26. Fed. R. Civ P. 26.

identifying relevant documents than raw hit-count data alone. *In re Meta Pixel Tax Filing Cases*, No. 3:22-cv-07557-SI (VKD), Dkt. 70 (N.D. Cal. May 18, 2023) (producing party could evaluate "null set sample" to determine the potential relevance of each data source); *Cohen v. Apple Inc*., No. 3:19-cv-05322-WHA, Dkt. 146 (N.D. Cal. Aug. 3, 2020) (permitting party to evaluate its "search term hit list" using statistical sampling to confirm that responsive documents are not excluded). Plaintiffs therefore have no basis to claim that additional discovery concerning hit reports justifies delaying partial summary judgment.[14]

### D. Produced Materials from Prior Ad Tech Litigation Do Not Support Rule 56(d) Relief

Plaintiffs also argue that production of trial exhibits, deposition transcripts and exhibits, and expert reports and exhibits from the Prior Ad Tech Litigation, should delay summary judgment. Mot. 14–16, 18. But Defendants already produced the documents that were *actually* relevant to this case. DEx. 7 at -3; Hudson Aff. ¶¶ 17–18, 20; *see Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (affirming denial of Rule 56(d) relief where extensive discovery had already been produced and any additional information sought was a "general request"). As Defendants explained to Plaintiffs several times, the overwhelming majority of the requested materials were not relevant to the much narrower scope of this case, as is clear in the dispositive holdings in the Prior Ad Tech Litigation. PEx. 8 at -2–3; *In re Google Digital Advertising Antitrust Litig.*, 627 F. Supp. 3d 346, 376–77 (S.D.N.Y. 2022); Mem. Op., *United States v. Google LLC*, No. 1:23-cv-00108-LMB-JFA (E.D. Va. Apr. 17, 2025), Dkt. 1410.

Plaintiffs cite one of these holdings, the motion to dismiss decision in *In re Google Digital Advertising Antitrust Litigation*, but it is contrary to their position. 627 F. Supp. 3d 372. They omit that the Court found the terms of the NBA were "entirely consistent with competition," and therefore *dismissed* any antitrust claims related to the NBA. Additionally, Plaintiffs argue that in the State AG action, the Court ordered the deposition of Mr. Pichai, regarding the NBA, but that deposition confirms that no further discovery is needed. Mot. at 16 (citing *Texas v. Google, LLC*, No.

[14] None of the cases Plaintiffs cite support delaying summary judgment in favor of production of hit reports. Four out of five do not even discuss a Rule 56(d) motion. *See* Mot. at 22. And in the last of the cases Plaintiffs cite, *Sweeney v. Nationwide Mutual Insurance Co*., the Court found a separate 56(d) motion "irrelevant" to the discovery dispute it decided. 2023 WL 11910649, at *2 (S.D. Ohio Jan. 6, 2023).

4:20-cv-00957 (E.D. Tex.), Dkt. 535 at 22). Mr. Pichai was deposed and stated he did not have knowledge regarding the NBA. *See* MSJ at 21. That should end this issue.[15]

Despite their irrelevance, Defendants agreed to produce the remaining documents Plaintiffs requested, to avoid unnecessarily wasting time and resources in litigating discovery requests. Hudson Aff. ¶¶ 18–20. All that remains to be produced are documents subject to confidentiality agreements in the underlying antitrust cases. *See* DExs. 15, 16, 17. The Parties have submitted a stipulation and proposed order to the Court regarding these documents. Dkt. 196 at 1–2. If Plaintiffs identify information in those materials that is genuinely relevant to scienter, they may seek leave to submit supplemental briefing before the hearing. *Mojica v. State Farm General Ins. Co.*, 735 F. Supp. 3d 1247, 1250, 1259–60 (S.D. Cal. 2024) (recounting that the court declined to deny motion for summary judgment, where it determined it "would benefit from additional briefing," before later granting summary judgment for the defendant). There is no justification to deny or defer summary judgment based on these materials.

### E. Dilatory Meta Subpoena Does Not Warrant Rule 56(d) Relief

Plaintiffs also seek to delay summary judgment to receive documents from Meta concerning Facebook's subjective assessments of the UFPA, the purported value of the NBA, and comparative analyses of non-Google auction mechanisms. Mot. at 10–11. Plaintiffs do not explain why their delayed service of that subpoena, on April 6, 2026 almost a full year after the Court's initial case management order, should prejudice Defendants. PEx. 10 at -2; *see Clorox Co.*, 353 F.3d at 1130 (affirming denial of a 56(f) continuance where plaintiffs failed to timely pursue third-party discovery).

Nor have Plaintiffs shown that Meta is likely to possess evidence materially different from the substantial discovery already produced by Google, or additional, relevant evidence in general. *CliniComp Int'l, Inc. v. Cerner Corp*, 2022 WL 16985003, at *7 (S.D. Cal. Nov. 15, 2022) (denying plaintiff's 56(d) motion where they did not explain why third-party discovery was essential). Notably, Plaintiffs have not even stated that they have received any documents, as of the date of this filing,

---

[15] Plaintiffs' citations to cases on this point are inapposite as they do not treat 56(d), or delaying summary judgment at all, let alone the unique circumstances of documents from a separate litigation, that have already been produced or will shortly be produced. Mot. at 13–16.

despite stating in their Motion that they "expect to start receiving" such documents in "one or two weeks from the date of the instant filing." Mot. at 11; Hudson Aff. ¶ 26. These speculative assertions distinguish this case from *F.D.I.C. v. Faigin*, where the plaintiff identified specific evidence expected from discovery at a much earlier stage of the case. 2014 WL 2465145, at *1–3 (C.D. Cal. June 2, 2014).

**F. Unspecified Expert Discovery Does Not Warrant Rule 56(d) Relief**

Plaintiffs baselessly argue for delaying summary judgment to allow for unspecified expert discovery "to show that the channel through which a bid was received would affect the determination of a winning bidder," Mot. at 21. This is already the subject of the Parties' briefing, where each cited significant evidence. *Supra* 13; *see also Whitmire v. Wal-Mart Stores Inc.*, 359 F. Supp. 3d 761, 784 (D. Ariz. 2019) (denying Plaintiff's Rule 56(d) request where expert discovery would be cumulative). Particularly lacking is any description of how expert discovery would bear on scienter. *Id.* (positing expert discovery would assess if "Google's match rate did not discriminate between auction participants"). Beyond a vague analysis of "source code," Plaintiffs have not suggested any expert discovery that must urgently take place, now. How could code-based expert discovery possibly relate to whether Mr. Pichai or the *actual* drafters of the challenged statement knew it was false when it was submitted to Congress? *See* MSJ at 19–20; *supra* 3. Mot. at 21. This is not a basis for delaying summary judgment.

Plaintiffs' reliance on the employment case *Cogdell v. Kale* to argue for a different result is misplaced. 2021 WL 2416904 (D.D.C. June 24, 2021); Mot. at 21. There, the party resisting summary judgment wished to depose experts that *had already been introduced* by the other party. *Cogdell*, 2021 WL 2416904, at *3. No merits experts have been introduced here. Hudson Aff. ¶ 29. Plaintiffs can only speculate about what expert testimony might show, beyond what prior expert testimony and Google's productions of internal documents have already shown. *Clorox Co.*, 353 F.3d at 1130 (affirming denial of motion for 56(f) relief where Plaintiffs' failed to "identify[] any material that would suggest" they needed additional discovery).

## III. PLAINTIFFS' RULE 56(d) APPLICATION SHOULD BE DENIED OR RESOLVED VIA SUPPLEMENTAL BRIEFING

Plaintiffs' Rule 56(d) Motion should be denied because they fail to support that they lack any "essential" discovery. *McCormick,* 26 F.3d. at 885 (requiring the moving party to "show that it lacks the facts essential" to its argument). There is no reason to postpone the decision on, let alone deny, summary judgment. Dkt. 195. If the Court or Judge Kim order any additional information to be produced, and Plaintiffs genuinely believe it bears on the issues raised by Defendants' Motion, they can seek leave to address that information through limited supplemental briefing. *Mojica*, 735 F. Supp. 3d at 1259 (considering additional evidence through supplemental briefing, denying 56(d) relief, and granting summary judgment).

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Rule 56(d) Motion.

Dated: July 27, 2026

FRESHFIELDS US LLP

By: */s/ Doru Gavril*
Doru Gavril

*Attorneys for Defendants*