UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., et al.,<br>Plaintiffs,<br>v.<br>ALPHABET INC., et al.,<br>Defendants. | Case No. 23-cv-01186-RFL<br>**ORDER GRANTING MOTION FOR RELIEF UNDER RULE 56(D) AND DENYING WITHOUT PREJUDICE MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 161, 183 |

In this securities case concerning Google's advertising technology, Defendants move for partial summary judgment on falsity and scienter. In response, Plaintiffs move for relief under Federal Rule of Civil Procedure 56(d). For the reasons stated below, Plaintiffs' motion is **GRANTED**, and Defendants' motion is accordingly **DENIED WITHOUT PREJUDICE**. This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

Rule 56(d) motions are "generous[ly]" granted unless it is "the object of mere speculation" that the evidence sought exists, such evidence would be immaterial to summary judgment, or the party seeking relief "has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773–74 (9th Cir. 2003) (citations omitted); *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (citations omitted). Plaintiffs seek numerous categories of evidence, including source code, documents from Meta, and new depositions, plus transcripts from past depositions of Google employees (such as Sundar Pichai, who allegedly made the statement at issue). There

are pending discovery disputes over some of that evidence. Without prejudging those disputes, the evidence Plaintiffs seek appears facially relevant to falsity and scienter. For instance, source code would show how Google's advertising technology works and thereby demonstrates whether the statement is false. Similarly, Pichai's knowledge of both the technology and the statement's release is relevant to scienter. As a result, the evidence that Plaintiffs seek is material to resolution of Defendants' partial summary judgment motion. And it is not speculative that such evidence exists.

Plaintiffs have been sufficiently diligent in pursuing that discovery to allow relief. Though Plaintiffs might have moved more quickly to press Defendants for discovery in the early stages, the overall delays appear largely attributable to Defendants' initial refusals to turn over sufficient discovery. Since Defendants decided to move for early summary judgment, they were obligated to timely provide Plaintiffs with sufficient discovery to respond. Defendants do not appear to have done so. Plaintiffs cannot be faulted for meaningfully utilizing the meet-and-confer process, as all parties are encouraged to do. In fact, Plaintiffs' persistence appears to have alleviated the need for court intervention on several occasions. (*See, e.g.*, Dkt. No. 220 at 18–19 (noting that in July, after several rounds of meet and confers where Defendants refused to perform fresh document collections, Defendants agreed to perform such collections for 20 custodians).)[1] And Plaintiffs have reasonably waited to conduct depositions until they had reasonably complete document discovery.

Accordingly, Plaintiffs' motion for relief under Rule 56(d) is **GRANTED**. Given the potential breadth of new discovery, it does not make sense to merely allow supplemental briefing. Defendants' motion for partial summary judgment is therefore **DENIED WITHOUT PREJUDICE**. Since it appears that Plaintiffs will need expert reports to adequately respond to any future motion, Defendants may not renew their motion until after the close of expert discovery. Also, though the parties were to meet and confer after the last case management

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

conference and propose a case schedule that included fact and expert discovery cutoffs, the parties' proposed schedule adopted by the Court does not appear to contain a fact discovery cutoff. By **October 5, 2026**, the parties shall meet and confer and **FILE** either a stipulation and proposed order setting a fact discovery cutoff, or a joint letter of no more than five pages setting forth their competing proposals and reasoning.

**IT IS SO ORDERED.**

Dated: September 21, 2026

RITA F. LIN
United States District Judge