UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMI - GOVERNMENT EMPLOYEES PROVIDENT FUND MANAGEMENT COMPANY LTD., et al.,<br>Plaintiffs,<br>v.<br>ALPHABET INC., et al.,<br>Defendants. | Case No. 23-cv-01186-RFL<br>**ORDER GRANTING MOTION FOR PARTIAL RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br>Re: Dkt. No. 259 |

The Court has reviewed Magistrate Judge Westmore's discovery order (Dkt. No. 255), the motion for partial relief from that order and associated briefing, as well as the underlying discovery letter and requests for production. The motion is **GRANTED**.[1] In the discovery letter, Plaintiffs did not clearly explain the relevance of the source code and why Defendants' technical documents were an insufficient replacement. Plaintiffs have now provided a much clearer explanation, which they should have provided earlier. Nonetheless, in light of the potential importance of the source code to the case as a whole and the undersigned's greater familiarity with the legal issues surrounding the challenged statement, the Court will address the discovery dispute in light of the new information provided. That information is sufficient to demonstrate that Plaintiffs need the source code to fully understand the functionality of the

[1] In a footnote to their opposition to the motion, Defendants requested relief from a different portion of the discovery order. Their request is denied because their objection has not been timely asserted under Federal Rule of Civil Procedure 72(a) and is unsupported by any argument. (Dkt. No. 267 at 5 n.1.) All citations to page numbers in filings on the docket refer to ECF pagination.

technology and therefore to prove falsity. Among other things, the summary and testing documents identified by Defendants do not meaningfully address the timing, informational, and other benefits allegedly extended to FAN, which is a key issue related to falsity. (*See* Dkt. No. 267 at 5; Dkt. No. 272 at 2.) And without understanding those details before depositions, Plaintiffs will not be able to sufficiently ask questions related to how the auction system operates and whether the statement was intentionally misleading as to that operation. Nor is written discovery an adequate substitute, as Plaintiffs need a way to test the answers provided.

Accordingly, Defendants are **ORDERED** to provide Plaintiffs access to all source code produced in *State of Texas v. Google LLC*, 20-cv-00957 (E.D. Tex.), to the extent responsive to Requests for Production Nos. 13 and 14 as listed in Dkt. No. 228-1.

**IT IS SO ORDERED.**

Dated: October 29, 2026

RITA F. LIN
United States District Judge